UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No. __25-cv-2342__-ECT/LIB

**ROBERT BROOKS HOEL,**
**Plaintiff,**

v.

**DEPUTY ALEXANDER PROUSE, ID #5368;**
**OFFICER JOSEPH CARTER, ID #121;**
**DOE 1;**
**CITY OF PROCTOR;**
**ST. LOUIS COUNTY,**
**Defendants.**

RECEIVED
JUN 04 2025
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**(JURY TRIAL DEMANDED)**

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. §§ 1983, 1985, and 1986 to redress the unlawful conduct of law enforcement officers who, acting under color of state law, violated Plaintiff's constitutional rights on March 10, 2022, in Midway Township, Minnesota.
2. Defendants, acting in concert under color of law, unlawfully detained, assaulted, and retaliated against Plaintiff for exercising his constitutional rights for recording their conduct, stopped Plaintiff's recording, conspired to violate his rights, and destroyed his personal property, in violation of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.
3. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs pursuant to 42 U.S.C. § 1988, as well as any other relief the Court deems just and proper.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.
5. Venue is proper under 28 U.S.C. § 1391(b)(2), as the events occurred in St. Louis County, Minnesota, within the jurisdiction of this Court

SCANNED
JUN 0 5 2025
U.S. DISTRICT COURT ST. PAUL

6. Plaintiff brings this action for redress of deprivations of rights secured by the Constitution and laws of the United States, including but not limited to the First, Fourth, and Fourteenth Amendments.

## III. PARTIES

7. Plaintiff Robert Brooks Hoel is a private individual and a domiciliary of Minnesota, currently receiving mail at General Delivery, Minneapolis, MN 55401.
8. Defendant Deputy Alexander Prouse ID#5368 is a law enforcement officer employed by the St. Louis County Sheriff's Office. He is sued in both his individual and official capacities
9. Defendant Officer Joseph Carter ID# 121 was at all relevant times a police officer employed by the Proctor Police Department, acting under color of law. Upon information and belief, he is now employed by the St. Louis County Sheriff's Office. He is sued in his individual capacity for actions taken under color of law while employed by the City of Proctor, and in his official capacity if and to the extent he acted in coordination with other St. Louis County officers or pursuant to joint customs or practices. Defendant Doe 1's true name is presently unknown to Plaintiff and will be amended when discovered who arrived after Plaintiff had been detained and participated in a warrantless search. Doe 1 is sued in their individual and official capacities.
10. Defendant City of Proctor is a municipal corporation organized under the laws of Minnesota and is responsible for the policies, practices, and customs of its police department.
11. Defendant St. Louis County is a political subdivision of the State of Minnesota and is responsible for the actions of its sheriff's office and deputies.

## IV. FACTUAL ALLEGATIONS

A. Initial Encounter and Recording

13. On March 10, 2022 around 10:30 p.m., Plaintiff was lawfully present at a public well in Midway Township, Minnesota, filling water jugs.
14. Defendant Deputy Alexander Prouse approached and demanded identification. Plaintiff told the Deputy he was simply getting water from the well, was freezing cold, and did not wish to speak further because he had to warm up. He then entered the vehicle to warm up.
15. Plaintiff began recording the interaction from the passenger seat using his phone.

B. Use of Force and Seizure

16. Defendants Prouse and Carter opened the vehicle door without any lawful cause and forcibly removed Plaintiff, throwing his spiritual tobacco bag and ceremonial supplies-items of personal and religious significance—to the ground.

17. Despite Plaintiff's full compliance, Defendants threw Plaintiff against the vehicle, causing him physical pain and resulting in the destruction of Plaintiff's tobacco and rolling machine, which were stepped on during the incident.
18. Defendants seized Plaintiff's phone and stopped the recording.

C. Detention and Search

19. Plaintiff's phone was seized and the recording stopped immediately after Plaintiff had recorded Defendants' aggressive conduct. This strongly suggests a retaliatory motive.
20. Plaintiff was handcuffed and detained in another vehicle without any lawful justification.
21. Plaintiff's ex-girlfriend and dog were also removed and detained in separate vehicles during this incident.
22. Defendant Doe 1 arrived and assisted in conducting a warrantless search of Plaintiff's vehicle.

D. Retaliation and Aftermath

23. Plaintiff was cited for Obstruction of Justice; however, this charge was subsequently removed from all records without explanation.
24. Defendant Prouse left the scene with Plaintiff's phones in his car, .returning later with one phone visibly damaged (screen shattered, casing cracked) and the second phone missing entirely.
25. Plaintiff continues to experience emotional trauma, anxiety around police presence, and disruption to daily life and property caused by Defendants' unlawful actions.
26. Plaintiff suffered physical pain, emotional distress, and loss of personal property as a result of Defendants' actions.

## V. CLAIMS FOR RELIEF

**COUNT I – Unlawful Seizure and Arrest (42 U.S.C. § 1983, Fourth Amendment)** – Against Prouse, Carter, Doe 1

**COUNT II – Excessive Force (42 U.S.C. § 1983, Fourth Amendment)** – Against Prouse, Carter

**COUNT III – Retaliation for Protected Activity (42 U.S.C. § 1983, First Amendment)** – Against Prouse, Carter (including the warrantless seizure and deactivation of Plaintiff's recording device in direct retaliation for protected First Amendment activity)

**COUNT IV – Illegal Search and Destruction of Property (42 U.S.C. § 1983, Fourth and Fourteenth Amendments)** – Against Prouse, Carter, Doe 1

**COUNT V – Civil Rights Conspiracy (42 U.S.C. § 1985(3))** – Against Prouse, Carter, Doe 1

**COUNT VI – Failure to Prevent Civil Rights Violations (42 U.S.C. § 1986)** – Against Carter, Doe 1

**COUNT VII – Municipal Liability (Monell)** – Against St. Louis County and the City of Proctor for failure to train, supervise, and discipline officers of the St. Louis County Sheriff's Office and Proctor Police Department based on failure to train, supervise, and discipline officers with respect to unlawful seizure, use of force, and retaliation for constitutionally protected activity. Defendant City of Proctor is liable under *Monell* for Carter's actions during his employment there. Defendant St. Louis County is liable under *Monell* for Deputy Prouse and Doe 1, and for any joint actions or policies shared with Proctor PD during the incident.

**COUNT VIII – Conversion (State Law)** – Against Prouse

**COUNT IX – Intentional Infliction of Emotional Distress (State Law)** – Against Prouse, Carter

**COUNT X – Malicious Prosecution (State Law)** – Against Prouse based on the charge lacked probable cause and was filed with malice, ultimately dismissed without explanation, supporting an inference of bad faith and lack of probable cause, especially in light of the unexplained dismissal by the prosecuting attorney.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

   A. Compensatory damages, including for emotional distress, physical pain, loss of property, and other economic and noneconomic harm, in an amount to be determined at trial;
   B. Punitive damages against individual Defendants;
   C. A declaratory judgment that Plaintiff's rights were violated;
   D. An order requiring return of, or compensation for, Plaintiff's property;
   E. Costs and reasonable attorney's fees under 42 U.S.C. § 1988;
   F. Injunctive relief requiring the St. Louis County Sheriff's Office and City of Proctor to implement constitutional training, proper supervisory oversight, and disciplinary measures for officers who violate civil rights;
   G. Any further relief the Court deems just and proper.
   H. Plaintiff reserves the right to amend this complaint to include additional claims and parties as discovery progresses.

Respectfully submitted,

Robert Brooks Hoel
General Delivery

Minneapolis, MN 55401
Plaintiff, In Propria Persona, Sui Juris

**VERIFICATION**

I, Robert Brooks Hoel, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

**Dated: June 4th, 2025**

Robert Brooks Hoel

*Robert-Brooks:Hoel*