**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Prouse, et al.,<br><br>Defendants. | Case No. 25-cv-02342 (ECT/LIB) |

**ANSWER OF ALEXANDER PROUSE IN HIS INDIVIDUAL CAPACITY**

Alexander Prouse, in his individual capacity,[1] submits this answer to Plaintiff's complaint (ECF No. 1).

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. §§ 1983, 1985, and 1986 to redress the unlawful conduct of law enforcement officers who, acting under color of state law, violated Plaintiffs constitutional rights on March 10, 2022, in Midway Township, Minnesota.

Prouse, in his individual capacity, denies that he is liable to Plaintiff under 42 U.S.C. §§ 1983, 1985, or 1986, denies any unlawful conduct or constitutional violation, and otherwise admits the allegations in this paragraph.

2. Defendants, acting in concert under color of law, unlawfully detained, assaulted, and retaliated against Plaintiff for exercising his constitutional rights for recording their conduct, stopped Plaintiffs recording, conspired to violate his rights, and destroyed his personal property, in violation of the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

---

[1] The answer of St. Louis County and Alexander Prouse, in his official capacity, was served and filed on June 30, 2025 (ECF No. 14). Following execution and return of the Waiver of Service of Summons sent to Alexander Prouse, in his individual capacity (ECF No. 8), this answer follows within 60 days from June 18, 2025.

Prouse, in his individual capacity, denies the allegations in this paragraph.

3. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs pursuant to 42 U.S.C. § 1988, as well as any other relief the Court deems just and proper.

Prouse, in his individual capacity, denies that Plaintiff is entitled to any damages or relief and otherwise admits the allegations in this paragraph.

**II. JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

Prouse, in his individual capacity, admits the allegations in this paragraph.

5. Venue is proper under 28 U.S.C. § 1391(b)(2), as the events occurred in St. Louis County, Minnesota, within the jurisdiction of this Court.

Prouse, in his individual capacity, admits the allegations in this paragraph.

6. Plaintiff brings this action for redress of deprivations of rights secured by the Constitution and laws of the United States, including but not limited to the First, Fourth, and Fourteenth Amendments.

Prouse, in his individual capacity, denies committing any deprivation of rights under the Constitution or laws of the United States, and otherwise admits the allegations in this paragraph.

**III. PARTIES**

7. Plaintiff Robert Brooks Hoel is a private individual and a domiciliary of Minnesota, currently receiving mail at General Delivery, Minneapolis, MN 55401.

Prouse, in his individual capacity, lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Defendant Deputy Alexander Prouse ID#5368 is a law enforcement officer employed by the St. Louis County Sheriff’s Office. He is sued in both his individual and official capacities.

Prouse, in his individual capacity, denies the first sentence in paragraph 8 (although admits that he was employed as a Deputy of the St. Louis County Sheriff's Office on the date of the events alleged in the Complaint), and otherwise admits the allegations in this paragraph.

9. Defendant Officer Joseph Carter ID# 121 was at all relevant times a police officer employed by the Proctor Police Department, acting under color of law. Upon information and belief, he is now employed by the St. Louis County Sheriff's Office. He is sued in his individual capacity for actions taken under color of law while employed by the City of Proctor, and in his official capacity if and to the extent he acted in coordination with other St. Louis County officers or pursuant to joint customs or practices. Defendant Doe l's true name is presently unknown to Plaintiff and will be amended when discovered who arrived after Plaintiff had been detained and participated in a warrantless search. Doe 1 is sued in their individual and official capacities.

Prouse, in his individual capacity, admits that Carter was employed as a police officer of the City of Proctor on the date of the events alleged in the Complaint and is now employed as a Deputy of the St. Louis County Sheriff's Office, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10. Defendant City of Proctor is a municipal corporation organized under the laws of Minnesota and is responsible for the policies, practices, and customs of its police department.

Prouse, in his individual capacity, states that this allegation is not directed toward this answering defendant, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Defendant St. Louis County is a political subdivision of the State of Minnesota and is responsible for the actions of its sheriff's office and deputies.

Prouse, in his individual capacity, states that this allegation is not directed toward this answering defendant, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**IV. FACTUAL ALLEGATIONS**

A. Initial Encounter and Recording

13. On March 10, 2022 around 10:30 p.m., Plaintiff was lawfully present at a public well in Midway Township, Minnesota, filling water jugs.

Prouse, in his individual capacity, admits that Plaintiff was present at the artesian well located in the vicinity of Old Highway 61 and Midway Road, Midway Township, at approximately 10:01 p.m. on March 10, 2022, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Defendant Deputy Alexander Prouse approached and demanded identification. Plaintiff told the Deputy he was simply getting water from the well, was freezing cold, and did not wish to speak further because he had to warm up. He then entered the vehicle to warm up.

Prouse, in his individual capacity, admits that he approached Plaintiff and asked him to identify himself, that Plaintiff refused to identify himself, and that Plaintiff subsequently returned to a waiting vehicle, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

15. Plaintiff began recording the interaction from the passenger seat using his phone.

Prouse, in his individual capacity, lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

B. Use of Force and Seizure

16. Defendants Prouse and Carter opened the vehicle door without any lawful cause and forcibly removed Plaintiff, throwing his spiritual tobacco bag and ceremonial supplies - items of personal and religious significance - to the ground.

Prouse, in his individual capacity, denies the allegations in this paragraph.

17. Despite Plaintiff's full compliance, Defendants threw Plaintiff against the vehicle, causing him physical pain and resulting in the destruction of Plaintiffs tobacco and rolling machine, which were stepped on during the incident.

Prouse, in his individual capacity, denies that Plaintiff acted in full compliance with law enforcement requests, denies that Plaintiff was thrown against a vehicle, denies any unreasonable or unlawful use of force, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

18. Defendants seized Plaintiff's phone and stopped the recording.

Prouse, in his individual capacity, admits separating Plaintiff from certain personal effects, including a phone, while Plaintiff was detained in the back of his squad car, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

19. Plaintiff's phone was seized and the recording stopped immediately after Plaintiff had recorded Defendants' aggressive conduct. This strongly suggests a retaliatory motive.

Prouse, in his individual capacity, denies the allegations in this paragraph.

20. Plaintiff was handcuffed and detained in another vehicle without any lawful justification.

Prouse, in his individual capacity, denies the allegations in this paragraph.

21. Plaintiff's ex-girlfriend and dog were also removed and detained in separate vehicles during this incident.

Prouse, in his individual capacity, admits that the female driver of the vehicle occupied by Plaintiff was separately removed and detained during a lawful search of the vehicle, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

22. Defendant Doe 1 arrived and assisted in conducting a warrantless search of Plaintiff's vehicle.

Prouse, in his individual capacity, denies conducting an unlawful search of the subject vehicle, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

D. Retaliation and Aftermath

23. Plaintiff was cited for Obstruction of Justice; however, this charge was subsequently removed from all records without explanation.

Prouse, in his individual capacity, admits that Plaintiff was charged with obstructing legal process under state law, and otherwise denies the remainder of the allegations in this paragraph.

24. Defendant Prouse left the scene with Plaintiff's phones in his car, returning later with one phone visibly damaged (screen shattered, casing cracked) and the second phone missing entirely.

Prouse, in his individual capacity, admits that, after issuing a citation, he inadvertently left the scene with a phone belonging to Plaintiff on the hood of his

squad car, returned shortly after realizing the mistake to return the phone to Plaintiff, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

25. Plaintiff continues to experience emotional trauma, anxiety around police presence, and disruption to daily life and property caused by Defendants' unlawful actions.

Prouse, in his individual capacity, denies committing any unlawful actions, and otherwise states that he lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

26. Plaintiff suffered physical pain, emotional distress, and loss of personal property as a result of Defendants' actions.

Prouse, in his individual capacity, lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## V. CLAIMS FOR RELIEF

**COUNT I – Unlawful Seizure and Arrest (42 U.S.C. § 1983, Fourth Amendment)** – Against Prouse, Carter, Doe 1

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for unlawful seizure or arrest under 42 U.S.C. § 1983 or the Fourth Amendment.

**COUNT II – Excessive Force (42 U.S.C. § 1983, Fourth Amendment)** – Against Prouse, Carter, Doe 1

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for unreasonable use of force under 42 U.S.C. § 1983 or the Fourth Amendment.

**COUNT III – Retaliation for Protected Activity (42 U.S.C. § 1983, First Amendment) –** Against Prouse, Carter (including the warrantless seizure and deactivation of Plaintiff's recording device in direct retaliation for protected First Amendment activity)

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for retaliation for protected activity under 42 U.S.C. § 1983 or the First Amendment.

**COUNT IV – Illegal Search and Destruction of Property (42 U.S.C. § 1983, Fourth and Fourteenth Amendments)** – Against Prouse, Carter, Doe 1

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for illegal search and destruction of property under 42 U.S.C. § 1983 or the Fourth and Fourteenth Amendments.

**COUNT V – Civil Rights Conspiracy (42 U.S.C. § 1985(3))** – Against Prouse, Carter, Doe 1

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for civil rights conspiracy under 42 U.S.C. § 1985(3).

**COUNT VI – Failure to Prevent Civil Rights Violations (42 U.S.C. § 1986) –** Against Carter, Doe 1

Prouse, in his individual capacity, denies committing any civil rights violations, and otherwise states that Count VI is not directed toward this answering defendant.

**COUNT VII – Municipal Liability (Monell)** – Against St. Louis County and the City of Proctor for failure to train, supervise, and discipline officers of the St. Louis County Sheriffs Office and Proctor Police Department based on failure to train, supervise, and discipline officers with respect to unlawful seizure, use of force, and retaliation for constitutionally protected activity. Defendant City of Proctor is liable under Monell for Carter's actions during his employment there. Defendant St. Louis County is liable under Monell for Deputy Prouse and Doe 1, and for any joint actions or policies shared with Proctor PD during the incident.

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief under Count VII, and otherwise states that Count VII is not directed toward this answering defendant.

**COUNT VIII – Conversion (State Law)** – Against Prouse

Prouse, in his individual capacity, denies that Plaintiff is entitled to recovery for conversion under state law.

**COUNT IX – Intentional Infliction of Emotional Distress (State Law)** – Against Prouse, Carter

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for intentional infliction of emotional distress under state law.

**COUNT X – Malicious Prosecution (State Law)** – Against Prouse based on the charge lacked probable cause and was filed with malice, ultimately dismissed without explanation, supporting an inference of bad faith and lack of probable cause, especially in light of the unexplained dismissal by the prosecuting attorney.

Prouse, in his individual capacity, denies that Plaintiff is entitled to relief for malicious prosecution under state law.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. With respect to the federal-law claims, Prouse is immune from suit under the doctrine of qualified immunity.

3. With respect to the state-law claims, Prouse is immune from suit under the doctrine of official immunity.

4. Count IX, intentional infliction of emotional distress under state law, is barred by the applicable statute of limitations.

WHEREFORE, Alexander Prouse, in his individual capacity, respectfully requests that the Court:

A. dismiss the complaint with prejudice;

B. enter judgment in his favor;

C. award him reasonable costs and attorneys' fees incurred defending this action; and

D. grant him such other and further relief as the Court deems just and proper.

Dated: August 15, 2025

Respectfully submitted,

KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

s/ Nathan N. LaCoursiere
Nathan N. LaCoursiere (#0388349)
Assistant County Attorney
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802-1298
Telephone: (218) 726-2323
Fax: (218) 726-2332
lacoursieren@stlouiscountymn.gov

Attorneys for Defendants St. Louis County and Alexander Prouse, in his individual and official capacities