**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Prouse, et al.,<br><br>Defendants. | Case No. 25-cv-02342 (ECT/LIB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS ST. LOUIS COUNTY AND ALEXANDER PROUSE**

## INTRODUCTION

Defendants St. Louis County and Deputy Alexander Prouse, in his individual and official capacities (collectively, the "county defendants"), submit this motion for judgment on the pleadings for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(c) and 12(h)(2)(B) (2025).

For the same reasons stated in the Rule 12(b)(6) motion to dismiss for failure to state a claim submitted by Defendants City of Proctor and Officer Carter (collectively, the "city defendants"), which the county defendants adopt and join herein, Counts I - V and VII[1] should likewise be dismissed against the county defendants because the Complaint fails to allege sufficient facts to state

[1] Count VI of the Complaint is not asserted against these moving defendants. (Dkt. No. 1 at 4.)

a plausible claim with respect to any of the constitutional violations or *Monell* claims asserted therein. (Dkt. No. 18 at 6-19.)

If the Court grants this motion with respect to the federal-law claims asserted in Counts I - V and VII, the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims in Counts VIII - X pursuant to 28 U.S.C. § 1367(c)(3).

## FACTS

The county defendants adopt herein the discussion of the facts set forth by the city defendants in their Rule 12(b)(6) motion to dismiss (Dkt. No. 18 at 1-5 and fn. 1).

## ARGUMENT

### I. Standard of Decision

The county defendants adopt herein the standard of decision set forth by the city defendants in their motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (*id*. at 5-6), which mirrors the standard applied by the Court in reviewing this motion for judgment on the pleadings raising the same defense under Fed. R. Civ. P. 12(c) and 12(h)(2)(B). *See, e.g., In re Levaquin Prods. Liab. Litig.*, 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018) ("As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as

a 12(b)(6) motion to dismiss." (quoting *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010))).

## II. Deputy Prouse is Entitled to Qualified Immunity

For the same reasons stated on behalf of Officer Carter in the city defendants' motion to dismiss (Dkt. No. 18 at 6-16), Hoel fails to allege sufficient facts to state a plausible claim against Deputy Prouse for unlawful seizure or arrest, unreasonable force, retaliation for exercise of first amendment rights, illegal search, or conspiracy to violate constitutional rights in Counts I - V of the Complaint.

As the city defendants rightly demonstrate, Count I (unlawful seizure and arrest) falls because the officers had reasonable suspicion to conduct the investigatory stop. (*Id*. at 7-8.) Count II (excessive force) fails because the officers' use of force was objectively reasonable under the Fourth Amendment and our controlling federal decisions. (*Id*. at 9-12.) Count IV (illegal search and destruction of property) falls because (a) Hoel does not have standing to challenge the vehicle search, and (b) the search was supported by probable cause. (*Id*. at 12-14.) As to Counts III and V, both fail because Hoel does not allege facts sufficient to state plausible first-amendment retaliation and civil rights conspiracy claims. (*Id*. at 14-17.)

Accordingly, Counts I - V of the Complaint should be dismissed against all county and city defendants.

## III. The *Monell* Claim Against St. Louis County Should Be Dismissed

For the same reasons stated on behalf of the City of Proctor (*id*. at 18-19), Hoel's conclusory *Monell* claims against St. Louis County, as set forth in Count VII of the Complaint, should likewise be dismissed for failure to plausibly allege the existence of any unlawful county policy or custom serving as the "moving force" behind any of the purported constitutional violations.

## IV. The Court Should Decline Supplemental Jurisdiction Over The Remaining State-Law Claims

Counts VIII - X of the Complaint assert state-law claims against Deputy Prouse. (Dkt. No. 1 at 4.) These state-law claims fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) because they "are so related to" the federal-law claims in Counts I - VII "that they form part of the same case or controversy under Article III of the United States Constitution."

Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under" this provision—namely, "judicial economy, convenience, and comity"—"will point toward declining to exercise jurisdiction over the remaining state-law claims." *Zubrod v. Hoch*, 907 F.3d 568, 580 (8th Cir. 2018) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

350 & n.7 (1988)); *accord Artis v. District of Columbia*, 138 S. Ct. 594, 597–98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims.").

There is nothing unusual about this case as far as considerations of judicial economy, convenience, and comity are concerned. Thus, if the Court dismisses the federal-law claims in Counts I - VII of the Complaint for failure to state a claim upon which relief can be granted, it should decline to exercise supplemental jurisdiction over, and dismiss without prejudice, the remaining state-law claims in Counts VIII - X pursuant to section 1367(c)(3). *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1022 (D. Minn. 2015) (Tunheim, J.) (granting motion to dismiss federal-law claims and declining to exercise supplemental jurisdiction over remaining state-law claims); *Magee v. Hamline Univ.*, 1 F. Supp. 3d 967, 977–79 (D. Minn. 2014) (Tunheim, J.) (same).

## CONCLUSION

The county defendants respectfully request that the Court enter an order granting this motion, dismiss without prejudice the federal-law claims in Counts I - V and VII of the Complaint pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2)(B), and decline to exercise supplemental jurisdiction over the

remaining state-law claims in Counts VIII - X of the Complaint pursuant to 28 U.S.C. § 1367(c)(3).

Dated: August 20, 2025

Respectfully submitted,
KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

s/ Nathan N. LaCoursiere
Nathan N. LaCoursiere (#0388349)
Assistant County Attorney
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802-1298
Telephone: (218) 726-2323
Fax: (218) 726-2332
lacoursieren@stlouiscountymn.gov

Attorneys for Defendants St. Louis County and Alexander Prouse, in his individual and official capacities