UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**Robert Brooks Hoel,**
Plaintiff,

v. Civil Action No. 25-cv-02342 (ECT/LIB)

Deputy Alexander Prouse,
Officer Joseph Carter,
Doe #1,
City of Proctor, and
St. Louis County,
Defendants.

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS CARTER AND CITY OF PROCTOR'S MOTION TO DISMISS

## INTRODUCTION

Defendants Joseph Carter and the City of Proctor move to dismiss under Rule 12(b)(6). Their arguments mischaracterize Plaintiff's allegations and improperly attempt to resolve factual disputes at the pleading stage. Plaintiff has adequately pled unlawful seizure, excessive force, retaliation, conspiracy, Monell liability, and state-law claims.

Dismissal at this early stage is improper.

---

## ARGUMENT

### I. Unlawful Seizure (Count I).

Plaintiff was filling water jugs at a public well when seized without reasonable suspicion. Refusal to identify oneself is not grounds for detention. Florida v. Royer, 460 U.S. 491, 498 (1983).

## II. Excessive Force (Count II).

Carter assisted in forcibly throwing Plaintiff against a vehicle, causing injury and destruction of ceremonial tobacco. Use of force against a non-threatening, compliant individual is objectively unreasonable. Graham v. Connor, 490 U.S. 386, 394-95 (1989).

## III. First Amendment Retaliation (Count III).

Plaintiff recorded the encounter; Carter and Prouse stopped the recording. The right to record police is clearly established. Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011).

## IV. Illegal Search and Property Destruction (Count IV).

Carter participated in searching and seizing items from the Lexus. The “marijuana odor” justification is a factual dispute not resolvable on a motion to dismiss.

## V. Conspiracy and Failure to Intervene (Counts V & VI).

Plaintiff alleges coordinated conduct between Carter and Prouse to stop recording, fabricate obstruction, and seize property. These allegations satisfy §1985 and §1986 pleading requirements.

## VI. Monell Liability Against City of Proctor (Count VII).

Plaintiff alleges Proctor failed to train, supervise, and discipline its officers regarding excessive force and retaliation. A single incident can establish deliberate indifference where the violation was a predictable result of inadequate training. Bd. of Cnty. Comm’rs v. Brown, 520 U.S. 397, 409-10 (1997).

## VII. Intentional Infliction of Emotional Distress (Count IX).

Defendants argue time-barred. But Plaintiff continues to suffer severe distress, and Minnesota’s statute runs from accrual of injury, not necessarily the date of incident. At minimum, factual issues preclude dismissal.

## VIII. Qualified Immunity Does Not Apply.

It was clearly established in 2022 that officers cannot seize without reasonable suspicion, use gratuitous force, or retaliate against recording. Carter is not entitled to immunity at this stage.

---

## CONCLUSION

The Court should deny Carter and the City of Proctor’s Motion to Dismiss.

Dated: August 22, 2025

**/s/ Robert Brooks Hoel**

Robert Brooks Hoel
Plaintiff, in propria persona
General Delivery
Minneapolis, MN 55401
bobhoel@gmail.com