UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**Robert Brooks Hoel,**
Plaintiff,

v. Civil Action No. 25-cv-02342 (ECT/LIB)

Deputy Alexander Prouse,
Officer Joseph Carter,
Doe #1,
City of Proctor, and St.
Louis County,
Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS PROUSE AND ST. LOUIS COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

## INTRODUCTION

Deputy Prouse and St. Louis County move for judgment on the pleadings under Rule 12(c), adopting the City Defendants' arguments and seeking dismissal of Plaintiff's federal claims, as well as urging the Court to decline supplemental jurisdiction over state-law claims. These arguments fail. Plaintiff's Complaint alleges specific facts establishing multiple constitutional violations and state-law claims.

---

## ARGUMENT

### I. Unlawful Seizure (Count I).

Prouse escalated a consensual encounter into a custodial seizure absent reasonable suspicion. Plaintiff's refusal to identify himself is not grounds for detention. Royer, 460 U.S. at 498.

### II. Excessive Force (Count II).

Prouse slammed Plaintiff against the vehicle, causing injury and destruction of property.

The Eighth Circuit has long held that gratuitous force violates clearly established law. Shannon v. Koehler, 616 F.3d 855 (8th Cir. 2010).

**III. First Amendment Retaliation (Count III).**
Prouse stopped Plaintiff's phone recording — a direct violation of a clearly established First Amendment right. Chestnut v. Wallace, 947 F.3d 1085 (8th Cir. 2020).

**IV. Illegal Search and Property Destruction (Count IV).**
Prouse and Doe searched and seized Plaintiff's property without warrant or consent. The "odor of marijuana" rationale cannot be resolved on pleadings.

**V. Conspiracy (§1985) and Failure to Prevent (§1986) (Counts V & VI).**
The Complaint alleges coordinated conduct among Prouse, Carter, and Doe. At this stage, allegations suffice to infer agreement.

**VI. Monell Liability Against St. Louis County (Count VII).**
Plaintiff alleges County failed to train/supervise deputies regarding unlawful seizures and excessive force. Liability may arise where the violation was a foreseeable result of inadequate training. Brown, 520 U.S. at 409-10.

**VII. State Law Claims (Counts VIII–X).**

- **Conversion:** Prouse departed with Plaintiff's phones; one returned damaged, one lost.
- **IIED:** Emotional distress from force, humiliation, and property destruction continues.
- **Malicious Prosecution:** Prouse caused a baseless obstruction citation later dropped.

**VIII. Supplemental Jurisdiction Should Be Retained.**
Dismissal of federal claims is not warranted, but even if narrowed, efficiency favors retaining supplemental jurisdiction over related state claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

**IX. Qualified Immunity Does Not Apply.**
It was clearly established in 2022 that unlawful seizure without suspicion, use of gratuitous force, and retaliation for recording are unconstitutional.

---

**CONCLUSION**

The Court should deny Prouse and St. Louis County's Motion for Judgment on the Pleadings.

Dated: August 22, 2025

Respectfully submitted,

**/s/ Robert Brooks Hoel**
Robert Brooks Hoel
Plaintiff, in propria persona
General Delivery Minneapolis,
MN 55401
bobhoel@gmail.com