**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert Brooks Hoel,

Plaintiff,

v.

Deputy Alexander Prouse, Officer Joseph Carter, Doe #1, the City of Proctor, and St. Louis County,

Defendants.

Case No.: 0:25-cv-02342 (ECT/LIB)

---

# REPLY MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF PROCTOR AND OFFICER JOSEPH CARTER'S MOTION TO DISMISS

---

## INTRODUCTION

Hoel restates facts from his Complaint to argue he pleaded enough facts to survive dismissal; however, Hoel's arguments are unavailing. Defendants Officer Carter and the City of Proctor are entitled to dismissal of Hoel's Complaint for failure to state a claim.

## ARGUMENT

### I. OFFICER CARTER IS ENTITLED TO QUALIFIED IMMUNITY

Hoel alleges Officer Carter is not entitled to qualified immunity because it was clearly established in 2022 that officers cannot seize without reasonable

suspicion, use gratuitous force, or retaliate for recording. First, Officer Carter did not assist Deputy Prouse with an investigatory detention without reasonable suspicion. Hoel frames his detention as being based on simply refusing to identify himself, ignoring the context of potential violations of harassment restraining orders. There was also reasonable suspicion for Deputy Prouse to initially stop because Hoel was at a well during the midnight hours in an area known for theft. *Compl. Exhibit A* ¶1, ECF No. 1-1. Upon simple questions to identify himself, Hoel refused. *Id.* Hoel continued his reticence even after Deputy Prouse sought to investigate court orders which were potentially being violated. *Id.*

Hoel next argues Officer Carter assisted Deputy Prouse in throwing him against a vehicle. Hoel does not appear to dispute Deputy Prouse's report describing Hoel's resistance to being placed in handcuffs for a brief investigatory detention. Hoel asserts Officer Carter assisted Deputy Prouse but still does not state what Officer Carter did. Hoel alleges no discrete act or harm Officer Carter caused. Since Section 1983 liability is personal, this is not sufficient to state a claim against Officer Carter. *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).

Additionally, Hoel's citation to *Graham v. Connor* is inapposite as Deputy Prouse needed to use reasonable force when Hoel resisted the detention by rapidly shoving his hands into his pockets. 490 U.S. 386 (1989); *Imp v. Wallace*, No. 10-CV-509 DSD/JJK, 2011 WL 4396941, at *4 (D. Minn. Sept. 21, 2011) (holding stabilizing

and forcing a plaintiff who refused to follow commands onto a police vehicle was reasonable). As argued before, Hoel shoving his hands could have yielded an item capable of causing Deputy Prouse harm and an appropriate amount of force was used in response to his resistance.

Hoel still fails to adequately plead a First Amendment retaliation claim. He now argues both Officer Carter and Deputy Prouse stopped the recording, but he did not specify who stopped it in the Complaint. He cannot amend through his opposition memorandum. *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Even if he had specified who stopped it, to properly plead a First Amendment retaliation claim, Hoel needed to have alleged facts which prove the recording, as opposed to the possible stolen registration stickers or the potential court order violations, was the cause of his alleged harms. *See Scheffler v. Molin*, 743 F.3d 619 (8th Cir. 2014). He still fails to do so.

Hoel further fails to respond to Defendants' argument he lacks standing to challenge the vehicle search, and he fails to respond to the arguments for dismissal of a civil conspiracy claim.

## II. HOEL'S IIED CLAIM IS TIME-BARRED

Hoel claims since he continues to suffer from emotional distress, his IIED claim is not time-barred under Minn. Stat. §541.07(1). IIED claims accrue on the date of the tortious act, and Hoel cites no authority to support tolling as long as a plaintiff continues to experience distress. *Krause v. Farber*, 379 N.W.2d 93 (Minn. Ct. App. 1985). This claim must be dismissed.

## III. HOEL FAILS TO ESTABLISH *MONELL* LIABILITY

Hoel makes a conclusory argument the City of Proctor failed to train, supervise, and discipline its officers as it pertains to excessive force and retaliation. Hoel's citation to *Board of County Commissioners of Bryan County, Oklahoma v. Brown* is again inapposite because it reaches the opposite holding. 520 U.S. 397 (1997) (holding the county was not liable for a Sheriff's isolated decision to hire a deputy without adequate screening). Because Hoel does not allege enough facts to establish *Monell* liability and Section 1983 does not permit vicarious liability, this claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants City of Proctor and Officer Joseph Carter respectfully request this Court dismiss Hoel's claims against them, together with costs and disbursements.

Dated: September 3, 2025

s/Carlos Soto-Quezada
Stephanie A. Angolkar #388336
Carlos Soto-Quezada #505571
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
stephanie@iversonlaw.com
carlos@iversonlaw.com

*Attorneys for the City of Proctor*
*and Officer Joseph Carter*