**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Prouse, et al.,<br><br>Defendants. | Case No. 25-cv-02342 (ECT/LIB) |

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS BY**
**<u>DEFENDANTS ST. LOUIS COUNTY AND ALEXANDER PROUSE</u>**

For the same reasons stated in the Reply Memorandum of Law in Support of the City of Proctor and Officer Joseph Carter's Motion to Dismiss (Dkt. 28), which apply with equal force to the claims asserted against Defendants St. Louis County and Deputy Alexander Prouse, (the "county defendants"), and which the county defendants join, adopt, and fully incorporate herein, the county defendants are entitled to judgment on the pleadings for failure to state a claim upon which relief can be granted.

The county defendants write separately here to distinguish the inapposite cases cited in support of Hoel's conclusory response to defendants' motions to dismiss. This reply will focus primarily on Hoel's excessive-force claim, yet Hoel's summary response likewise fails to demonstrate plausible

entitlement to relief with respect to any of the federal constitutional claims pled in the Complaint.

## I. Hoel's Excessive-Force Claim Fails to Plausibly Allege Violation of Clearly Established Law.

The Complaint alleges that "Defendants Prouse and Carter opened the vehicle door without any lawful cause and forcibly removed [Hoel]" and, "[d]espite [Hoel]'s full compliance, Defendants threw Plaintiff against the vehicle, causing him physical pain." (Dkt. 1 at ¶¶ 16-17.) In response to defendants' motions demonstrating that the excessive-force claims against the officers are barred by the doctrine of qualified immunity, Hoel cites only *Shannon v. Koehler*, 616 F.3d 855 (8th Cir. 2010), stating in conclusory fashion that the "Eighth Circuit has long held that gratuitous force violates clearly established law." (Dkt. 27 at 1-2.)

*Shannon* is readily distinguishable from the facts pled here. In *Shannon,* the plaintiff alleged that he posed no threat and was not resisting arrest, yet he was subjected to a level of force resulting in a partially collapsed lung, multiple fractured ribs, a laceration to the head, and various contusions. 616 F.3d at 863. Working through the Court's two-step-qualified-immunity analysis, i.e., whether the use of force was objectively reasonable and, if not, whether the right violated was clearly established on the date of the incident, the Court ruled first that "it was not reasonable for [the officer] to use more

than *de minimis* force against" the plaintiff. *Id*. Notwithstanding the unique incongruity of the facts in *Shannon* – extensive injuries suffered by an allegedly non-threatening and non-resistant bystander – the Court was careful to note that officers are not "categorically prohibited from using more than *de minimis* force to subdue" belligerent suspects, and further that threats to an officer's safety can justify the use of force in cases involving relatively minor crimes and suspects who are not actively resisting arrest or attempting to flee. *Id*. (citing *Marvin v. City of Taylor*, 509 F.3d 234, 246-48 (6th Cir. 2007); *Brown v. City of Golden Valley*, 574 F.3d 491, 497 (8th Cir. 2009)). The Court next concluded that the "excessiveness of [the officer]'s use of force was apparent" in relation to the non-threatening circumstances presented in the case, and it was thus clearly established that a reasonable officer would have known that his actions were unlawful. *Id*. at 864-65.

In stark contrast to the facts in *Shannon*, here, the Complaint does not allege that Hoel experienced physical injuries of any kind, stating only that "Defendants threw Plaintiff against the vehicle, causing him physical pain." *See, e.g., Chambers v. Pennycook*, 641 F.3d 898, 906 (8th Cir. 2011) (noting that a "*de minimis* use of force is insufficient to support a claim . . . and it may well be that most plaintiffs showing only *de minimis* injury can show only a corresponding *de minimis* use of force."). It is axiomatic that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's

chambers, violates the Fourth Amendment," *Graham v. Connor*, 490 U.S. 386, 296 (1989), and officers "undoubtedly have a right to use some degree of physical force . . . to effect a lawful seizure, and reasonable applications of force may well cause pain or minor injuries," *Chambers*, 641 F.3d at 907 (citation omitted).

Since *Shannon*, the Eighth Circuit has often granted qualified immunity to officers in excessive-force cases involving applications of force against non-threatening suspects far greater than the use of force or injury alleged in the Complaint here. For example, in *Kelsay v. Ernst*, 933 F.3d 975, 978 (8th Cir. 2019), the plaintiff was walking away from the officer when she was placed in a bear hug, thrown to the ground, lost consciousness, and woke up screaming about pain in her shoulder. In *Robinson v. Hawkins*, 937 F.3d 1128, 1132-33 (8th Cir. 2019), the plaintiff alleged that she was pushed face-first into a tractor-trailer, subjected to an invasive body search, and later treated for shoulder pain, neck pain, and cuts and bruises on her wrists. The Court ruled that, "in the absence of a case clearly holding that shoving a suspect against a vehicle and tightening their handcuffs in circumstances like this amounts to more than *de minimis* force," the officer's "use of force did not violate a 'clearly established' right." *Id.* at 1136; *see also Crumley v. City of St. Paul*, 324 F.3d 1003, 1006-08 (8th Cir. 2003) (holding that a police officer did not violate a non-threatening bystander's clearly established rights when he "struck or pushed

[the suspect] approximately five times and then spun her around and handcuffed her," resulting in bleeding wrists).

The key to these decisions – and the reason why Hoel's Complaint does not pass muster under the second prong of the qualified-immunity analysis in particular – is the failure of the plaintiffs to meet their burden of showing that the allegedly violated right was so clearly established that "every reasonable official would have understood that what [they were] doing violates that right."' *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (*per curiam*)). "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law,'" *District of Columbia v. Wesby*, 583 U.S. 48, 63 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)), and "shields an [official] from suit when [they] make[] a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [they] confronted," *Taylor v. Rojas*, 592 U.S. 7, 8 (2020) (*per curiam*) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (*per curiam*)).

The U.S. Supreme Court has "repeatedly told courts not to define clearly established law at too high a level of generality." *City of Tahlequah v. Bond*, 595 U.S. 9, 12 (2021). The rule against overgeneralization "is particularly important in excessive force cases," "where the Court has recognized that it is sometimes difficult for an [official] to determine how the . . . legal doctrine [of]

excessive force . . . will apply to the factual situation the [official] confronts.'" *City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019) (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)). "Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus [officials] are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Id.* (quoting *Kisela*, 584 U.S. at 104).

"It is not enough that a rule be suggested by then-existing precedent; the 'rule's contours must be so well defined that it is "clear to a reasonable [official] that [her] conduct was unlawful in the situation [she] confronted."'" *City of Tahlequah*, 595 U.S. at 12 (quotation omitted). While "a case directly on point" is not required, "existing precedent must have placed the . . . constitutional question beyond debate." *Rivas-Villegas*, 595 U.S. at 5 (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017) (*per curiam*)).

Where, as here, Hoel alleges that he was thrown against a vehicle and experienced physical pain during the course of an investigatory detention, but apparently no injury, the question is whether his right to be free from this application of force was so clearly established by existing precedent so as to place the constitutional question beyond debate at the time of the incident, such that every reasonable officer in Deputy Prouse's position would have understood that what they were doing violated that right. Hoel's single citation

to the inapposite circumstances in *Shannon*, coupled with the scarcity of force or injury alleged in the Complaint, fails to meet this burden.

## II. Hoel Fails to Plausibly State an Unlawful Seizure Claim

Hoel repeats, in summary fashion, that he was seized without reasonable suspicion and cites *Florida v. Royer*, 460 U.S. 491, 498 (1983), for the proposition that "[r]efusal to identify oneself is not grounds for detention." (Dkt. 27 at 1.) This is not the holding in *Royer*, and the case is off point. In *Royer*, the defendant *had* voluntarily identified himself, yet a discrepancy with the ID led to a *de facto* arrest – not an investigatory detention – that the justices deemed to exceed the bounds *Terry v. Ohio* under the specific facts of that case. 460 U.S. at 494-97, 502-05, 507-08.

Here, the Complaint fails to plausibly allege any unlawful investigatory detention or *de facto* arrest. As Proctor and Officer Carter note, Prouse sought to confirm Hoel's identify to determine if existing court orders – a harassment restraining order and a no-contact order – were being violated, thus placing the safety of either Hoel or his companion at risk. Handcuffing and detaining Hoel for the brief period of time necessary to complete this task did not convert the encounter into a *de facto* arrest. (Dkt. 18 at 8 (citing *Waters v. Madson*, 921 F.3d 725 (8th Cir. 2019) and *Chestnut v. Wallace*, 947 F.3d 1085, 1088 (8th Cir. 2020)); Dkt. 28 at 2.)

## CONCLUSION

For the above reasons, along with those previously stated in the briefing of all defendants in support of their Rule 12 motions to dismiss, the county defendants respectfully request that the Court grant their motion for judgment on the pleadings for failure to state a claim upon which relief can be granted.

Dated: September 5, 2025

Respectfully submitted,
KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

s/ Nathan N. LaCoursiere

Nathan N. LaCoursiere (#0388349)
Assistant County Attorney
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802-1298
Telephone: (218) 726-2323
Fax: (218) 726-2332
lacoursieren@stlouiscountymn.gov

Attorneys for Defendants St. Louis County and Alexander Prouse, in his individual and official capacities