**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Deputy Alexander Prouse, Officer Joseph Carter, Doe #1, the City of Proctor, and St. Louis County,<br><br>Defendants. | Case No.: 0:25-cv-02342 (ECT/LIB) |

---

**DEFENDANTS OFFICER JOSEPH CARTER AND CITY OF PROCTOR'S ANSWER TO THE COMPLAINT**

---

COME NOW Defendants City of Proctor and Officer Joseph Carter, for their Answer to Plaintiff's Complaint, state and allege as follows:

1. Unless hereafter admitted, qualified, or otherwise answered, these answering parties deny each and every matter, thing, and particular alleged in Plaintiff's Complaint.

2. These answering parties specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983, 1985, 1986, or 1988 and, further deny Plaintiff sustained any deprivation of rights under the First, Fourth, or

Fourteenth Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint.

3. With respect to paragraph 1 of the Complaint, these answering parties deny the allegations.

4. With respect to paragraph 2 of the Complaint, these answering parties deny the allegations.

5. With respect to paragraph 3 of the Complaint, these answering parties deny said allegations and specifically deny Plaintiff is entitled to any damages or relief of any kind.

6. With respect to paragraphs 4 to 6 of the Complaint, these answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Plaintiff did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny the jurisdiction of this Court.

7. With respect to paragraph 7 of the Complaint, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

8. With respect to paragraph 8 of the Complaint, this paragraph does not apply to these answering parties and therefore no response is required.

9. With respect to paragraph 9 of the Complaint, these answering parties admit Officer Carter was employed by the City of Proctor as a police officer, performing discretionary acts within the scope of his duties with a good faith belief his conduct was lawful, constitutional, and proper.

10. With respect to paragraph 10 of the Complaint, these answering parties admit the City of Proctor is a municipal corporation in the state of Minnesota.

11. With respect to paragraph 11 of the Complaint, this paragraph does not apply to these answering parties and therefore no response is required.

12. With respect to paragraphs 13[1] to 15 of the Complaint, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

13. With respect to paragraph 16 of the Complaint, these answering parties deny the allegations.

14. With respect to paragraph 17 of the Complaint, these answering parties deny the allegations and put Plaintiff to his strict burden of proof.

15. With respect to paragraphs 18 to 19 of the Complaint, these answering parties deny the allegations and put Plaintiff to his strict burden of proof.

---

[1] There is no paragraph 12 in the Complaint.

16. With respect to paragraph 20 of the Complaint, these answering parties admit the Plaintiff was detained in another vehicle but specifically deny it was done without lawful justification.

17. With respect to paragraph 21 of the Complaint, these answering parties deny the allegations.

18. With respect to paragraph 22 of the Complaint, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

19. With respect to paragraph 23 of the Complaint, these answering parties admit Plaintiff was cited for Obstruction of Justice and deny the rest of the allegations.

20. With respect to paragraph 24 of the Complaint, this paragraph does not apply to these answering parties and therefore no response is required.

21. With respect to paragraphs 25 to 26 of the Complaint, these answering parties deny the allegations and put Plaintiff to his strict burden of proof.

22. With respect to Count I of the Complaint these answering parties specifically deny these allegations and put Plaintiff to his strict burden of proof.

23. With respect to Count II of the Complaint these answering parties specifically deny these allegations and put Plaintiff to his strict burden of proof.

24. With respect to Count III of the Complaint these answering parties assert this claim has been dismissed in its entirety and no response is required.

25. With respect to Count IV of the Complaint these answering parties assert this claim has been dismissed in its entirety and no response is required.

26. With respect to Count V of the Complaint these answering parties assert this claim has been dismissed in its entirety and no response is required.

27. With respect to Count VI of the Complaint these answering parties assert this claim has been dismissed in its entirety and no response is required.

28. With respect to Count VII of the Complaint these answering parties assert this claim has been dismissed in its entirety and no response is required.

29. With respect to Count VIII of the Complaint these answering parties assert this claim does not appear to be directed to these answering parties and therefore no response is required.

30. With respect to Count IX of the Complaint these answering parties assert this claim has been dismissed in its entirety and no response is required.

31. With respect to Count X of the Complaint these answering parties assert this claim does not appear to be directed to these answering parties and therefore no response is required.

32. These answering parties are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's alleged damages and Prayer for Relief and, therefore, deny the same and demand strict proof thereof.

33. These answering parties specifically deny Plaintiff is entitled to reasonable attorney's fees and costs.

34. These answering parties deny punitive damages are actionable or available for this incident.

35. These answering parties join in Plaintiff's request for a jury trial.

36. These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional and proper.

37. These answering parties affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory, or official immunity.

38. These answering parties affirmatively allege Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

39. These answering parties affirmatively allege Plaintiff's injuries or damages, if any, were caused by, contributed to, brought about, or sustained, due to, and the result of the careless, negligent, and unlawful conduct on the part of Plaintiff and/or a third party, and Plaintiff's fault was greater than any fault of any other person, and therefore, these answering parties are not liable to Plaintiff.

40. As a separate affirmative defense to the allegations in the Complaint, these answering parties allege the claims contained in Plaintiff's Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set forth above and cannot be determined until these answering parties have had an opportunity to complete discovery, these answering parties incorporate all said affirmative defenses.

**WHEREFORE**, Defendants pray Plaintiff take nothing by this claim for relief herein; that Defendants be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that Defendants be given judgment for costs, disbursements, and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

Dated: November 12, 2025

s/Carlos Soto-Quezada
Stephanie A. Angolkar, #388336
Carlos Soto-Quezada, #505571
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
stephanie@iversonlaw.com
carlos@iversonlaw.com
(952) 548-7200

*Attorneys for City of Proctor and Officer Joseph Carter*