UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert Brooks Hoel,
Plaintiff,

Civil Action No. 0:25-cv-02342-ECT-LIB

v.

Deputy Alexander Prouse;
Officer Joseph Carter;
Doe #1;
St. Louis County; and
City Of Proctor,
Defendants.

# FIRST AMENDED COMPLAINT

## INTRODUCTION

Plaintiff Robert Brooks Hoel, appearing in propria persona, brings this action under 42 U.S.C. § 1983 to remedy violations of his constitutional rights. On March 10, 2022, Defendants unlawfully detained Plaintiff without reasonable suspicion, used force without justification, seized and destroyed his recording device, and initiated a baseless criminal charge later dismissed "in the interest of justice." These actions caused Plaintiff to be wrongfully seized, deprived of property, and subjected to months of unwarranted legal jeopardy. Plaintiff seeks damages and all additional relief the Court deems just.

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because Plaintiff asserts claims for violations of the United States Constitution and federal civil rights laws.
2. The Court has supplemental jurisdiction over any related state-law claims under 28 U.S.C. § 1367(a).
3. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in St. Louis County, Minnesota.

## II. PARTIES

4. Plaintiff Robert Brooks Hoel is a natural person residing in Minnesota and appears in propria persona.
5. Defendant Deputy Alexander Prouse was, at all relevant times, a deputy employed by the St. Louis County Sheriff's Office. Upon information and belief, he continues to serve in that role. He is sued in his individual capacity.
6. Defendant Joseph Carter was, at all relevant times, a police officer employed by the City of Proctor Police Department. Upon information and belief, he is now employed as a St. Louis County Deputy Sheriff. He is sued in his individual capacity.
7. Defendant Doe #1 was a law-enforcement officer who arrived during the incident and participated in the unlawful search described below. His identity is presently unknown. He is sued in his individual capacity.

8. Defendant St. Louis County is a Minnesota municipal corporation and is sued under 42 U.S.C. § 1983 as an artificial person whose customs, practices, or policies were the moving force behind the constitutional violations described herein.
9. Defendant City of Proctor is a Minnesota municipal corporation and is sued under 42 U.S.C. § 1983 and Monell as an artificial person whose customs, practices, or policies caused the constitutional violations described herein.
10. Each individual Defendant acted under color of state law. The municipal Defendants—St. Louis County and the City of Proctor—are liable as artificial persons under Monell v. Department of Social Services, 436 U.S. 658 (1978), for policies, customs, or practices that caused the constitutional violations alleged in this Complaint.

## III. STATEMENT OF FACTS

11. On or about March 10, 2022, Plaintiff was at the Public Artesian Well ("Eldes Well House") in Midway Township, St. Louis County, Minnesota, filling water jugs near a vehicle operated by a female acquaintance.
12. Defendant Prouse arrived in a marked St. Louis County Sheriff's squad car and asked Plaintiff what he was doing. Plaintiff explained that he was filling water jugs and that he was cold.
13. When Prouse immediately demanded identification, Plaintiff declined because he was not the driver and had committed no offense. Plaintiff stated that he was freezing and entered the passenger side of the vehicle to warm up.

14. Prouse appeared surprised to learn that Plaintiff was the passenger, not the driver. He then went to the driver's side, spoke briefly with the female driver, obtained her identification, and returned to his squad car.

15. After running the driver's ID, Prouse discovered that she had previously obtained restraining orders against other individuals. Although none of those orders involved Plaintiff, Prouse used them as a pretext to continue demanding Plaintiff's identification.

16. Prouse then claimed that the vehicle's registration tags were "improper," although the displayed registration appeared current and no citation for any registration violation was ever issued.

17. Defendant Carter arrived to assist Prouse. A third unidentified officer—later designated as Doe #1—also appeared on the scene at some point before or during the search. Plaintiff does not know whether Doe #1 arrived with Prouse, with Carter, or separately.

18. After conferring near their vehicles, Prouse and Carter approached the passenger side, opened Plaintiff's door, and ordered him to exit. Plaintiff was recording the encounter on his phone, exercising his First Amendment right to document police activity.

19. As Plaintiff began to comply, Defendants Prouse and Carter suddenly opened the passenger door and seized him without warning. A small Ziploc bag containing Plaintiff's legal rolling tobacco, previously resting on his lap, became visible to the officers. Using the sight of this tobacco as a pretext to escalate, Defendants yanked Plaintiff from the vehicle and drove him against the car. While shouting "stop resisting" despite the absence of any resistance, Defendant Prouse drove his knee and shoulder into Plaintiff's leg and upper back—consistent with his own report describing "applying pressure"—to pin

Plaintiff against the vehicle and wrench his left arm behind his back. Defendants forcibly ripped Plaintiff's phone from his hand for the purpose of stopping the recording.

20. Prouse later wrote that he "believed [the tobacco] to be marijuana," yet no marijuana was found, photographed, seized, tested, or field-tested. No drug charge was issued.
21. After handcuffing Plaintiff, Defendants conducted a pat search and removed two phones and other personal items from Plaintiff's pockets, placing them on top of Prouse's squad car. Plaintiff's ceremonial tobacco and rolling machine were stepped on and damaged during the forceful takedown.
22. Plaintiff was then placed in the back of Prouse's squad car. At some point during or after the takedown, a third officer—later designated as Doe #1—appeared and joined the search of the vehicle. Plaintiff did not know Doe #1's identity, agency, or time of arrival, but observed him actively participating in the search.
23. Defendants, including Doe #1, conducted a warrantless search of the vehicle without consent, probable cause, or exigent circumstances. They removed items from the vehicle, examined them, and showed them to each other. No contraband or evidence of any crime was found.
24. Prouse later wrote in his report that he "smelled an odor of marijuana emanating from the vehicle," yet his own report confirms that no marijuana was found, no testing was performed, and no drug-related citation was issued.
25. After completing the search, Defendants released the driver and dog and purported to issue Plaintiff a citation for "Obstruction of Legal Process" under Minn. Stat. § 609.50, subd. 1(1). The citation was created and filed without Plaintiff's knowledge or signature,

as the citation's issue date (March 14, 2022) post-dates the incident by four days, while the police narrative is dated March 10, 2022.

26. When Defendants departed the scene, Plaintiff's two phones and other personal items were still resting on top of Prouse's squad car. A short time later, Prouse returned with one phone—the screen shattered—admitting that he had driven off with both devices and lost the other along the roadway.
27. Prouse told Plaintiff he would search for the missing phone and remaining personal property and return again. Plaintiff and the driver waited for an extended period, but Prouse never came back. No inventory, receipt, chain-of-custody form, or lost-property documentation was ever provided.
28. The sole criminal charge brought against Plaintiff—Obstruction of Legal Process under Minn. Stat. § 609.50, subd. 1(1)—was based entirely on Plaintiff's refusal to identify himself despite not being the driver of the vehicle, and on Plaintiff's protected act of recording the officers. Under Minnesota law, passive non-compliance, refusal to identify oneself in the absence of lawful detention, and audio-video recording of police activity do not constitute "obstruction" and do not interfere with any lawful duty. Plaintiff never resisted, fled, threatened, or impeded any officer. The charge was dismissed "in the interest of justice" (see Exhibit C), indicating that probable cause had been lacking and the Plaintiff was subjected to wrongful arrest and prolonged criminal jeopardy.
29. Public court records from the related prosecution (69DU-CR-22-695) show inconsistent handling among Midway Township and St. Louis County Attorney's Offices. These filings, reflected in the Register of Actions, are relevant to Plaintiff's malicious-prosecution and Monell claims and are appropriate subjects for discovery (see Exhibit D).

## IV. CLAIMS FOR RELIEF

### Count I – Unlawful Seizure (Fourth Amendment)

30. Defendants Prouse and Carter detained Plaintiff without reasonable suspicion or probable cause, in violation of the Fourth Amendment.
31. As described in paragraphs 11–18, Plaintiff was a passenger who had committed no offense. Defendants lacked any lawful basis to demand identification, compel him from the vehicle, or restrain him.

### Count II – Excessive Force (Fourth Amendment)

32. As described in paragraphs 18–19, Defendants Prouse and Carter used unnecessary and disproportionate force against Plaintiff, who was compliant, unarmed, and non-threatening.
33. The force used—including yanking Plaintiff from the vehicle, driving a knee and shoulder into him, wrenching his arm, and ripping the phone from his hand—was objectively unreasonable under the circumstances and violated clearly established Fourth Amendment protections.

**Count III – Unlawful Search (Fourth and Fourteenth Amendments)**

34. As described in paragraphs 20–24, Defendants—including Doe #1—conducted a warrantless search of the vehicle without consent, without probable cause, and without exigent circumstances.
35. No contraband or evidence of any crime was found. Nonetheless, Plaintiff's property was damaged and items were handled or displaced without documentation, depriving Plaintiff of liberty and property without due process of law.

**Count IV – Retaliation for Recording (First Amendment)**

36. As described in paragraphs 17–19, Defendants Prouse and Carter intentionally interfered with and retaliated against Plaintiff for exercising his clearly established right to record police officers performing their duties in public.
37. Their actions—including seizing Plaintiff's phone, stopping the recording, escalating force, and suppressing documentation—constitute unlawful retaliation in violation of the First Amendment.

**Count V – Failure to Intervene / Failure to Train and Supervise (Monell Liability)**

38. Defendant Carter had a realistic opportunity to prevent Defendant Prouse's unlawful seizure, excessive force, interference with recording, and warrantless search, yet failed to intervene. This omission violated Plaintiff's clearly established constitutional rights.

39. In its Opinion and Order dated October 30, 2025, the Court held that Plaintiff's prior Monell allegations lacked factual detail regarding the specific customs, practices, or training deficiencies alleged. Plaintiff now provides the additional factual enhancements required by the Court.

40. Upon information and belief, St. Louis County and the City of Proctor maintained longstanding customs, practices, or failures to train that tolerated:

(a) investigative detentions unsupported by reasonable suspicion;

(b) unnecessary escalation during routine encounters with non-threatening individuals;

(c) interference with citizens' First Amendment right to record officers;

(d) warrantless vehicle searches without probable cause; and

(e) inadequate procedures for safeguarding, documenting, and returning seized personal property.

41. The need for training on these subjects was obvious given the frequency with which deputies and officers interact with citizens who record them, decline to provide identification, or otherwise engage in lawful conduct during non-criminal encounters. The municipalities were on notice that, without such training, constitutional violations were a plainly foreseeable consequence.

42. The conduct of Defendants Prouse and Carter reflects these municipal deficiencies: both escalated a non-criminal encounter, interfered with recording, participated in a warrantless search, and failed to secure or return Plaintiff's phones and personal property. Their conduct was consistent with—and not an aberration from—the municipalities' inadequate training and supervisory practices.

43. These municipal failures were the moving force behind the constitutional injuries suffered by Plaintiff. Further factual support will be developed in discovery, including through training records, body-camera policies, complaint histories, supervisory reviews, and property-handling logs.

**Count VI – Malicious Prosecution (Fourth Amendment)**

44. As described in paragraphs 24–29, Defendants initiated and pursued a criminal prosecution against Plaintiff without probable cause, relying on fabricated or misleading justifications and contradictions within their own reports.
45. The charge was ultimately dismissed “in the interest of justice,” confirming the absence of any lawful basis for the prosecution and constituting a violation of Plaintiff’s rights under the Fourth Amendment.

## V. DAMAGES

46. As a direct and proximate result of Defendants’ conduct, Plaintiff suffered physical pain, emotional distress, humiliation, loss of liberty, and damage to or loss of personal property. Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, and attorney’s fees and costs under 42 U.S.C. § 1988.

## VI. JURY DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in his favor on all claims;

(b) Award compensatory damages in an amount to be determined at trial;

(c) Award punitive damages against the individual Defendants to deter similar future misconduct;

(d) Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

(e) Issue any appropriate declaratory or injunctive relief necessary to ensure future compliance with constitutional requirements; and;

(f) Grant such further relief as the Court deems just and proper.

Respectfully submitted this 14th day of November, 2025.

/s/ Robert Brooks Hoel

Robert Brooks Hoel

General Delivery

Minneapolis, MN 55401

bobhoel@gmail.com

Pro Se Plaintiff

## EXHIBIT INDEX

Exhibit A: Police Report (St. Louis County Sheriff's Office, March 10, 2022)

Exhibit B: Citation Data Summary (March 14, 2022)

Exhibit C: Dismissal of Citation – Filed July 15, 2024 ("In the Interest of Justice")

Exhibit D: Register of Actions – Case Number 69DU-CR-22-695

# EXHIBIT A

# POLICE REPORT

St. Louis County Sheriff's Office

March 10, 2022

# St. Louis County Sheriff's Office - Duluth Office

## POLICE REPORT



REPORTED DATE: 03/10/2022 REPORTED TIME: 22:01 **ICR#: 22032259**

Statute/Ordinance: 609.50.1(1) MOC: X3080 GOVT-OBSTRUCT LEGAL PROCESS-NO FORCE-I

Occurence Start Date: 03/10/2022 Time: 22:01 Officer: PROUSE, ALEXANDER 05368

Status: Referred Offense Level: Misdemeanor

Address: 5678 OLD HWY 61, MN; ARTESIAN WELL Location:

Township: Midway Twp Patrol Area: Grid:

Assisting Agencies: Companion Cases:

SO St. Louis County Sheriff's Office

**========== PARTY INVOLVEMENT ==========**

**Citation Issued:** HOEL, ROBERT BROOKS DOB 09/29/1975 Race: W Sex: M

Address: 1738 WARREN AVE, DULUTH, MN, 55811 Location:

Phone: PSN: 1 Adu/Juv A

POB: MN Hair: GRY Eye: BRO Hgt: 6 00 Wgt: 200 Bld:

| ISN | PT | Statute | Description | MOC | Description | Disposition | Citation # |
|---|---|---|---|---|---|---|---|
| 1 | CI | 609.50.1(1) | GOVT-OBSTRUCT LE | X3080 | GOVT-OBSTRUCT LE | Adult Arrest | 690088206901 |
| 2 | PS | N/A | Suspicious Vehicle | 9817 | Suspicious Vehicle | | |

**Driver #1:** CHHIT, UOKSOPHEA DOB 05/10/1982 Race: A Sex: F

Address: 1160 COUNTY ROAD B, SAINT PAUL, MN, 55109-2516 Location:

Phone: PSN: 2 Adu/Juv A

POB: Hair: BLK Eye: BRO Hgt: 5 04 Wgt: 125 Bld: SLM

| ISN | PT | Statute | Description | MOC | Description | Disposition | Citation # |
|---|---|---|---|---|---|---|---|
| 2 | D1 | N/A | Suspicious Vehicle | 9817 | Suspicious Vehicle | | |

**========== PROPERTY ==========**

Item Number: X1

Property Type: X Disp: X Cat: AUTO Article: AUTO Brand: Model:

VIN: 2T2HK31U59C113957

Year: 2009 Make: Lexus Model: RX350 Style: Carry-All (SUV)

License Number: CSZ469 State: MN

Description: 2009 LEXUS RX 350

Qty Stolen: Value Stolen:

Qty Recovered: Value Recovered:

| PSN | Type | Name |
|---|---|---|
| 1 | CI | HOEL, ROBERT BROOKS |
| 1 | PS | HOEL, ROBERT BROOKS |
| 2 | D1 | CHHIT, UOKSOPHEA |

========== NARRATIVE ==========

Report# 1

St. Louis County Sheriff's Office
Duluth Office
Reported Date: 03/10/2022 Time: 22:01 Case No.: 22032259
Code: 609.50.1(1) Crime: GOVT-OBSTRUCT LEGAL PROCESS-NO FORCE-MISD

Location: 5678 Old Hwy 61 Duluth MN 55810

=========================== NARRATIVE ==========================

On 03/10/2022 at 2201 hours, I, Deputy Prouse with the St. Louis County Sheriff's Office, was on routine patrol in a fully marked squad car in the area of Old Highway 61 and Midway Road. I was driving east on Old Hwy 61 to the east of Midway Road when I observed a vehicle parked at the artesian well with its lights on. I was aware several thefts had occurred during the night hours in the area of Old Hwy 61, so I drove into the artesian well's lot to make contact with any occupants of the vehicle.

I pulled up behind the vehicle, a gray Lexus RX SUV, and observed it bore Minnesota license plates: CSZ469. There was a male outside of the vehicle appearing to fill some milk jugs with water from the well. I exited my squad to speak with the male, who advised me he was just filling up on water and would not be answering any other questions. I asked the male what his name was, but he advised me he would not be giving that information out.

Upon returning to my squad car, I observed 911 dispatchers had attached information from the query of the vehicle's license plate. I observed Minnesota license plates: CSZ469 was registered to a 'Jonathan Haapala,' and it showed a registration expiration of 05/2021. The physical license plate on the rear of the vehicle bore a 2022 registration sticker. Upon observing the 2022 registration sticker on the vehicle, I believed the vehicle may be displaying stolen registration stickers.

I approached the vehicle again and made contact with the male, who was just getting into the passenger seat of the vehicle. The male advised me he did not know anything about the registration of the vehicle, and he directed me to speak with the female driver. The female driver advised me the vehicle's registration should be current, and she did not know anything about it being expired. The female driver provided me with her driver's license, identifying herself as UOKSOPHEA CHHIT (DOB: 05/10/1982). While speaking with CHHIT, I observed a strong odor of marijuana emitting from inside of the vehicle. I asked CHHIT how much marijuana was inside of the vehicle, and she stated there shouldn't be any.

I returned to my squad car to run a query on CHHIT. I observed an active Domestic Abuse No Contact Order (DANCO) listing CHHIT as the respondent and a 'Richard Johnson' as the protected person. There was also an active Harassment Restraining Order (HRO) listing CHHIT as the respondent and a 'Adam Moran' as the protected person. Based on these active protection orders, I returned to the vehicle to identify the male passenger to ensure no court orders were currently being violated.

Proctor Police Department Officer Carter, who had arrived on scene to assist, joined me in making contact with the male passenger. I advised the male passenger of my intent to identify him due to me investigating a possible order violation. The male passenger advised me he did not wish to identify himself. I advised the male passenger to come with me back to my squad car area so we could speak further. The male passenger did step out of the vehicle, but he told me he did not understand why it was necessary for him to come back to my squad car. At one point the male passenger began sitting back in the vehicle while stating something to the effect of, "I'm not sure I want to go back to your squad."

I advised the male passenger I was going to detain him in handcuffs. The male passenger

complied, as he stepped out of the vehicle and turned around while putting his hands behind his back after I advised him to do so. As I began grabbing the male's arms to place him in handcuffs, the male quickly shoved his left hand in his front pants pocket while noticeably tensing his arm muscles. Using my hands, I pulled the male's left hand behind his back while applying pressure to the male's leg and upper back with my knee and shoulder to push the male up against the vehicle. I did this to prevent the male from accessing any items in his front pants pocket. I advised the male to stop resisting my efforts to handcuff him, and the male advised he was not resisting. I handcuffed the male, and I placed him in the rear of my squad car.

After the male was detained in the rear of my squad, I approached the vehicle again to speak with CHHIT. I asked CHHIT what the male's name was. CHHIT advised me the male's name was a 'Robert Hole' or ROBERT HOEL, and he was her ex-boyfriend. CHHIT also stated the vehicle she was driving was owned by her current boyfriend, Jonathan Haapala. I returned to my squad car and searched the name ROBERT HOEL in the Shield database. I was able to positively identify the male I had detained in my squad as ROBERT BROOKS HOEL (DOB: 09/29/1975) by viewing prior booking photos in Shield.

As I ran and attached HOEL's name to the call, I observed there was an active Gross Misdemeanor DWI warrant out of Wright County for HOEL's arrest. The warrant, however, was a Promise to Appear (PTA) Warrant and 911 dispatchers later verified Wright County would not extradite HOEL. As the warrant information was being aired over the radio, HOEL congratulated me from the rear of my squad on catching someone with a DWI warrant.

Through further investigation, the 2022 registration sticker on the Lexus was found to be owned by Jonathan Haapala, but it was supposed to be on one of his other vehicles. I explained the situation to CHHIT and the incorrect 2022 stickers were removed from the Lexus. A vehicle search was conducted based on the odor of marijuana. Marijuana, drug pipes, and grinders were seized from the vehicle.

HOEL was issued citation#: 690088206901 for Obstruction of Legal Process. I explained the citation to HOEL, and he advised he understood it. HOEL was released from my squad car and sent on his way along with CHHIT.

The seized marijuana and paraphernalia were disposed of.

End of report.

Deputy Prouse /#5368

AR 03/14/2022

| | | | |
|---|---|---|---|
| Report# : 1 | Officer: 05368 | Date: 03/14/2022 | |
| | Typed by: | Date: 03/14/2022 | Time: 08:10 |
| | Approved by: 1093 | Date: 03/14/2022 | |

**EXHIBIT B**

**CITATION DATA SUMMARY**

Issued March 14, 2022

# Citation Data Summary

| | | | |
|---|---|---|---|
| Citation Number | **690088206901** | Offense Date | **03/10/2022** |
| Ticket Date | **03/10/2022** | Offense Time | **10:51 PM** |
| Name | **HOEL, ROBERT BROOKS** | | |
| Involvement | **Citee** | Case Type | **Crim/Traf Mandatory** |
| Address | **1738 WARREN AVE**<br>**Duluth, MN 55811** | | |
| Date of Birth | **09/29/1975** | Issuing Agency | **St. Louis County Sheriff's Office - Duluth** |
| Eye Color | **Brown** | Community of Offense | **Midway Township** |
| Weight | **200** | Prosecuting Agency | **Midway Township Attorney** |
| Height | **6'"** | | |
| Driver's License State | **Minnesota** | | |
| Driver's License Number | **A671053539914** | CN/ICR | **22032259** |
| Fingerprints Taken | **No** | Officer Name | **ALEXANDER PROUSE** |
| Issuing Method | **In Person** | Officer Badge Number | **05368** |
| | | Location of Violation | **5678 OLD HWY 61, Midway Township** |
| Officer Comments | **See report** | | |

# Citation Vehicle Summary

| | |
|---|---|
| Commercial Vehicle | **No** |
| Hazardous Vehicle | **No** |

# Citation Charge Data

| | | | |
|---|---|---|---|
| Charge Number | **1** | Description | **GOVT-OBSTRUCT LEGAL PROCESS-NO FORCE-MISD** |
| Statute Number | **609.50.1(1)** | | |
| Degree | **Misdemeanor** | | |
| MOC | **X3080** | | |

**DISCLAIMER.** This document is not an exact representation of the paper citation issued in this matter. This document contains initial citation data accepted by the Minnesota Judicial Branch. It may not include all information provided on the paper citation.

**EXHIBIT C**

**Dismissal of Citation ("In the Interest of Justice," July 15 2024)**

Filed in District Court
State of Minnesota
7/15/2024 10:57 AM

**STATE OF MINNESOTA** **DISTRICT COURT**
**COUNTY OF ST. LOUIS** **SIXTH JUDICIAL DISTRICT**

STATE OF MINNESOTA

Plaintiff,

vs.

Robert Brooks Hoel,

Defendant.

**DISMISSAL OF CITATION BY PROSECUTING AUTHORITY PURSUANT TO RULE 30.01**

District Court File No: 69DU-CR-22-695

The Prosecuting Attorney hereby dismisses the Citation in the above-named case for the following reasons: in the interests of justice.

Dated this July 15, 2024

/s/Paula B. Young

Paula B. Young (0401265)
Assistant City Attorney
City of Duluth Attorney's Office
411 West First Street, Room 440
Duluth, MN 55802
(218) 730-5490
pyoung@duluthmn.gov

Cc: PBY

MINNESOTA JUDICIAL BRANCH

**EXHIBIT D**

**REGISTER OF ACTIONS**

Case Number: 69DU-CR-22-695

Case Title: State of Minnesota vs ROBERT BROOKS HOEL

**MINNESOTA JUDICIAL BRANCH**

**MINNESOTA COURT RECORDS ONLINE (MCRO)**

## Case Details (Register of Actions)

Search executed on 11/12/2025 05:55 AM

### Case Information

**Case Number:** 69DU-CR-22-695
**Case Title:** State of Minnesota vs ROBERT BROOKS HOEL
**Case Type:** Crim/Traf Mandatory
**Date Filed:** **03/14/2022**
**Case Location:** St. Louis County, St. Louis, Duluth
**Case Status:** Closed
**Citation Number:** 690088206901

### Party Information

#### Jurisdiction

**State of Minnesota**

#### Attorneys Active

- **ST. LOUIS COUNTY ATTORNEY - Lead Attorney**
- SWERTFEGER, COLLIN CHARLES

#### Defendant

**HOEL, ROBERT BROOKS**
DOB: 09/29/1975
MINNEAPOLIS, MN 55401

#### Attorneys Inactive

- McGivney, Robert William

### Warrants

**Inactive Warrants**

HOEL, ROBERT BROOKS Bench Warrant-fail to appear at a hearing
Judicial Officer: Hylden, Eric
06/10/2024 08:55 AM Status: Served

04/04/2022 01:30 PM Status: Issued Active

Bond/Bail Options

Bond or Cash Bail Amount: $1,000.00

## Charges

**Appear By:** 04/13/2022

1 GOVT-OBSTRUCT LEGAL PROCESS-NO FORCE-MISD **Statute:** 609.50.1(1)

**Disposition:** Dismissed **Disposition Date:** 07/15/2024

**Level of Charge:** Misdemeanor

**Offense Date:** 03/10/2022

**Community Of Offense:** Midway Township

**Law Enforcement Agency:** St. Louis County Sheriff's Office - Duluth

**Prosecuting Agency:** Midway Township Attorney

## Case Events

**09/13/2024** Dismissal by Prosecuting Attorney
Index #17
*1 page*

**09/13/2024** Notice of Hearing
Index #16
*1 page*

**09/12/2024** Notice of Hearing
Index #15
*1 page*

**09/10/2024** Request for Continuance Needing Judicial Approval
Index #14
*1 page*

**08/12/2024** Fail to Appear at a hearing

Party: Defendant HOEL, ROBERT BROOKS

| | | |
|---|---|---|
| **08/12/2024** | Hearing Held Remote | |
| **07/17/2024** | Notice of Remote Hearing with Instructions<br>Index #13 | *2 pages* |
| **07/16/2024** | Order-Other<br>Judicial Officer: Beiers, Leslie<br>Index #12 | *1 page* |
| **07/16/2024** | Order Granting Public Defender<br>Judicial Officer: Pearson, Shawn L<br>Party: Defendant HOEL, ROBERT BROOKS<br>Index #11 | |
| **07/16/2024** | Hearing Held In-Person | |
| **07/15/2024** | Motion<br>Party: Attorney ST. LOUIS COUNTY ATTORNEY<br>Index #10 | *1 page* |
| **07/15/2024** | Dismissal by Prosecuting Attorney<br>Index #9 | *1 page* |
| **06/10/2024** | Notice of Hearing<br>Index #8 | *1 page* |
| **06/10/2024** | Warrant Served | |
| **06/10/2024** | Warrant Return of Service<br>Index #7 | *2 pages* |
| **06/09/2024** | Sign & Release Warrant Court Date & Def Info Form<br>Index #6 | *1 page* |
| **04/04/2022** | Warrant Issued | |

| | | |
|---|---|---|
| | Index #5 | 1 page |
| **04/04/2022** | Fail to Appear at a hearing<br>Party: Defendant HOEL, ROBERT BROOKS | |
| **04/04/2022** | Hearing Held Using Remote Technology<br>Remote Party: Jurisdiction State of Minnesota | |
| **03/15/2022** | Notice of Remote Hearing with Instructions<br>Index #4 | 2 pages |
| **03/14/2022** | Offender Tracking Form<br>Index #3 | 2 pages |
| **03/14/2022** | Police or Incident Report<br>Index #2 | 3 pages |
| **03/14/2022** | Citation Data Summary<br>Index #1 | 1 page |
| **03/14/2022** | Citation E-Filed | |

## Hearings

**Previous Hearings**

**10/28/2024**

**01:30 PM**

Pre-trial
Judicial Officer: Harris, Dale O.
Location: 3rd Fl Ctrm 1
Cancelled; Dismissed

Date Updated: 09/12/2024

Continued to 10/28/2024 01:30 PM - Attorney Unavailable - HOEL, ROBERT BROOKS

Original Hearing Date: 09/16/2024 01:30 PM

| | | |
|---|---|---|
| **08/12/2024** **02:45 PM** | Arraignment<br>Judicial Officer: Harris, Dale O.<br>Location: 3rd Fl Ctrm 1 | **Result:** Held On the Record |
| **07/16/2024** **09:00 AM** | Hearing<br>Judicial Officer: Pearson, Shawn L<br>Location: 1st Fl Ctrm 4 | **Result:** Held On the Record |
| **04/04/2022** **02:45 PM** | Hearing<br>Judicial Officer: Hylden, Eric<br>Location: 1st Fl Ctrm 4 | **Result:** Held On the Record |

## Dispositions

**08/12/2024**

**Plea**

Judicial Officer: Harris, Dale O.

1 GOVT-OBSTRUCT LEGAL PROCESS-NO FORCE-MISD

**Statute:** 609.50.1(1)

**Level of Charge:** Misdemeanor

**Offense Date:** 03/10/2022

**Not guilty**

**07/15/2024**

**Disposition**

1 GOVT-OBSTRUCT LEGAL PROCESS-NO FORCE-MISD

**Statute:** 609.50.1(1)

**Disposition:** Dismissed

**Level of Charge:** Misdemeanor

**Offense Date:** 03/10/2022

**Community Of Offense:** Midway Township

**Law Enforcement Agency:** St. Louis County Sheriff's Office - Duluth

**Prosecuting Agency:** Midway Township Attorney

Search executed on 11/12/2025 05:55 AM