**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Deputy Alexander Prouse, et al.,<br><br>Defendants. | Case No. 25-cv-2342 (ECT/LIB) |

# COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Alexander Prouse and St. Louis County (collectively, "County Defendants") respectfully submit this answer to Robert Brooks Hoel's First Amended Complaint (ECF No. 35).

## INTRODUCTION

Plaintiff Robert Brooks Hoel, appearing in propria persona, brings this action under 42 U.S.C. § 1983 to remedy violations of his constitutional rights. On March 10, 2022, Defendants unlawfully detained Plaintiff without reasonable suspicion, used force without justification, seized and destroyed his recording device, and initiated a baseless criminal charge later dismissed "in the interest of justice." These actions caused Plaintiff to be wrongfully seized, deprived of property, and subjected to months of unwarranted legal jeopardy. Plaintiff seeks damages and all additional relief the Court deems just.

County Defendants admit that this action includes claims under 42 U.S.C. § 1983, that the action arises from an alleged incident on March 10, 2022, that the applicable criminal case against Hoel was dismissed in the interest of justice under Minn. R. Crim. P. 30.01 in September 2024, and that Hoel is seeking damages and other relief and otherwise deny the allegations in this paragraph.

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because Plaintiff asserts claims for violations of the United States Constitution and federal civil rights laws.

County Defendants admit that the Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2. The Court has supplemental jurisdiction over any related state-law claims under 28 U.S.C. § 1367(a).

County Defendants note that the First Amended Complaint does not expressly assert any state-law claim and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred in St. Louis County, Minnesota.

County Defendants admit the allegations in this paragraph.

## II. PARTIES

4. Plaintiff Robert Brooks Hoel is a natural person residing in Minnesota and appears in propria persona.

County Defendants admit that Hoel is a natural person and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendant Deputy Alexander Prouse was, at all relevant times, a deputy employed by the St. Louis County Sheriff's Office. Upon information and belief, he continues to serve in that role. He is sued in his individual capacity.

County Defendants admit the allegations in the first and third sentences and otherwise deny the allegations in this paragraph.

6. Defendant Joseph Carter was, at all relevant times, a police officer employed by the City of Proctor Police Department. Upon information and belief, he is now employed as a St. Louis County Deputy Sheriff. He is sued in his individual capacity.

County Defendants admit the allegations in the second and third sentences and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Defendant Doe #1 was a law-enforcement officer who arrived during the incident and participated in the unlawful search described below. His identity is presently unknown. He is sued in his individual capacity.

County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. Defendant St. Louis County is a Minnesota municipal corporation and is sued under 42 U.S.C. § 1983 as an artificial person whose customs, practices, or policies were the moving force behind the constitutional violations described herein.

County Defendants admit that St. Louis County is a body politic and corporate under Minnesota law and that St. Louis County is being sued under 42 U.S.C. § 1983 and otherwise deny the allegations in this paragraph.

9. Defendant City of Proctor is a Minnesota municipal corporation and is sued under 42 U.S.C. § 1983 and Monell as an artificial person whose customs, practices, or policies caused the constitutional violations described herein.

County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Each individual Defendant acted under color of state law. The municipal Defendants—St. Louis County and the City of Proctor—are liable as artificial persons under Monell v. Department of Social Services, 436 U.S. 658 (1978), for policies, customs, or practices that caused the constitutional violations alleged in this Complaint.

County Defendants admit the allegations in the first sentence to the extent the allegations relate to them, deny the allegations in the second sentence, and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## III. STATEMENT OF FACTS

11. On or about March 10, 2022, Plaintiff was at the Public Artesian Well ("Eldes Well House") in Midway Township, St. Louis County, Minnesota, filling water jugs near a vehicle operated by a female acquaintance.

County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations as to the name of the well and the nature of the relationship between Hoel and the driver of the vehicle and otherwise admit the allegations in this paragraph.

12. Defendant Prouse arrived in a marked St. Louis County Sheriff's squad car and asked Plaintiff what he was doing. Plaintiff explained that he was filling water jugs and that he was cold.

County Defendants state they lack knowledge or information sufficient to form a belief about the truth of the allegation that Hoel said that he was cold and otherwise admit the allegations in this paragraph.

13. When Prouse immediately demanded identification, Plaintiff declined because he was not the driver and had committed no offense. Plaintiff stated that he was freezing and entered the passenger side of the vehicle to warm up.

County Defendants admit that Prouse asked Hoel for his name, that Hoel declined to provide his name, and that Hoel eventually entered the vehicle on the passenger side and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Prouse appeared surprised to learn that Plaintiff was the passenger, not the driver. He then went to the driver's side, spoke briefly with the female driver, obtained her identification, and returned to his squad car.

County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence and otherwise admit the allegations in this paragraph.

15. After running the driver's ID, Prouse discovered that she had previously obtained restraining orders against other individuals. Although none of those orders involved Plaintiff, Prouse used them as a pretext to continue demanding Plaintiff's identification.

County Defendants admit that, after running a query on the driver of the vehicle, Prouse learned that the driver was a party to a domestic abuse no contact order and a harassment restraining order, admit that Hoel was not a party to either order (though Prouse did not know that at the time, given that Hoel had declined to provide his name), and otherwise deny the allegations in this paragraph.

16. Prouse then claimed that the vehicle's registration tags were "improper," although the displayed registration appeared current and no citation for any registration violation was ever issued.

County Defendants admit that Prouse spoke with Hoel and the driver of the vehicle about registration of the vehicle, that the vehicle bore a 2022 registration sticker even though a query on the license plate of the vehicle showed an expiration of registration in May 2021, and that no citation for a registration violation was issued and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Defendant Carter arrived to assist Prouse. A third unidentified officer—later designated as Doe #1—also appeared on the scene at some point before or during the search. Plaintiff does not know whether Doe #1 arrived with Prouse, with Carter, or separately.

County Defendants admit the allegations in the first sentence and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. After conferring near their vehicles, Prouse and Carter approached the passenger side, opened Plaintiff's door, and ordered him to exit. Plaintiff was recording the encounter on his phone, exercising his First Amendment right to document police activity.

County Defendants admit that Prouse and Carter made contact with Hoel and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. As Plaintiff began to comply, Defendants Prouse and Carter suddenly opened the passenger door and seized him without warning. A small Ziploc bag containing Plaintiff's legal rolling tobacco, previously resting on his lap, became visible to the officers. Using the sight of this tobacco as a pretext to escalate, Defendants yanked Plaintiff from the vehicle and drove him against the car. While shouting "stop resisting" despite the absence of any resistance, Defendant Prouse drove his knee and shoulder into Plaintiff's leg and upper back—consistent with his own report describing "applying pressure"—to pin Plaintiff against the vehicle and wrench his left arm behind his back. Defendants forcibly ripped Plaintiff's phone from his hand for the purpose of stopping the recording.

County Defendants admit that Prouse advised Hoel to stop resisting and that Prouse pulled Hoel's left hand behind Hoel's back while applying pressure to Hoel's leg and upper back to push Hoel up against the vehicle and otherwise deny the allegations in this paragraph.

20. Prouse later wrote that he "believed [the tobacco] to be marijuana," yet no marijuana was found, photographed, seized, tested, or field-tested. No drug charge was issued.

County Defendants admit the allegations in the second sentence and otherwise deny the allegations in this paragraph.

21. After handcuffing Plaintiff, Defendants conducted a pat search and removed two phones and other personal items from Plaintiff's pockets, placing them on top of Prouse's squad car. Plaintiff's ceremonial tobacco and rolling machine were stepped on and damaged during the forceful takedown.

County Defendants admit that Prouse handcuffed Hoel, deny that there was a forceful takedown, and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Plaintiff was then placed in the back of Prouse's squad car. At some point during or after the takedown, a third officer—later designated as Doe #1—appeared and joined the search of the vehicle. Plaintiff did not know Doe #1's identity, agency, or time of arrival, but observed him actively participating in the search.

County Defendants admit the allegations in the first sentence, deny that there was a takedown, and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Defendants, including Doe #1, conducted a warrantless search of the vehicle without consent, probable cause, or exigent circumstances. They removed items from the vehicle, examined them, and showed them to each other. No contraband or evidence of any crime was found.

County Defendants admit that there was no search warrant and that items were removed from the vehicle, examined, and shown and otherwise deny the allegations in this paragraph.

24. Prouse later wrote in his report that he "smelled an odor of marijuana emanating from the vehicle," yet his own report confirms that no marijuana was found, no testing was performed, and no drug-related citation was issued.

County Defendants admit that Prouse's report states that he "observed a strong odor of marijuana emitting from inside the vehicle" and that "[a] vehicle search was conducted based on the odor of marijuana," that the report does not indicate that

any drug testing was performed, and that the report does not indicate that any drug-related citation was issued and otherwise deny the allegations in this paragraph.

25. After completing the search, Defendants released the driver and dog and purported to issue Plaintiff a citation for "Obstruction of Legal Process" under Minn. Stat. § 609.50, subd. 1(1). The citation was created and filed without Plaintiff's knowledge or signature, as the citation's issue date (March 14, 2022) post-dates the incident by four days, while the police narrative is dated March 10, 2022.

County Defendants admit the allegations in the first sentence except state that they lack knowledge or information sufficient to form a belief about the truth of the allegation as to the dog, admit that the citation was issued on March 10, 2022, and filed in state court on March 14, 2022, deny that the citation was not provided to Hoel on March 10, 2022, and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. When Defendants departed the scene, Plaintiff's two phones and other personal items were still resting on top of Prouse's squad car. A short time later, Prouse returned with one phone—the screen shattered—admitting that he had driven off with both devices and lost the other along the roadway.

County Defendants admit that Prouse inadvertently left the scene with a phone on his squad car and that, a short time later, Prouse returned to the scene to return the phone to Hoel and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. Prouse told Plaintiff he would search for the missing phone and remaining personal property and return again. Plaintiff and the driver waited for an extended period, but Prouse never came back. No inventory, receipt, chain-of-custody form, or lost-property documentation was ever provided.

County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. The sole criminal charge brought against Plaintiff—Obstruction of Legal Process under Minn. Stat. § 609.50, subd. 1(1)—was based entirely on Plaintiff's refusal to identify himself despite not being the driver of the vehicle, and on Plaintiff's protected act of recording the officers. Under Minnesota law, passive non-compliance, refusal to identify oneself in the absence of lawful detention, and audio-video recording of police activity do not constitute "obstruction" and do not interfere with any lawful duty. Plaintiff never resisted, fled, threatened, or impeded any officer. The charge was dismissed "in the interest of justice" (see Exhibit C), indicating that probable cause had been lacking and the Plaintiff was subjected to wrongful arrest and prolonged criminal jeopardy.

County Defendants admit that Hoel was charged with obstruction of legal process under Minn. Stat. § 609.50, subd. 1(1), and otherwise deny the allegations in the first sentence of this paragraph. County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph. County Defendants deny the allegations in the third sentence of this paragraph. County Defendants admit that the criminal case against Hoel was dismissed in the interest of justice under Minn. R. Crim. P. 30.01 in September 2024 and otherwise deny the allegations in the fourth sentence of this paragraph.

29. Public court records from the related prosecution (69DU-CR-22-695) show inconsistent handling among Midway Township and St. Louis County Attorney's Offices. These filings, reflected in the Register of Actions, are relevant to Plaintiff's malicious-prosecution and Monell claims and are appropriate subjects for discovery (see Exhibit D).

County Defendants state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## IV. CLAIMS FOR RELIEF

### Count I – Unlawful Seizure (Fourth Amendment)

30. Defendants Prouse and Carter detained Plaintiff without reasonable suspicion or probable cause, in violation of the Fourth Amendment.

County Defendants deny the allegations in this paragraph.

31. As described in paragraphs 11–18, Plaintiff was a passenger who had committed no offense. Defendants lacked any lawful basis to demand identification, compel him from the vehicle, or restrain him.

County Defendants incorporate by reference their responses to paragraphs 11–18 and otherwise deny the allegations in this paragraph.

**Count II – Excessive Force (Fourth Amendment)**

32. As described in paragraphs 18–19, Defendants Prouse and Carter used unnecessary and disproportionate force against Plaintiff, who was compliant, unarmed, and non-threatening.

County Defendants incorporate by reference their responses to paragraphs 18–19 and otherwise deny the allegations in this paragraph.

33. The force used—including yanking Plaintiff from the vehicle, driving a knee and shoulder into him, wrenching his arm, and ripping the phone from his hand—was objectively unreasonable under the circumstances and violated clearly established Fourth Amendment protections.

County Defendants deny the allegations in this paragraph.

**Count III – Unlawful Search (Fourth and Fourteenth Amendments)**

34. As described in paragraphs 20–24, Defendants—including Doe #1—conducted a warrantless search of the vehicle without consent, without probable cause, and without exigent circumstances.

County Defendants incorporate by reference their responses to paragraphs 20–24, admit that there was no search warrant, and otherwise deny the allegations in this paragraph.

35. No contraband or evidence of any crime was found. Nonetheless, Plaintiff's property was damaged and items were handled or displaced without documentation, depriving Plaintiff of liberty and property without due process of law.

County Defendants deny the allegations in this paragraph.

**Count IV – Retaliation for Recording (First Amendment)**

36. As described in paragraphs 17–19, Defendants Prouse and Carter intentionally interfered with and retaliated against Plaintiff for exercising his clearly established right to record police officers performing their duties in public.

County Defendants incorporate by reference their responses to paragraphs 17–19 and otherwise deny the allegations in this paragraph.

37. Their actions—including seizing Plaintiff's phone, stopping the recording, escalating force, and suppressing documentation—constitute unlawful retaliation in violation of the First Amendment.

County Defendants deny the allegations in this paragraph.

**Count V – Failure to Intervene / Failure to Train and Supervise (Monell Liability)**

38. Defendant Carter had a realistic opportunity to prevent Defendant Prouse's unlawful seizure, excessive force, interference with recording, and warrantless search, yet failed to intervene. This omission violated Plaintiff's clearly established constitutional rights.

County Defendants deny the allegations in this paragraph.

39. In its Opinion and Order dated October 30, 2025, the Court held that Plaintiff's prior Monell allegations lacked factual detail regarding the specific customs, practices, or training deficiencies alleged. Plaintiff now provides the additional factual enhancements required by the Court.

County Defendants admit the allegations in the first sentence and otherwise deny the allegations in this paragraph.

40. Upon information and belief, St. Louis County and the City of Proctor maintained longstanding customs, practices, or failures to train that tolerated:

(a) investigative detentions unsupported by reasonable suspicion;

(b) unnecessary escalation during routine encounters with non-threatening individuals;

(c) interference with citizens' First Amendment right to record officers;

(d) warrantless vehicle searches without probable cause; and

(e) inadequate procedures for safeguarding, documenting, and returning seized personal property.

County Defendants deny the allegations in this paragraph.

41. The need for training on these subjects was obvious given the frequency with which deputies and officers interact with citizens who record them, decline to provide identification, or otherwise engage in lawful conduct during non-criminal encounters. The municipalities were on notice that, without such training, constitutional violations were a plainly foreseeable consequence.

County Defendants deny the allegations in this paragraph.

42. The conduct of Defendants Prouse and Carter reflects these municipal deficiencies: both escalated a non-criminal encounter, interfered with recording, participated in a warrantless search, and failed to secure or return Plaintiff's phones and personal property. Their conduct was consistent with—and not an aberration from—the municipalities' inadequate training and supervisory practices.

County Defendants deny the allegations in this paragraph.

43. These municipal failures were the moving force behind the constitutional injuries suffered by Plaintiff. Further factual support will be developed in discovery, including through training records, body-camera policies, complaint histories, supervisory reviews, and property-handling logs.

County Defendants deny the allegations in this paragraph.

**Count VI – Malicious Prosecution (Fourth Amendment)**

44. As described in paragraphs 24–29, Defendants initiated and pursued a criminal prosecution against Plaintiff without probable cause, relying on fabricated or misleading justifications and contradictions within their own reports.

County Defendants incorporate by reference their responses to paragraphs 24–29 and otherwise deny the allegations in this paragraph.

45. The charge was ultimately dismissed "in the interest of justice," confirming the absence of any lawful basis for the prosecution and constituting a violation of Plaintiff's rights under the Fourth Amendment.

County Defendants admit that the criminal case against Hoel was dismissed in the interest of justice under Minn. R. Crim. P. 30.01 in September 2024 and otherwise deny the allegations in this paragraph.

## V. DAMAGES

46. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical pain, emotional distress, humiliation, loss of liberty, and damage to or loss of personal property. Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, and attorney's fees and costs under 42 U.S.C. § 1988.

County Defendants deny that Hoel is entitled to compensatory damages, punitive damages, attorney's fees, and costs, and otherwise state that they lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## VI. JURY DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

County Defendants admit the allegations in this paragraph.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in his favor on all claims;

(b) Award compensatory damages in an amount to be determined at trial;

(c) Award punitive damages against the individual Defendants to deter similar future misconduct;

(d) Award costs and attorney's fees pursuant to 42 U.S.C. § 1988;

(e) Issue any appropriate declaratory or injunctive relief necessary to ensure future compliance with constitutional requirements; and;

(f) Grant such further relief as the Court deems just and proper.

County Defendants deny that Hotel is entitled to any relief and otherwise deny the allegations in this paragraph.

**<u>Affirmative Defenses</u>**

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. The claims against Prouse, in his individual capacity, are barred by the doctrine of qualified immunity.

3. To the extent, if any, that the First Amended Complaint is construed as asserting state-law claims against County Defendants, the claims are barred by the immunities in Minn. Stat. § 466.03 and the doctrines of official immunity and vicarious official immunity.

WHEREFORE, County Defendants respectfully request that the Court:

A. dismiss with prejudice Hoel's claims against them;

B. enter judgment in their favor;

C. award them the reasonable costs and attorney's fees they have incurred in defending this action; and

D. grant them such other and further relief as the Court deems just and proper.

Dated: December 5, 2025

Respectfully submitted,

KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

s/ Nick D. Campanario
Nick D. Campanario (#0316179)
Assistant County Attorney – Civil Division Head
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802-1298
(218) 726-2323
campanarion@stlouiscountymn.gov

Attorney for Alexander Prouse and St. Louis County