UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert Brooks Hoel,

Plaintiff,

vs.

Deputy Alexander Prouse; Officer Joseph Carter; Doe #1; The City of Proctor; St. Louis County,

Defendants.

Case No. 25-CV-2342 ECT/LIB

---

# JOINT 26(f) REPORT

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on **November 26, 2025**, and prepared the following report. Currently, there is no pretrial conference scheduled. Following the passing of the Pretrial Document Submissions Deadlines established in the Pretrial Scheduling Notice and Order (ECF No. 34), an order establishing a schedule for all pretrial proceedings, and such other matters as contemplated by Rule 16, shall be entered, by the Court.

(a) Description of the Case.

(1) Concise factual summary of plaintiff's claims:

**Plaintiff alleges violations of his constitutional rights arising from a March 10, 2022 encounter involving a St. Louis County Sheriff's deputy and a Proctor Police Department officer. Plaintiff contends that he was**

**unlawfully detained, misidentified, subjected to unreasonable force, and subsequently prosecuted without probable cause. Plaintiff seeks damages and injunctive relief under 42 U.S.C. § 1983.**

(2) Concise factual summary of defendant's claims/defenses:

**Joseph Carter and the City of Proctor ("City Defendants") assert at all times material, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, and proper. City Defendants additionally assert the doctrines of qualified, statutory, or official immunity.**

**With regard to Alexander Prouse and St. Louis County (collectively, "County Defendants"), the First Amended Complaint asserts claims under 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution. The claims arise from an alleged incident involving Plaintiff, Prouse, and others on March 10, 2022. The relevant facts are summarized in the police report prepared by Prouse and attached to the First Amended Complaint as Exhibit A. County Defendants' defenses include, without limitation, that Prouse is entitled to qualified immunity on all claims asserted against him, as he did not commit a violation of any clearly established constitutional right. Furthermore, no alleged violation was caused by a county policy or custom, as required to establish a claim against the county under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and related precedents.**

(3) Statement of jurisdiction (including statutory citations):

**This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state claims, if any, pursuant to 28 U.S.C. § 1367.**

(4) Summary of factual stipulations or agreements:

**None.**

(5) Statement of whether a jury trial has been timely demanded by any party:

**Plaintiff timely demanded a jury trial in his Complaint (ECF No. 1) and his Amended Complaint (ECF No. 35). City Defendants timely demanded a jury trial in their Answer to the Complaint (ECF No. 33) and their Answer to the Amended Complaint (ECF No. 36).**

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**The parties do not agree to resolve under the Rules of Procedure for Expedited Trials.**

(b) Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

**Process has been served and all pleadings have been filed. At present, no party plans to amend pleadings or add additional parties to the action.**

(c) Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

**Plaintiff's Position:**

**Plaintiff anticipates written discovery and depositions relating to the circumstances of the March 10, 2022 encounter, including the identification process, detention, use of force, and events leading to the subsequent prosecution. Plaintiff anticipates that third-party discovery may be necessary to obtain records from agencies involved in warrant verification or execution connected to the incident. Plaintiff does not anticipate discovery issues beyond the normal scope of a § 1983 action.**

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **January 2, 2026.**

(2) The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by **June 1, 2026.**

(3) The parties must commence fact discovery procedures in time to be completed by **July 1, 2026.**

(4) The parties propose that the Court limit the use and numbers of discovery procedures as follows:

(A) **25** interrogatories each for Plaintiff and each group of separately-represented Defendants (groups will make effort to avoid duplication);

(B) **35** document requests each for Plaintiff and each group of separately-represented Defendants (groups will make effort to avoid duplication);

(C) **5** factual depositions;

(D) **25** requests for admissions each for Plaintiff and each group of separately-represented Defendants (groups will make effort to avoid duplication);

(E) **1** Rule 35 medical examinations; and

(F) **n/a** other.

(d) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

(A) The Plaintiff anticipates calling **one to two** experts in the fields of: police practices, use of force, and law enforcement procedures.

(B) The Defendants anticipate calling **one to two** experts in the fields of: policies and procedures.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before:

**June 1, 2026**

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before:

**July 1, 2026**

(B) Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before:

**July 15, 2026**

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before:

**August 1, 2026**

(3) All expert discovery must be completed by **September 15, 2026**.

(e) Other Discovery Issues.

(1) Protective Order. Defendants believe that a protective order is necessary to govern discovery and **will** submit a proposed protective order.

(2) Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

**Electronically stored information will be produced through the normal course of responses to discovery, subject to appropriate objections and privilege.**

(3) Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. **The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material; provided, however, that the parties need not comply with Fed. R. Civ. P. 26(b)(5) as to any information,**

**material, document, communication, or tangible thing that came into existence on or after June 4, 2025, the date on which the Complaint was filed. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.**

(4) The parties:

☐ agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

**X** agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

☐ do not agree whether a party should be required to request an informal conference with the Court before filing a discovery motion.

(f) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **February 1, 2026.**

(2) Motions seeking to amend the pleadings must be filed and served by **February 1, 2026.**

(3) All other non-dispositive motions must be filed and served by **July 15, 2026.**

(4) All dispositive motions must be filed and served by **September 1, 2026.**

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after **January 1, 2027**.

(2) The parties propose that the final pretrial conference be held on or before **February 1, 2027**.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**The City of Proctor and its employees are self-insured as participating members of the League of Minnesota Cities Insurance Trust. Coverage limits are available upon request. St. Louis County is self-insured and is defending and indemnifying Alexander Prouse. Damages as to tort claims under state law are subject to the limits in Minn. Stat. § 466.04 (2025).**

(i) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

(2) The parties propose that a settlement conference be scheduled to take place on or after

**Plaintiff: Plaintiff is open to discussing settlement at an appropriate stage of the case, after the exchange of initial discovery.**

**Defendants: Defendants propose a settlement conference after a decision on Summary Judgment.**

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

**The parties have not at this stage discussed alternative dispute resolution.**

(j) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: December 8, 2025

s/Robert Hoel
Robert Brooks Hoel
General Delivery
Minneapolis, MN 55401
bobhoel@gmail.com
*Pro se Plaintiff*

DATE: December 8, 2025

s/Carlos Soto-Quezada
Stephanie A. Angolkar, #388336
Carlos Soto-Quezada, #505571
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
stephanie@iversonlaw.com
carlos@iversonlaw.com
(952) 548-7200
*Attorneys for City of Proctor and Officer Joseph Carter*

KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

DATE: December 8, 2025

s/Nick Campanario
Nick D. Campanario (#0316179)
Assistant County Attorney–Civil Division Head
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802-1298
(218) 726-2323
campanarion@stlouiscountymn.gov
*Attorneys for St. Louis County and Alexander Prouse*