UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert Brooks Hoel,
Plaintiff,

v.

Deputy Alexander Prouse, Officer Joseph Carter, Doe #1, the City of Proctor, and St. Louis County,
Defendants.

Civil Action No. 0:25-cv-02342-ECT-LIB

## PLAINTIFF'S STATEMENT OF THE CASE

### Plaintiff's Version of the Facts

On March 10, 2022, while Plaintiff was filling water jugs at a public well, officers initiated contact, and Plaintiff recorded the interaction on his phone. Officers seized the recording device, arrested Plaintiff without probable cause, and placed him in a squad car. During the arrest, officers took possession of Plaintiff's personal property; one phone was returned damaged, and other items were not returned. A citation was later entered against Plaintiff and remained pending for more than two years before dismissal.

### Particularized Facts Establishing Liability Under Applicable Constitutional and Statutory Provisions

The following facts establish violations of Plaintiff's constitutional rights actionable under 42 U.S.C. § 1983. The rights at issue—recording police activity, freedom from arrest without probable cause, and freedom from unreasonable interference with property—were clearly established at the time of the events:

1. **First Amendment – Interference with Protected Recording (42 U.S.C. § 1983).**

   Plaintiff was engaged in protected First Amendment activity by recording officers. An officer seized the recording device, constituting an adverse action causally linked to Plaintiff's protected conduct.

2. **Fourth Amendment – Unlawful Seizure and Arrest (42 U.S.C. § 1983).**

   Plaintiff was arrested and placed in a squad car without probable cause, constituting an objectively unreasonable seizure under the Fourth Amendment.

3. **Fourth/Fourteenth Amendments – Property Deprivation Without Due Process (42 U.S.C. § 1983).**

   Officers took possession of Plaintiff's personal property during the arrest. One phone was returned damaged, and other items were not returned, resulting in a deprivation of property without due process.

4. **Fourth Amendment – Malicious Prosecution (42 U.S.C. § 1983).**

   A citation was initiated against Plaintiff and remained pending for more than two years before dismissal, supporting a Fourth Amendment malicious-prosecution claim.

5. **Municipal Liability – Monell (42 U.S.C. § 1983).**

   St. Louis County and the City of Proctor are liable under Monell because their policies, customs, practices, and failures in training or supervision were the moving force behind the unlawful seizure, interference with protected activity, property deprivation, and prosecution.

**Itemization and Explanation of Claimed Damages**

Plaintiff seeks compensatory damages for injuries arising from the unlawful seizure and arrest, interference with protected activity, and the damage or loss of personal property. Plaintiff seeks punitive damages against the individual defendants pursuant to 42 U.S.C. § 1983. Plaintiff further seeks attorney's fees and costs under 42 U.S.C. § 1988, and declaratory or injunctive relief as necessary to ensure compliance with constitutional requirements.

Dated: December 10, 2025

Respectfully submitted,

/s/ Robert Brooks Hoel

Robert Brooks Hoel

General Delivery

Minneapolis, MN 55401

bobhoel@gmail.com