**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel,
Plaintiff,

Case No. 0:25-cv-02342-ECT-LIB

v.

Alexander Prouse; Joseph Carter; Doe #1;
City of Proctor; and St. Louis County,
Defendants.

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY PRETRIAL SCHEDULING ORDER

## INTRODUCTION

This motion presents a sequencing problem, not a request for time for time's sake. Plaintiff investigated the case before party discovery opened, served document discovery months before the cutoff, promptly pursued deficiencies, sat for his deposition, and raised the scheduling problem with both defense groups more than six weeks before fact discovery closes. He continued working under the existing schedule and has reduced the requested fact extension from November 16 to October 30. See Hoel Decl. ¶¶ 3-10.

The present calendar now speaks for itself: discovery motions concerning the first document requests are set for September 9; Carter and Prouse are scheduled for September 11; the County's first interrogatory answers and RFA responses are due September 14; and fact discovery closes September 15. August 26 was the first date Plaintiff received any interrogatory or RFA responses from any Defendant. Hoel Decl. ¶¶ 19-22.

The final weeks also produced information that materially changes how the remaining discovery should be conducted: two previously unknown County fleet-camera recordings; a materially developed role for Deputy Wyatt Phaneuf as a fact witness; unresolved Proctor recording and review-system questions; and internal prosecution evidence unavailable when the March 15 amendment deadline expired. Hoel Decl. ¶¶ 11-18. Plaintiff can take depositions on short notice. He should not have to take important testimony prematurely merely to force it into an artificial sequence before the written answers and production needed to make that testimony useful.

## LEGAL STANDARD

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Diligence is the primary measure of good cause. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Schnuck Markets, Inc. v. First Data Merchant Servs. Corp., 852 F.3d 732, 740 (8th Cir. 2017). Local Rule 16.3 requires the motion to identify completed and remaining discovery, explain why it remains incomplete, state the time needed, and address the effect on other deadlines.

## ARGUMENT

### I. PLAINTIFF HAS DILIGENTLY PURSUED THE EVIDENCE.

Plaintiff did not wait until May to begin investigating. Before serving party discovery, he pursued records from Proctor, St. Louis County, Hennepin County, Wright County, and the related state-court files. The June 2024 Hennepin release sequence involving the St. Louis and Wright warrants was already an active subject of investigation, and the present Rule 45 work follows public-record efforts that did not answer the remaining provenance, transmission, and custody questions. Hoel Decl. ¶¶ 3-6. The same Hennepin detention also resulted in destruction of the laptop that contained Plaintiff's recovered copy of the March 10, 2022 Incident video. Hoel Decl. ¶ 6.

Plaintiff served the first party RFPs in May, promptly pursued deficiencies, reviewed rolling supplementation, participated in repeated conferral, sat for his deposition on July 22, and scheduled the principal officer depositions. On August 1, more than six weeks before cutoff, he formally proposed modifying the schedule and identified the remaining party, deposition, Rule 45, and follow-up work. He initially sought discovery through November 16; after continuing to work and narrow the case, he now seeks only through October 30. Hoel Decl. ¶¶ 7-10.

### II. LATE-DEVELOPED FACTS MAKE THE CURRENT SEQUENCE UNREASONABLE.

On August 7, County supplementation first disclosed separate Prouse and Phaneuf fleet-camera recordings and their later deletion. The production materially developed Phaneuf as a fact witness to the later scene phase, including the vehicle search, the claimed discovery and disposition of marijuana and paraphernalia, and the handling of Plaintiff's dog, Jax. Plaintiff does not intend to add Phaneuf as Doe #1; his importance is evidentiary. Plaintiff promptly pursued his deposition, but no date and time had been fixed when this motion was filed. Hoel Decl. ¶¶ 11-14.

Proctor's recording and review discovery likewise remained unresolved on August 26. The City still could not identify whether an Incident recording existed, Carter did not independently remember activation, the actual squad used that night remained undocumented, further WatchGuard inquiry remained possible, and responsive review communications may require searching the former Police Chief's email account. Hoel Decl. ¶¶ 16-18.

Discovery also produced the August 9, 2024 Beck-to-Prouse email stating, after research and consultation, that the obstruction citation had to be dismissed and explaining why the available facts did not support the charged subsection or the alternative considered. Plaintiff does not ask the Court to decide the merits of that communication here. It matters because material prosecution-side facts emerged after the March 15 amendment deadline and bear on the remaining discovery and any later Rule 15 motion. Hoel Decl. ¶ 15.

### III. THE CALENDAR, NOT WITNESS AVAILABILITY, CREATES THE PROBLEM.

The Court need not assign fault for each unresolved dispute. The relevant point is the sequence: September 9 discovery rulings; September 11 Carter and Prouse depositions; September 14 County written responses; September 15 cutoff. Prouse is presently scheduled to be deposed before the County's sworn written answers are due. Any September 9 compelled production would arrive on the same compressed calendar. Hoel Decl. ¶¶ 19-23.

The parties' final scheduling conferral focused heavily on whether Phaneuf could physically be placed on the calendar before September 15. But Plaintiff's extension request was never principally about finding Phaneuf an available slot. It also concerns unresolved May document discovery, the September 9 rulings, County responses due September 14, the newly disclosed

recordings, Proctor system discovery, prosecution-history discovery, and targeted nonparty discovery. See Plaintiff's Meet-and-Confer Statement; Hoel Decl. ¶¶ 23-25.

**IV. THE REQUESTED MODIFICATION IS LIMITED AND PRESERVES THE CASE STRUCTURE.**

Fact discovery through October 30 provides approximately six additional weeks to complete ordered supplementation, take Carter, Prouse, and Phaneuf on an informed record, finish the narrow recording and reporting inquiries, complete the targeted Rule 45 productions, and conduct only focused follow-up generated by those results. Plaintiff does not seek to reopen discovery generally or extend expert discovery. Hoel Decl. ¶¶ 25-27.

Reopening the amendment/add-party motion deadline through November 20 does not approve an amendment or add anyone. It preserves a later Rule 15 motion based on the developed record. Plaintiff also intends, if leave is later sought, to correct the omitted conversion count and the inaccurate marijuana characterization identified at his deposition; those preexisting corrections are not themselves the basis for Rule 16 good cause. Hoel Decl. ¶ 28.

The requested ten additional interrogatories and ten additional RFAs per defense group are limited to matters first disclosed or materially clarified through later supplementation, compelled production, or depositions. No additional RFP allotment is requested. The December 3 settlement conference and existing trial-readiness provision remain unchanged. Hoel Decl. ¶¶ 29-30.

**CONCLUSION**

Plaintiff respectfully requests fact discovery through October 30, 2026; reopening of the amendment/add-party motion deadline with any such motion filed and heard by November 20, 2026; nondispositive motions heard by November 20, 2026; dispositive motions due January 15, 2027; the narrowly limited additional interrogatories and RFAs described above; and all other Scheduling Order provisions unchanged.

August 26, 2026

Respectfully submitted,
/s/ Robert Brooks Hoel
Robert Brooks Hoel
Plaintiff, In Propria Persona
General Delivery, Duluth, Minnesota
bobhoel@gmail.com

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum complies with the word-limit requirements of Local Rule 7.1(f) and the formatting requirements of Local Rule 7.1(h). The memorandum contains 1,147 words, excluding the caption, signature block, and this certificate as permitted by Local Rule 7.1(f)(1)(C). The word count was generated using LibreOffice Writer 25.2.3.2 and was applied to all countable text, including headings, quotations, and footnotes.

August 26, 2026

/s/ Robert Brooks Hoel
Robert Brooks Hoel
Plaintiff, In Propria Persona