**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel,
Plaintiff,

Case No. 0:25-cv-02342-ECT-LIB

v.

Alexander Prouse; Joseph Carter;
Doe #1; City of Proctor; and
St. Louis County,
Defendants.

# DECLARATION OF ROBERT BROOKS HOEL IN SUPPORT OF MOTION TO MODIFY PRETRIAL SCHEDULING ORDER

I, Robert Brooks Hoel, declare as follows:

1. I am the Plaintiff in this action. I make this declaration from personal knowledge and from records produced to me in discovery or obtained through my records investigation.
2. The January 7, 2026 Pretrial Scheduling Order, ECF No. 44, sets September 15, 2026 as the fact-discovery deadline and March 15, 2026 as the amendment/add-party motion deadline.
3. My investigation did not begin when I served party discovery in May. Before that, I was pursuing relevant public and court records from Proctor, St. Louis County, Hennepin County, Wright County, and the related state-court files.
4. The June 2024 Hennepin County detention and release, including the processing of St. Louis and Wright County warrant and release documents, has been a subject of my investigation since before this action was filed. During the present discovery period I continued seeking Hennepin custody, warrant-processing, audit, transmission, and video records and compared the production with the related court files. Material questions remained unanswered, which is why I am now pursuing targeted Rule 45 records.
5. That same June 2024 Hennepin detention also resulted in destruction of my laptop. The laptop contained the copy of the March 10, 2022 Incident video that I had recovered from the damaged phone after the phone became unusable.
6. On May 21, 2026, I served my First Joint Requests for Production on Prouse and St. Louis County, and on May 22 I served my First Joint Requests for Production on Carter and Proctor.
7. I reviewed the productions as they arrived, promptly identified specific deficiencies, pursued supplementation rather than immediately moving to compel, participated in conferral with defense counsel, and sat for my deposition on July 22, 2026.
8. On August 1, 2026, more than six weeks before the discovery cutoff, I served both defense groups with a written proposal to modify the schedule. I identified unresolved party production, pending written discovery, officer depositions, contemplated nonparty subpoenas, and possible focused follow-up. I initially proposed fact discovery through November 16, 2026. A true and correct copy of that August 1 proposal is attached as Exhibit A.
9. I continued working under the existing schedule after August 1. As discovery developed and issues narrowed, I reduced the requested fact-discovery extension and now seek only through October 30, 2026.

10. On August 7, 2026, the County produced audit records concerning separate fleet-camera recordings made by Prouse and Deputy Wyatt Phaneuf during portions of the March 10, 2022 Incident. I had not previously known that Phaneuf had a separate Incident recording. True and correct copies of the Prouse and Phaneuf audit records are attached as Exhibit B. On August 9, I served a focused completion request addressing the newly disclosed recordings and other remaining County discovery issues; a true and correct copy of that request is attached as Exhibit C.
11. The Phaneuf audit identifies a rear-oriented Fleet 2 recording beginning at approximately 10:27 p.m. County records also attribute to Phaneuf contact with the female driver, participation in the vehicle search, the claimed discovery of marijuana and paraphernalia, and taking those items for destruction.
12. My dog, Jax, was also moved and controlled by officers during this later portion of the Incident. The narrative materials produced to me do not fully identify who handled Jax or what documentation was created concerning that handling.
13. I do not intend to add Phaneuf as Doe #1 or as another defendant. I consider him an important fact witness concerning the later scene phase, the vehicle search, property handling and documentation, his recording, and the handling of Jax.
14. I promptly pursued Phaneuf's deposition. As of this filing, County counsel has reported that he is generally available during the weeks of August 31 and September 7, but no deposition date and time has been fixed.
15. Discovery also produced an August 9, 2024 email from Assistant St. Louis County Attorney Annika Beck to Prouse stating that, after research and consultation, she had concluded that she had to dismiss the obstruction citation and explaining why she believed the charged subsection and an alternative obstruction theory were not supported by the available facts. I did not possess that internal communication when the March 15, 2026 amendment deadline expired. A true and correct copy of Beck's August 9, 2024 email is attached as Exhibit D.
16. My first Proctor RFP sought Incident recordings and information concerning retention or deletion. On August 26, Proctor served formal interrogatory answers, RFA responses, Second-RFP responses, and additional production. August 26 was the first date on which I received any interrogatory answers or RFA responses from any Defendant in this action.
17. Later on August 26, after I narrowed the remaining Proctor issues and conferred again, Proctor counsel advised that the City did not know whether an Incident recording existed; Carter did not independently remember whether he activated the MVR; Carter customarily used Squad 181 but the City lacked documentation identifying the squad used that night; further WatchGuard inquiry could be made; and the City had no estimate for the cost of obtaining Motorola purge information.
18. Proctor counsel also advised that determining whether certain reporting-review records existed would require searching the former Police Chief's email account.
19. I served the final County interrogatories and RFAs by email on August 13, 2026. Their responses are due September 14, 2026 because the thirtieth day falls on a weekend.
20. The motions to compel concerning both defense groups are set for hearing on September 9, 2026. Carter and Prouse are presently scheduled for deposition on September 11. County interrogatory and RFA responses are due September 14. Fact discovery closes September 15.
21. I can conduct depositions on short notice. My concern is not physical ability to take testimony before September 15. I do not want to be required to take important testimony before the County's sworn written responses are due and while material production and recording-system discovery remains unresolved, leaving almost no orderly opportunity to use late information in focused follow-up.

22. On August 23, I sent County counsel a final Rule 37 conference letter addressing multiple unresolved discovery categories arising from the May RFPs and separately raised Phaneuf's deposition. On August 25, County counsel advised that he had not yet reviewed the letter in detail. On August 26, he reported Phaneuf's general availability and stated that there was no need to modify the scheduling order on account of Phaneuf's deposition.
23. On August 26, Proctor counsel stated that she did not see good cause for a general extension but stated that a limited extension could be considered for a deposition scheduling conflict involving the other deputy, subject to County counsel's report regarding his availability.
24. Phaneuf's calendar does not resolve the other scheduling issues I identified: unresolved May document discovery, the September 9 motions, County written responses due September 14, the late-disclosed recordings, unresolved Proctor recording and review inquiries, prosecution-history discovery, and targeted nonparty discovery.
25. I have given counsel notice concerning five targeted Rule 45 document subpoenas to nonparties possessing records relevant to the Incident, prosecution, and related warrant and court-record issues. Those subpoenas continue earlier public-record and court-record efforts that did not resolve those subjects.
26. The remaining fact discovery consists principally of completing production ordered or agreed after the September 9 hearing; taking Carter, Prouse, and Phaneuf depositions on an informed record; resolving the narrow recording and reporting inquiries; receiving and reviewing targeted Rule 45 productions; and conducting only focused follow-up generated by those developments.
27. I request that fact discovery be extended through October 30, 2026. I do not request an extension of expert discovery.
28. I also request that the amendment/add-party motion deadline be reopened with any such motion filed and the hearing completed by November 20, 2026. I am not asking the Court in this motion to approve a Second Amended Complaint or add any person. If I later seek leave, I also intend to correct the omitted conversion count and the inaccurate marijuana characterization identified during my July 22 deposition; those preexisting corrections are not the basis of my Rule 16 request.
29. I request permission to serve up to ten additional interrogatories and ten additional requests for admission per defense group, limited to matters first disclosed or materially clarified through later supplementation, compelled production, or depositions. I do not seek additional requests for production.
30. The requested modification would leave the December 3, 2026 settlement conference and the existing trial-readiness provision unchanged. I have conferred with counsel for both defense groups, and the parties have not reached agreement on the requested modification.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2026, in Duluth, Minnesota.

/s/ Robert Brooks Hoel
Robert Brooks Hoel