**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel, Plaintiff
v. Alexander Prouse, et al., Defendants

Case No. 0:25-cv-02342-ECT-LIB

# INDEX OF EXHIBITS


| | |
|---|---|
| **Exhibit A** | August 1, 2026 Proposed Agreed Motion to Modify Scheduling Order |
| **Exhibit B** | SLC 985-988 - Prouse and Phaneuf Fleet-Camera Audit Trails |
| **Exhibit C** | August 9, 2026 Focused County Discovery Completion Request |
| **Exhibit D** | August 9, 2024 Beck-to-Prouse Email (SLC 53) |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel, Plaintiff
v. Alexander Prouse, et al., Defendants

Case No. 0:25-cv-02342-ECT-LIB

# EXHIBIT A

## August 1, 2026 Proposed Agreed Motion to Modify Scheduling Order

Shows Plaintiff raised the scheduling problem more than six weeks before the September 15 discovery cutoff.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel,
Plaintiff,

v.

Alexander Prouse; Joseph Carter; Doe #1;
City of Proctor; and St. Louis County,
Defendants.

**Case No. 0:25-cv-02342-ECT-LIB**

**PLAINTIFF'S PROPOSAL FOR AGREED MOTION TO MODIFY SCHEDULING ORDER**

*For discussion under Fed. R. Civ. P. 16(b)(4) and D. Minn. LR 16.3*

Plaintiff proposes that all parties jointly request the following limited modifications. This document is a meet-and-confer proposal and is not itself a filed motion or stipulation.

| Deadline | Current | Proposed |
|---|---|---|
| Completion of all fact and expert discovery | September 15, 2026 | November 16, 2026 |
| Hearing completed on nondispositive motions | October 15, 2026 | December 15, 2026 |
| Dispositive motions filed and served | November 15, 2026 | January 15, 2027 |

## Discovery completed

- The parties exchanged Rule 26(a)(1) disclosures.
- Plaintiff served 33 joint requests for production on the County Defendants on May 21, 2026.
- The County Defendants served responses and produced approximately 1,000 pages on June 22, 2026.
- Plaintiff reviewed that production and served a request-by-request deficiency notice on June 24, 2026.
- Defendants took Plaintiff's deposition on July 22, 2026.
- Plaintiff has reviewed Proctor/Carter production and has a Proctor meet-and-confer scheduled for August 3, 2026.

## Discovery remaining

- County supplementation and resolution or adjudication of the June 24 deficiencies.
- Responses to Plaintiff's August 1 interrogatories and requests for admission.
- Depositions of Prouse and Carter, preferably back-to-back to reduce cost.
- A possible Rule 30(b)(6) deposition of St. Louis County and/or Proctor after written discovery identifies the appropriate systems and designees.

- Rule 45 production from Hennepin County concerning the June 2024 release; native charge, probable-cause, hold, clearance, and release-event audit records needed to determine the legal authority for each custody interval; records associated with Index No. 7; related transmission and audit records; and available intake and release video.
- Rule 45 production from Wright County concerning the warrant hit, terms, communications, service/clearance history, and agency action or nonaction.
- Any narrowly necessary motion to compel and follow-up discovery permitted by the Court.

## Good cause and requested duration

Good cause exists because Plaintiff has pursued discovery diligently, but the County's production was served on June 22, its scope required substantial review, and the County has not substantively responded to the June 24 deficiency notice. Written discovery served August 1 will not be due until approximately August 31, leaving only about two weeks before the present cutoff. The remaining third-party production requires subpoena issuance, service, a reasonable compliance period, and time to resolve objections. Officer and organizational depositions should occur after the principal written production so they can be focused and cost-efficient.

A 62-day extension through November 16 is tailored to complete those tasks without open-ended delay. Extending the related nondispositive and dispositive deadlines prevents the discovery extension from eliminating the time needed to address unresolved disputes and prepare evidence-based motions. The existing December 2026 settlement conference remains workable because fact discovery would close beforehand. The trial-readiness provision can remain unchanged because it already accounts for the timing of dispositive rulings.

## Requested positions

By August 5, 2026, each defense group is requested to state whether it will join, not oppose, or oppose these proposed dates and, if it proposes different dates, identify them. If agreement is reached, Plaintiff proposes that the parties promptly prepare an agreed motion complying with Local Rules 7.1 and 16.3. If agreement is not reached, the parties should complete the required conference so Plaintiff can timely seek a hearing date before September 15.

August 1, 2026

Respectfully submitted,

*s/ Robert Brooks Hoel*

Robert Brooks Hoel
Plaintiff, Pro Se
General Delivery
Duluth, MN 55806
bobhoel@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 1, 2026, I served the foregoing document by electronic mail on counsel for Defendants:

- Nick D. Campanario, campanarion@stlouiscountymn.gov
- Stephani A. Angolkar, stephanie@iversonlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel, Plaintiff
v. Alexander Prouse, et al., Defendants

Case No. 0:25-cv-02342-ECT-LIB

# EXHIBIT B

## SLC 985-988 - Prouse and Phaneuf Fleet-Camera Audit Trails

County audit records identifying separate Prouse and Phaneuf recordings, recording times, retention-level changes, and March 2025 deletion.

**Saint Louis County Sheriff's Office - MN**
**DULUTH, MN, US**

AXON

# EVIDENCE AUDIT TRAIL

## Evidence

**Evidence ID:**
**Categories:**
**Title:** 22032259
**Document Checksum:** SHA256-e79013521917a8c0e7967d60e8f9ea0b4d032c7ed51abf3198cbe453ed736d14
**Record Start:** 03/10/2022 22:15:57.000 -06:00
**Uploaded:** 03/25/2022 16:50:58.006 -05:00
**Uploader:** Prouse, Alexander (Badge ID: 5368)
**Unique ID:** 6C350FF8E74F484DAFC636A1B5E908C5
**Source Channel:** Other

## Report Generated by

**Name:** Andres, Crystal (Badge ID: 4321)
**Username:** CrystalA
**Local timezone:** America/Chicago (UTC -05:00)
**Generated on:** 08/04/2026 10:40:38.426 -05:00
**Audit data current as of:** 08/04/2026 10:40:36.000 -05:00
**Audit trail date range:** 01/01/1970 - 08/04/2026

## Usage

**Page Views:** 2
**File Downloads:**
**Video Playbacks:**
**Last Viewed Or Downloaded On:** 08/04/2026 10:40:38.522

## Source Device Information

**Device Type:** Fleet 2 IR Camera
**Device Name:** X55005780
**Serial Number:** X55005780

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 1 | 08/04/2026 10:40:29.673 | Andres, Crystal \| Evidence Record Accessed | Badge ID: 4321<br>User ID: 8c84a892-3072-44d2-afc2-7df77d496f81<br>Username: CrystalA<br>IP address 207.171.103.126<br>Evidence Title: 22032259 |
| 2 | 08/04/2026 10:15:21.473 | Andres, Crystal \| Evidence Record Accessed | Badge ID: 4321<br>User ID: 8c84a892-3072-44d2-afc2-7df77d496f81<br>Username: CrystalA<br>IP address 207.171.103.126<br>Evidence Title: 22032259 |
| 3 | 03/16/2025 23:46:07.823 | System \| Evidence Deleted | Evidence Title: 22032259 |
| 4 | 03/09/2025 23:32:09.334 | System \| Queued for Deletion | Evidence Title: 22032259<br>Comment: "Delete trigger processed. Trigger Type: Delete_Trigger Condition: Datetime_Reached Value: 2025-03-10T04:15:57Z"<br>Deletion is now scheduled for 03/16/2025 23:32:09.239 -05:00 |
| 5 | 03/09/2025 23:32:09.294 | System \| Evidence Record Status Updated | Evidence Title: 22032259<br>Evidence ID: 6c350ff8-e74f-484d-afc6-36a1b5e908c5<br>Evidence Record Status Updated to Deleting from Archived |
| 6 | 10/23/2023 00:16:10.408 | System \| Evidence Record Status Updated | Evidence Title: 22032259<br>Evidence ID: 6c350ff8-e74f-484d-afc6-36a1b5e908c5<br>Evidence Record Status Updated to Archived from Open |
| 7 | 08/23/2022 10:19:01.116 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: 22032259 |
| 8 | 08/17/2022 16:17:03.527 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: 22032259 |
| 9 | 08/13/2022 16:06:07.606 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: 22032259 |
| 10 | 08/13/2022 15:17:51.105 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: 22032259 |
| 11 | 03/25/2022 16:52:57.879 | Prouse, Alexander \| Evidence automatically deleted from camera after successful upload using Axon View XL | Badge ID: 5368<br>User ID: 21352e3c-403a-4c2c-8f56-1bcd6bdc0a99<br>Username: 5368<br>Evidence Title: 22032259 |
| 12 | 03/25/2022 16:50:58.032 | System \| Custom metadata set | Evidence Title: 22032259<br>Evidence ID: 6c350ff8-e74f-484d-afc6-36a1b5e908c5<br>Custom metadata field axon.mountId set to 0c942b8a-d65c-4b41-bb36-36f2430e36f5 |
| 13 | 03/25/2022 16:50:58.032 | System \| Custom metadata set | Evidence Title: 22032259<br>Evidence ID: 6c350ff8-e74f-484d-afc6-36a1b5e908c5<br>Custom metadata field axon.vehicleId set to CE40E84D-C7FB-4F39-A132-8BB0C68A1301 |
| 14 | 03/25/2022 16:50:58.031 | System \| Custom metadata set | Evidence Title: 22032259<br>Evidence ID: 6c350ff8-e74f-484d-afc6-36a1b5e908c5<br>Custom metadata field axon.mountOrientation set to rear |
| 15 | 03/25/2022 16:50:58.025 | System \| Evidence Record Created | Evidence Title: 22032259 |
| 16 | 03/11/2022 01:48:38.243 | Prouse, Alexander \| Evidence title updated from default to '22032259' and added to video metadata using Axon View XL | Badge ID: 5368<br>User ID: 21352e3c-403a-4c2c-8f56-1bcd6bdc0a99<br>Username: 5368<br>Evidence Title: 22032259 |

SLC 985

Saint Louis County Sheriff's Office - MN
DULUTH, MN, US

# EVIDENCE AUDIT TRAIL

## Evidence

**Evidence ID:**
**Categories:**
**Title:** 22032259
**Document Checksum:** SHA256-e79013521917a8c0e7967d60e8f9ea0b4d032c7ed51abf3198cbe453ed736d14
**Record Start:** 03/10/2022 22:15:57.000 -06:00
**Uploaded:** 03/25/2022 16:50:58.006 -05:00
**Uploader:** Prouse, Alexander (Badge ID: 5368)
**Unique ID:** 6C350FF8E74F484DAFC636A1B5E908C5
**Source Channel:** Other

## Report Generated by

**Name:** Andres, Crystal (Badge ID: 4321)
**Username:** CrystalA
**Local timezone:** America/Chicago (UTC -05:00)
**Generated on:** 08/04/2026 10:40:38.426 -05:00
**Audit data current as of:** 08/04/2026 10:40:36.000 -05:00
**Audit trail date range:** 01/01/1970 - 08/04/2026

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 17 | 03/10/2022 22:56:22.414 | Prouse, Alexander \| Recording stopped due to event button hold | Badge ID: 5368<br>User ID: 21352e3c-403a-4c2c-8f56-1bcd6bdc0a99<br>Username: 5368<br>Evidence Title: 22032259 |
| 18 | 03/10/2022 22:15:58.063 | Prouse, Alexander \| GPS added to video metadata using Axon View XL | Badge ID: 5368<br>User ID: 21352e3c-403a-4c2c-8f56-1bcd6bdc0a99<br>Username: 5368<br>Evidence Title: 22032259 |
| 19 | 03/10/2022 22:15:56.558 | Prouse, Alexander \| Recording started due to camera event button press | Badge ID: 5368<br>User ID: 21352e3c-403a-4c2c-8f56-1bcd6bdc0a99<br>Username: 5368<br>Evidence Title: 22032259 |

Saint Louis County Sheriff's Office - MN
DULUTH, MN, US

AXON

# EVIDENCE AUDIT TRAIL

## Evidence

**Evidence ID:**
**Categories:**
**Title:** Artesion Well Onview
**Document Checksum:** SHA256-
0e97c0c030acd0c99c1f0162e32bdd8683d3e2ad82cfdbabe2e237bb4186212a
**Record Start:** 03/10/2022 22:27:47.000 -06:00
**Uploaded:** 03/18/2022 18:53:04.925 -05:00
**Uploader:** Phaneuf, Wyatt (Badge ID: 5400)
**Unique ID:** FA9D557E6F1E4E5ABFAD844E021250DF
**Source Channel:** Other

## Report Generated by

**Name:** Andres, Crystal (Badge ID: 4321)
**Username:** CrystalA
**Local timezone:** America/Chicago (UTC -05:00)
**Generated on:** 08/04/2026 10:19:06.693 -05:00
**Audit data current as of:** 08/04/2026 10:19:03.000 -05:00
**Audit trail date range:** 01/01/1970 - 08/04/2026

## Usage

**Page Views:** 1
**File Downloads:**
**Video Playbacks:**
**Last Viewed Or Downloaded On:** 08/04/2026 10:19:06.764

## Source Device Information

**Device Type:** Fleet 2 IR Camera
**Device Name:** X55005787
**Serial Number:** X55005787

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 1 | 08/04/2026 10:18:25.308 | Andres, Crystal \| Evidence Record Accessed | Badge ID: 4321<br>User ID: 8c84a892-3072-44d2-afc2-7df77d496f81<br>Username: CrystalA<br>IP address 207.171.103.126<br>Evidence Title: Artesion Well Onview |
| 2 | 03/16/2025 23:59:36.846 | System \| Evidence Deleted | Evidence Title: Artesion Well Onview |
| 3 | 03/09/2025 23:32:09.352 | System \| Queued for Deletion | Evidence Title: Artesion Well Onview<br>Comment: "Delete trigger processed. Trigger Type: Delete_Trigger Condition: Datetime_Reached Value: 2025-03-10T04:27:47Z"<br>Deletion is now scheduled for 03/16/2025 23:32:09.242 -05:00 |
| 4 | 03/09/2025 23:32:09.305 | System \| Evidence Record Status Updated | Evidence Title: Artesion Well Onview<br>Evidence ID: fa9d557e-6f1e-4e5a-bfad-844e021250df<br>Evidence Record Status Updated to Deleting from Archived |
| 5 | 10/22/2023 23:59:30.352 | System \| Evidence Record Status Updated | Evidence Title: Artesion Well Onview<br>Evidence ID: fa9d557e-6f1e-4e5a-bfad-844e021250df<br>Evidence Record Status Updated to Archived from Open |
| 6 | 08/23/2022 10:24:01.872 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: Artesion Well Onview |
| 7 | 08/17/2022 16:18:56.366 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: Artesion Well Onview |
| 8 | 08/13/2022 16:12:41.336 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: Artesion Well Onview |
| 9 | 08/13/2022 15:31:20.109 | Evjen, Jesse \| Retention Level Updated | Badge ID: 5309<br>User ID: a1437dd0-0a92-41d6-b6dc-2eaeafe7d1e9<br>Username: 5309<br>Evidence Title: Artesion Well Onview |
| 10 | 03/18/2022 18:53:04.972 | System \| Custom metadata set | Evidence Title: Artesion Well Onview<br>Evidence ID: fa9d557e-6f1e-4e5a-bfad-844e021250df<br>Custom metadata field axon.mountOrientation set to rear |
| 11 | 03/18/2022 18:53:04.972 | System \| Custom metadata set | Evidence Title: Artesion Well Onview<br>Evidence ID: fa9d557e-6f1e-4e5a-bfad-844e021250df<br>Custom metadata field axon.vehicleId set to 2C2C006A-516E -4E44-8B82-353550A14CF4 |
| 12 | 03/18/2022 18:53:04.971 | System \| Custom metadata set | Evidence Title: Artesion Well Onview<br>Evidence ID: fa9d557e-6f1e-4e5a-bfad-844e021250df<br>Custom metadata field axon.mountId set to b2b40da5-f317-499e-b7e6-154b24e3035b |
| 13 | 03/18/2022 18:53:04.965 | System \| Evidence Record Created | Evidence Title: Artesion Well Onview |
| 14 | 03/18/2022 18:53:01.485 | Phaneuf, Wyatt \| Evidence automatically deleted from camera after successful upload using Axon View XL | Badge ID: 5400<br>User ID: b566dc77-3f9f-4aa0-a56e-0449621c28ab<br>Username: 5400<br>Evidence Title: Artesion Well Onview |
| 15 | 03/16/2022 07:04:50.142 | Phaneuf, Wyatt \| Evidence title changed in video metadata from '219 Artesion' to 'Artesion Well Onview' using Axon View XL | Badge ID: 5400<br>User ID: b566dc77-3f9f-4aa0-a56e-0449621c28ab<br>Username: 5400<br>Evidence Title: Artesion Well Onview |
| 16 | 03/16/2022 07:04:32.427 | Phaneuf, Wyatt \| Evidence title updated from default to '219 Artesion' and added to video metadata using Axon View XL | Badge ID: 5400<br>User ID: b566dc77-3f9f-4aa0-a56e-0449621c28ab<br>Username: 5400<br>Evidence Title: Artesion Well Onview |

SLC 987

# EVIDENCE AUDIT TRAIL

## Evidence

**Evidence ID:**
**Categories:**
**Title:** Artesion Well Onview
**Document Checksum:** SHA256-0e97c0c030acd0c99c1f0162e32bdd8683d3e2ad82cfdbabe2e237bb4186212a
**Record Start:** 03/10/2022 22:27:47.000 -06:00
**Uploaded:** 03/18/2022 18:53:04.925 -05:00
**Uploader:** Phaneuf, Wyatt (Badge ID: 5400)
**Unique ID:** FA9D557E6F1E4E5ABFAD844E021250DF
**Source Channel:** Other

## Report Generated by

**Name:** Andres, Crystal (Badge ID: 4321)
**Username:** CrystalA
**Local timezone:** America/Chicago (UTC -05:00)
**Generated on:** 08/04/2026 10:19:06.693 -05:00
**Audit data current as of:** 08/04/2026 10:19:03.000 -05:00
**Audit trail date range:** 01/01/1970 - 08/04/2026

| # | Timestamp | Activity | Details |
|---|---|---|---|
| 17 | 03/10/2022 22:52:07.938 | Phaneuf, Wyatt \| Recording stopped using Axon View XL | Badge ID: 5400<br>User ID: b566dc77-3f9f-4aa0-a56e-0449621c28ab<br>Username: 5400<br>Evidence Title: Artesion Well Onview |
| 18 | 03/10/2022 22:27:48.102 | Phaneuf, Wyatt \| GPS added to video metadata using Axon View XL | Badge ID: 5400<br>User ID: b566dc77-3f9f-4aa0-a56e-0449621c28ab<br>Username: 5400<br>Evidence Title: Artesion Well Onview |
| 19 | 03/10/2022 22:27:47.380 | Phaneuf, Wyatt \| Recording started using Axon View XL | Badge ID: 5400<br>User ID: b566dc77-3f9f-4aa0-a56e-0449621c28ab<br>Username: 5400<br>Evidence Title: Artesion Well Onview |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel, Plaintiff
v. Alexander Prouse, et al., Defendants

Case No. 0:25-cv-02342-ECT-LIB

# EXHIBIT C

## August 9, 2026 Focused County Discovery Completion Request

Plaintiff's focused follow-up after the August 7 fleet-camera disclosure, including recording, Phaneuf, and June 2024 warrant-release issues.

# FOCUSED DISCOVERY COMPLETION REQUEST

Fleet-camera, warrant-release, and municipal-liability completion | Existing First RFPs

| | |
|---|---|
| **To:** | Nick D. Campanario, counsel for St. Louis County and Alexander Prouse |
| **Date:** | August 9, 2026 |
| **Case:** | Hoel v. Prouse et al., No. 0:25-cv-02342-ECT-LIB |
| **Response:** | August 14, 2026 |

Nick:

This is a focused written follow-up to my June 24, 2026 identification of deficiencies and to the County Defendants' August 7, 2026 supplemental production, SLC 985-988. It does not serve new requests for production. It asks the County Defendants to complete, identify, or expressly disclaim records already requested in RFP Nos. 1, 10-29, and 32-33, as narrowed below.

For identification, the central records are County production SLC 330-331: (1) the St. Louis County Promise to Appear dated June 8, 2024 and bearing a handwritten deputy entry ending in '550'; and (2) the Hennepin-to-St. Louis transmission stating that the July 16, 2024 court date had been assigned and that the Promise to Appear would be sent when signed. The same materials appear in or are associated with Index No. 7 in State v. Hoel, No. 69DU-CR-22-695. I am not asking Defendants to adopt my characterization of those records. I am asking Defendants to produce the records that establish their provenance and use.

**August 7 supplemental production**

SLC 985-988 establish that two squad-camera recordings existed: Prouse's recording titled '22032259' and Phaneuf's recording titled 'Artesion Well Onview.' The audit trails show four retention-level updates by Jesse Evjen in August 2022, system queueing on March 9, 2025, and deletion on March 16, 2025. This production partially responds to RFP Nos. 1 and 27 but does not complete the June 24 deficiencies or RFP Nos. 28 and 33.

**Retention-level history.** Produce the underlying audit and configuration records showing the before-and-after retention level or category for each update attributed to Jesse Evjen on August 13 (two entries), August 17, and August 23, 2022, together with the reason, authorizing person or rule, and any associated comment, ticket, directive, or case-status event.

**Deletion rule and configuration.** Produce the policy, retention schedule, Axon Evidence retention category, category-to-duration mapping, delete-trigger configuration, and queue or grace-period setting that caused the two recordings to be queued on March 9, 2025 and deleted on March 16, 2025. Include records sufficient to interpret the UTC trigger values shown in SLC 985-988.

**Preservation and remaining copies.** Produce any litigation hold, preservation notice, case hold, export, download, backup, derivative, proxy, thumbnail, screenshot, snapshot, or recovery record concerning either recording. State separately whether any copy or recoverable component remains in Axon Evidence, an archive, a backup, a user export, or another repository, and identify that custodian.

**Phaneuf participation.** Complete RFP No. 33 by producing the records showing why Deputy Wyatt Phaneuf responded, what he was told, what he observed or did, his arrival and departure, and his communications concerning Plaintiff, the dog, the vehicle, property, identification, warrants, force, or release. Include responsive CAD, AVL, radio, report, note, message, and supervisory records.

**Recording-operation records.** Produce the available event, activation, interruption, error, and device records concerning Prouse's recording being stopped by an event-button hold and Phaneuf's recording being stopped through Axon View XL, including records identifying the user action and whether any additional segment was created.

**June 2024 warrant-release and court-file completion**

## Required completion

**Production organization.** Your August 7 email invokes Rule 34(b)(2)(E)(i). If Defendants rely on production as kept in the usual course of business, identify the original custodian, source system, folder or repository structure, and organization that was preserved in the production, and confirm that associated filenames and metadata were maintained. If responsive materials were instead collected, exported, reordered, or assembled for production, identify the Bates number or native production filename for the records Defendants contend respond to the requests addressed below.

**County-held source files.** Produce every County-held version of SLC 330-331 and the Index No. 6 and Index No. 7 materials, including native files, scans, drafts, attachments, filenames, and any version or replacement history.

**Incoming transmission.** Produce the complete incoming Hennepin communication and the attachment actually received after HODGES stated that the Promise to Appear would be sent when signed, including Portal XL/CJIS transaction data, message identifiers, complete routing information, receipt confirmation, and any email, fax, or other duplicate transmission.

**People and systems.** Produce records identifying each person, user account, workstation, terminal, mailbox, or filing account that received, opened, printed, saved, scanned, routed, reviewed, approved, attached, transmitted, or filed the June release records.

**Court filing.** Produce the complete County-side eFS, eFiling, email, portal, or other submission package by which Index Nos. 6 and 7 or their contents reached Court Administration, including the submitter, account, filing code, native attachment, timestamps, acceptance or rejection record, and confirmation.

**Warrant lifecycle.** Produce the warrant-status and audit history showing how warrant 69DU-CR-22-695-1 changed from active to served or cleared, including the user, time, source record, release instruction, court-date source, and every County communication with Hennepin and Court Administration concerning that change.

**Court date and notice.** Produce records showing who supplied the July 16, 2024 at 9:00 a.m. setting, when the County first received or transmitted it, what address or contact information was used, and every County-held notice, service, mailing, delivery, or returned-mail record.

**Hearing records.** Complete RFP No. 16 by producing any County-held audio, transcript, minutes, clerk notes, hearing logs, or appearance records for April 4, 2022, July 16, 2024, August 12, 2024, and any September 16, 2024 setting. If none are in Defendants' possession, custody, or control, say so by date and identify the known custodian.

**Dismissal and reopening.** Complete RFP Nos. 10 and 22 by producing the nonprivileged communications and routing records concerning the July 15 dismissal, the conclusion that the City dismissed a County case outside its jurisdiction, reopening, reassignment, public-defender appointment, and transfer of prosecutorial responsibility.

**Audit records.** Complete RFP Nos. 15, 18, and 26 by producing the available audit, upload, scan, access, modification, routing, and filing histories. If Defendants contend a particular system does not retain a requested history, identify the system, custodian, retention period, and basis for that statement.

**No-record or withholding response.** For each item not produced, state separately whether it never existed, existed but is no longer available, is held by an identified other custodian, or is being withheld. For withheld material, provide a privilege log or the specific objection and category withheld. For unavailable material, identify the retention or disposition record.

**Policy, training, prior complaints, and comparator completion**

**RFP Nos. 14 and 23 — operative policies and training.** The County objected and expressly withheld material beyond the incident-date policy manual. Produce the policies, lesson plans, legal updates, training bulletins, supervisory guidance, and training materials that were in force or actually used to train Prouse as of March 10, 2022 concerning: Minn. Stat. § 609.50; demands for identification and refusal to identify; investigative detention and handcuffing; use-of-force reporting and supervisory review; the public's recording of police; seizure, inventory, safeguarding, and return of personal property; and warrant-hit handling. If no responsive material exists beyond the policy manual already produced, say so separately by topic. If material remains withheld, identify each withheld category and the objection asserted.

**RFP No. 24 — Prouse complaints, investigations, corrective action, and discipline.** The response states that no responsive material is being withheld based on the objection, but it does not identify a production or give a definite no-record response. State separately whether responsive citizen complaints, internal-affairs files, supervisory reviews, misconduct investigations, corrective actions, or disciplinary records exist for the requested period. Produce the nonprivileged responsive material or identify its Bates range; if none exists in a category, state that expressly.

**RFP No. 25 — comparable complaints, claims, investigations, and lawsuits.** The County's response expressly states that responsive material is being withheld. To narrow the request and make the burden measurable, produce any existing index for January 1, 2020 through December 31, 2024 of complaints, claims, lawsuits, and internal investigations involving St. Louis County law-enforcement personnel that alleged: obstruction based on refusal to identify, speech, or passive conduct; detention, handcuffing, or force without an identified suspected offense; interference with recording or seizure of a recording device; seized, lost, or unreturned personal property; or warrant-processing or warrant-clearance irregularities. For each responsive matter, identify the date, involved personnel, incident, claim, or case number, allegation, and disposition or final finding, and produce the initiating complaint, claim, or pleading and the final disposition or finding. If no index exists, Plaintiff proposes the same information in a list as a practical alternative to production of every full file; if the County declines that alternative, Plaintiff maintains the original request for the responsive records. Appropriate personal-data redactions are acceptable. If the County maintains its objection, identify

the searches performed, the number of responsive matters located, the categories withheld, and the specific burden or proportionality basis for withholding them.

**RFP No. 29 — Old Highway 61 source records.** The County produced a one-page incident list at SLC 326 rather than the source records requested. Produce the CAD records, incident reports, call notes, unit-activity records, and related nonduplicative records for every incident number listed on SLC 326 that was known to or relied upon by Prouse before his contact with Plaintiff on March 10, 2022, together with records sufficient to show that knowledge or reliance. Identify each production by incident number and Bates range, or state that no additional responsive record exists or is being withheld.

**RFP No. 32 — supervisory and policy-compliance review.** Produce every supervisory review, use-of-force review, policy-compliance review, corrective-action record, or other after-action review concerning the March 10, 2022 incident. If no such responsive review record exists or if responsive material is being withheld, state that expressly.

**Case-specific no-record confirmation.** Your August 7 email states that all documents concerning the incident and resulting criminal case have been produced. For each unproduced category identified in the June 24 letter-including use-of-force, property inventory or loss, dog handling, Carter or Phaneuf participation, supervisory review, identity or warrant queries, citation service or notice, and nonprivileged court or prosecutor communications-state whether no responsive record was ever created, the record once existed but is unavailable, another identified custodian holds it, or it is being withheld. This requested confirmation does not limit the separate policy, training, complaint, discipline, comparable-incident, and municipal-liability deficiencies.

## Requested response

Please provide the production-organization information, supplemental production, and itemized written response by August 14, 2026. A response that merely says 'previously produced' without identifying the preserved usual-course organization or the responsive records, or that repeats a general objection without stating what is being withheld, will not resolve the existing deficiency.

I am attempting to narrow and resolve these issues without motion practice. Please respond in writing. If Defendants believe a real-time conference is necessary to resolve a specific remaining item, identify that item and propose two dates and times.

Respectfully,

**Robert Brooks Hoel**
Plaintiff Pro Se
General Delivery, Duluth, MN 55806
bobhoel@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert Brooks Hoel, Plaintiff
v. Alexander Prouse, et al., Defendants

Case No. 0:25-cv-02342-ECT-LIB

# EXHIBIT D

## August 9, 2024 Beck-to-Prouse Email (SLC 53)

Internal prosecutor communication stating the citation had to be dismissed after research and consultation.

**From:** Annika Beck
**To:** prouse@hermantownmn.com
**Subject:** Update in 22032259 / 69DU-CR-22-695
**Date:** Friday, August 9, 2024 2:32:00 PM
**Attachments:** image001.png

Dear Officer Prouse,

I'm writing because I have an update on a case you handled when you were with the SLCO. After doing some research and consulting with colleagues, I've concluded that I have to dismiss the citation in the above-captioned case. While the defendant here was decidedly not cooperative, I don't think a court would maintain a conviction under Minn. Stat. § 609.50, subd. 1(1) on these facts. That subdivision requires me to prove that he obstructed or interfered with *legal process*. Since you were not effecting an arrest, serving a summons/writ, or acting by order of the court in a pending case, I don't think a court or jury would find you were engaged in legal process.

My first instinct was to amend the citation to another subdivision that is easier to prove. Minn. Stat. § 609.50, subd. 1(2) ("obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties"). But even then I don't think we have enough facts, since the Court of Appeals has said this subdivision "cannot be read so broadly as to include any act that merely reduces the ability of a police officer to successfully apprehend a suspect." *State v. Morin*, 736 N.W.2d 691, 697 (Minn. Ct. App. 2007). Defendant here tensed his arms and put his hand in his pocket as the as you were handcuffing him, but you were able to safely restrain and detain him, so I don't think a court or jury would be sympathetic to the argument that this was more than an inconvenience during the stop.

I know this can be frustrating, let me know if you want to talk about it more.

Annika

**ANNIKA T. BECK**
Assistant St. Louis County Attorney
100 N. Fifth Ave. W. #501
Duluth, MN 55802
(218) 726-2323