**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Robert Brooks Hoel,**<br>Plaintiff, | **Case No. 0:25-cv-02342-ECT-LIB (ECT/LIB)** |
| v.<br><br>Alexander Prouse; Joseph Carter; Doe #1; St. Louis County; and City of Proctor,<br>Defendants. | **PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM ST. LOUIS COUNTY AND ALEXANDER PROUSE** |

Plaintiff Robert Brooks Hoel moves under Federal Rules of Civil Procedure 26, 34, and 37 and D. Minn. LR 37.1 for an Order requiring Defendants St. Louis County and Alexander Prouse (the "County Defendants") to complete their responses and production to Plaintiff's First Joint Requests for Production served May 21, 2026.

Exhibit A contains the complete requests; Exhibit B contains the County Defendants' June 22 responses and objections; Exhibit C is Plaintiff's full 102-page June 24 request-by-request deficiency notice; Exhibits D-I contain the later supplementation and Rule 37 record; and Exhibit J accounts for every RFP No. 1 through 33. Exhibits K-Q provide the selected records supporting the remaining disputes. Grouping overlapping requests below does not abandon any unresolved portion identified in Exhibit J.

After reviewing Plaintiff's August 23 final Rule 37 letter, County counsel stated on August 27 that the County had produced everything it had concerning the March 10 incident and resulting criminal case and that, as to the remaining non-incident categories, the County was standing on its relevance and proportionality objections. Hoel Decl. Exs. H-I. The remaining disputes are ripe.

Plaintiff respectfully requests an Order directing the County Defendants, within ten days or such other time as the Court sets, to complete the following production:

1. Incident recordings, Fleet systems, and Carter/Proctor shared-system records - RFP Nos. 1, 27, 28, 31, and 33. Conduct a reasonable search for all March 10, 2022 recordings and

recording segments associated with the Prouse and Wyatt Phaneuf vehicle systems; produce records sufficient to identify installed or available camera/audio channels and whether each generated an evidence record; produce associated activation, audit, retention, deletion, export, preservation, and recovery records; and make a reasonable inquiry whether deleted or missing material can be restored or replaced from reasonably accessible sources. In addition, search St. Louis County 911/CAD, County-hosted RMS/NEMESIS-DAMION SHIELD/MIS systems, and other reasonably accessible County-hosted systems for responsive Carter/S483 records, including unit history, CAD/MDT/AVL/radio records, media indexes or links, transfer/storage records, and records sufficient to map S483, 1PR121, and 1prp0005 to the assigned officer, vehicle, and recording equipment.

2. Force reporting and supervisory review - RFP Nos. 3, 23, 32, and 33. Produce existing force, restraint, supervisor-notification, use-of-force review, incident-review, policy-compliance, report-review, and approval records concerning the March 10 encounter; identify the responsible supervisor or reviewer; and produce the narrowed nonduplicative operative training or guidance concerning use-of-force reporting and review. If no such report, notification, or review record was created or maintained, state that expressly.

3. Phaneuf, Gargano, Sophea Chhit, Jax, and property - RFP Nos. 4, 5, and 33. Produce existing records concerning Wyatt Phaneuf's participation, Jacob Gargano's role if any, Sophea Chhit, Jax (Plaintiff's dog and personal property), the vehicle search, removed/damaged/lost/returned phones or other property, alleged marijuana or paraphernalia, inventory, chain of custody, destruction, and unit/CAD/MDT/AVL/assignment records sufficient to identify the participating personnel.

4. Wright County warrant - RFP No. 6. Produce the County-side March 10 Wright County warrant-confirmation, interagency, Promise-to-Appear/sign-and-release, dispatch/MDT/CJDN/NCIC, form-transmission, court-date, decision, supervisor, and review

records responsive to RFP No. 6 that have not already been produced, or serve a supplemental response stating that no additional responsive County record exists.

5. June 2024 St. Louis County warrant/Promise-to-Appear chain - RFP Nos. 12, 13, 15, 17-21, 26, and 33. Produce responsive County-held source, version, transmission, receipt, routing, user, audit, notice, warrant-status, service/clearance, and court-filing records concerning warrant 69DU-CR-22-695-1, SLC 328-331, court Index Nos. 6 and 7, and the related disputed Promise to Appear bearing an entry ending in "550," including records showing the form sent to Hennepin County, receipt and processing of any completed form, the source of the July 16, 2024 court date, the users/custodians involved, and the audit basis for treating the warrant as served or cleared.

6. Identity, citation, referral, reopening, routing, and dismissal - RFP Nos. 2, 7-12, 22, 26, 31, and 33. Produce remaining responsive nonprivileged County-held identity-query/access records; citation and Offender Tracking Form review/approval records; CAD/RMS/event-classification records; records identifying the original prosecutor/referral route; records sufficient to show the July 15-17, 2024 City-to-County handoff and referral transaction, including user/system/destination/recipient/assignment records; and nonprivileged factual/routing communications concerning dismissal, reopening, reassignment, continued prosecution, and final dismissal.

7. Training, Prouse complaints, comparators, and source incidents - RFP Nos. 14, 23-25, and 29. Produce the narrowed nonduplicative operative training/guidance; responsive nonprivileged Prouse complaint, internal-affairs, supervisory-review, corrective-action, investigation, or discipline records or a categorical no-record response; any existing index, log, database report, spreadsheet, claim list, lawsuit list, or complaint register for January 1, 2020 through December 31, 2024 capable of identifying the narrowed comparable matters

described in Exhibit H; and available source CAD/call/unit records for incidents Prouse actually knew of or relied upon before the March 10 contact.

8. Remaining hearing-record and operative-agreement completion - RFP Nos. 16 and 30. Produce any responsive hearing record actually within the County Defendants' possession, custody, or control, or identify the outside custodian if held only elsewhere. After crediting SLC 81-128, state whether that range contains the complete incident-date operative agreement set and produce any additional responsive agreement that remains unproduced.

For each ordered category in which no additional material is produced, the County Defendants should serve a supplemental Rule 34 response stating, after reasonable inquiry, whether the responsive material: (a) was never created or maintained; (b) existed but is no longer available, with the known disposition or retention basis; (c) is held only by an identified outside custodian beyond the County Defendants' possession, custody, or control; or (d) is being withheld under an identified objection or privilege. Any privilege withholding should be supported by an appropriate privilege log.

Plaintiff does not seek spoliation sanctions, attorney's fees, or an authenticity determination through this motion. He seeks completion of previously served Rule 34 discovery and definite supplemental responses where responsive records cannot be produced.

Dated: August 28, 2026

/s/ Robert Brooks Hoel
Robert Brooks Hoel
Plaintiff, In Propria Persona
General Delivery
Duluth, Minnesota
bobhoel@gmail.com