**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Robert Brooks Hoel,**
Plaintiff,

v.

Alexander Prouse; Joseph Carter; Doe #1; St. Louis County; and City of Proctor,
Defendants.

**Case No. 0:25-cv-02342-ECT-LIB (ECT/LIB)**

**DECLARATION OF ROBERT BROOKS HOEL IN SUPPORT OF MOTION TO COMPEL**

I, Robert Brooks Hoel, declare as follows:

1. I am the Plaintiff in this action. I make this declaration from personal knowledge and from records I sent, received, obtained, or reviewed in this litigation.

2. On May 21, 2026, I served Plaintiff's First Joint Requests for Production on Defendants St. Louis County and Alexander Prouse by email to their counsel, Nick D. Campanario. A true and correct copy is Exhibit A.

3. On June 22, 2026, I received the County Defendants' Responses and Objections. A true and correct copy is Exhibit B. County counsel advised that he had just under 1,000 pages to produce and then made the production available by SharePoint.

4. After reviewing the responses and production, on June 24 I sent County counsel Plaintiff's Identification of Deficiencies in St. Louis County Defendants' Responses to Plaintiff's First Requests for Production. The document is 102 pages and addresses the requests request-by-request. The full 102-page document, without excerpting it down for this motion, is Exhibit C.

5. On August 7, 2026, County counsel emailed me that there had been two squad-camera recordings of the March 10 incident - one for Prouse and one for Deputy Wyatt Phaneuf - and that the recordings had been deleted in March 2025. The email included County Axon Evidence audit trails, Bates SLC 985-988. A true and correct copy of the email and audits is Exhibit D.

6. On August 9, after reviewing SLC 985-988, I sent County counsel a Focused Discovery Completion Request. It expressly stated that it was a follow-up to the June 24 deficiency notice and did not serve new requests for production. A true and correct copy is Exhibit E.
7. On August 12, County counsel responded that he would look further into whether the County had anything specifically addressing retention of squad-camera recordings and police reports for the incidents on SLC 326, and stated that aside from those two subjects he was standing by the June 22 responses and his August 7 email. A true and correct copy is Exhibit F.
8. On August 14, County counsel provided an Axon retention-category document and police reports for four incidents on SLC 326, stating that there were no police reports for the remaining listed incidents. A true and correct copy of that correspondence and the principal supplementation is Exhibit G. I have credited that supplementation in the motion.
9. On August 23, 2026, after further review of the production and related warrant and case records, I sent County counsel my Final Rule 37 Conference letter. It states that it concerns the May 21 RFPs, credits material already produced, and does not serve new requests. A true and correct copy is Exhibit H.
10. On August 24, County counsel advised that he had not yet reviewed my August 23 letter in detail. On August 27, after reviewing it, he stated that the County had produced everything it had concerning the incident and resulting criminal case and that, for remaining non-incident subjects, the County was standing on its relevance and proportionality objections. A true and correct copy of that correspondence is Exhibit I.
11. Exhibit J is Plaintiff's Master RFP Coverage and Dispute Chart. It accounts for every RFP No. 1 through 33, identifies the County response position, credits later production, and states the narrowed remaining disposition sought.

12. Exhibit K consists of true and correct copies of the Wright County warrant and selected March 10 County CAD/dispatch records concerning the Wright warrant confirmation and Promise-to-Appear/form instructions.
13. Exhibit L consists of true and correct copies of selected County-produced and court-filed June 2024 St. Louis County warrant/Promise-to-Appear records, including SLC 328-331 and the distinct court-filed Sign and Release/Warrant Return records. I dispute the signature attributed to me on the Promise to Appear. I offer these records here to show the document-processing chain for which discovery was requested, not to obtain an authenticity ruling on this motion.
14. Exhibit M consists of true and correct copies of selected County-produced citation/prosecutorial-routing records, including the Offender Tracking Form, the July 2024 dismissal/reopening communications, the July 17 ReferralTransferReport, the August 9, 2024 email from Assistant St. Louis County Attorney Annika Beck to Prouse, and the final dismissal record.
15. Exhibit N consists of true and correct copies of selected March 10 County CAD and incident records showing the unit/personnel assignments and later-scene activity of Prouse/S219, Phaneuf and Gargano/S215, and Carter/S483, together with Prouse's incident narrative.
16. Exhibit O is a true and correct copy of the selected March 2, 2022 same-location incident report produced in discovery, used in the motion only to identify concrete record categories associated with Phaneuf, Gargano, property disposition, and uploaded squad-camera footage.
17. Exhibit P consists of true and correct copies or excerpts of interagency/shared-system records produced in discovery, including the NEMESIS/DAMION SHIELD agreement, County 911/CJDN arrangements with Proctor, and Proctor records or policy addressing County-hosted network/RMS storage and S483 unit activity. I offer these records to identify systems and repositories to be searched; I do not assert that they prove a Carter recording exists.

18. Exhibit Q consists of true and correct policy excerpts produced in discovery concerning recording/MVR activation, continuation, download, inspection, force or confrontation-related recording, supervisory responsibilities, and related record handling. They are offered to identify concrete record categories and search locations, not to establish that a particular unproduced record necessarily exists.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2026, in Duluth, Minnesota.

Dated: August 28, 2026

/s/ Robert Brooks Hoel
Robert Brooks Hoel
Plaintiff, In Propria Persona
General Delivery
Duluth, Minnesota
bobhoel@gmail.com