# EXHIBIT B

County Responses and Objections

County Defendants' Responses and Objections to Plaintiff's First Joint Requests for Production, June 22, 2026.

Hoel v. Prouse, No. 0:25-cv-02342-ECT-LIB

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Deputy Alexander Prouse, et al.,<br><br>Defendants. | Case No. 25-cv-2342 (ECT/LIB) |

**COUNTY DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST JOINT REQUESTS FOR PRODUCTION TO DEFENDANTS ST. LOUIS COUNTY AND ALEXANDER PROUSE**

Alexander Prouse and St. Louis County (collectively, "County Defendants") respectfully submit these responses and objections to Plaintiff's First Joint Requests for Production to Defendants St. Louis County and Alexander Prouse.

**Request for Production No. 1**: Produce all body-worn camera recordings, dash-camera recordings, squad-camera recordings, dispatch audio, officer audio, in-car recordings, rear-seat recordings, exterior-vehicle recordings, and any other video or audio recordings relating to the March 10, 2022 encounter involving Plaintiff in Midway Township.

This request includes all recordings for the continuous period beginning no later than thirty (30) minutes before the first officer arrived at the scene and ending no earlier than thirty (30) minutes after all officers departed the area or completed any return, stop, recovery, transport, or follow-up activity relating to the encounter.

Including recordings depicting or capturing:

- placement of Plaintiff's property on or near any squad vehicle,
- movement of any squad vehicle while Plaintiff's property remained unsecured,
- any return to the scene or recovery of property,
- placement or handling of the female occupant or dog,

- any seizure, detention, handcuffing, extraction, frisk, or use of force involving Plaintiff,
- officer discussions,
- radio traffic,
- warrant discussions,
- identification efforts,
- property handling,
- citation issuance,
- and release decisions.

Produce all recordings in native format together with associated metadata, audit logs, activation logs, deletion logs, interruption logs, upload histories, and chain-of-custody records.

If any recording no longer exists, identify:

- the recording,
- the reason for unavailability,
- the date of deletion/loss,
- and all persons involved in deletion, overwrite, transfer, or destruction.

County Defendants object to this request to the extent it is directed toward materials regarding incidents other than the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on

the basis of these objections. County Defendants object to this request to the extent it is directed toward associated metadata, audit logs, activation logs, deletion logs, interruption logs, upload histories, and chain-of-custody records on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants object to the last portion of this request regarding recordings that no longer exist on the grounds that it is not a proper request for production under Fed. R. Civ. P. 34. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 2**: Produce all records reflecting requests for identification of Plaintiff on March 10, 2022, including:

- SHIELD queries,
- BCA queries,
- NCIC queries,
- MNCIS queries,
- MDT searches,
- driver's license searches,
- warrant checks,
- and any records reflecting identity-verification efforts.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 3**: Produce all records relating to any detention, search, frisk, handcuffing, use of force, vehicle extraction, or physical restraint of Plaintiff during the March 10, 2022 encounter.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 4**: Produce all records relating to:

- property removed from Plaintiff,
- phones seized from Plaintiff,
- property inventory,
- damaged property,
- lost property,
- returned property,
- or unreturned property

arising from the March 10, 2022 encounter.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 5**: Produce all records relating to the removal, handling, detention, transport, or placement of the female occupant and dog associated with the vehicle during the March 10, 2022 encounter.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 6**: Produce all records, communications, dispatch logs, CAD records, MDT records, warrant inquiries, warrant checks, warrant confirmations, warrant hit records, teletype messages, NCIC/CJDN/BCA communications, inter-agency communications, notes, responses, or records relating to:

- Plaintiff,
- any Wright County warrant,
- warrant status,
- warrant confirmation,

- warrant execution,
- warrant clearance,
- warrant disposition,
- extradition decisions,
- transport decisions,
- sign-and-release handling,
- or any decision not to execute, transport, or detain on a Wright County warrant during or arising from the March 10, 2022 encounter involving Plaintiff.

County Defendants object to this request to the extent it is directed toward materials regarding incidents other than the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 7**: Produce all records, drafts, revisions, metadata, internal notes, approval records, filing records, transmission records, and communications relating to creation, drafting, revision, supplementation, amendment, approval, review, filing, transmission, or submission of Citation No. 690088206901 and St. Louis County Case No. 69DU-CR-22-695.

County Defendants object to this request to the extent it is directed toward metadata on the grounds that it is unclear what discovery it seeks to obtain. County

Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 8**: Produce all records relating to preparation, review, approval, submission, transmission, processing, or use of the March 14, 2022 Offender Tracking Form associated with Plaintiff.

Including records relating to:

- the decision to submit the form with "Fingerprints Submitted to BCA: No" indicated,
- any Rule 5.01 fingerprint-related discussions, requests, recommendations, or communications,
- any referral to a prosecuting authority or city attorney,
- any identity-verification procedures associated with the form,
- any later fingerprint submission, biometric confirmation, or identity-confirmation efforts,
- any use of information contained in the form for charging, warrant issuance, court scheduling, notice generation, or prosecution activities,
- and any records reflecting the basis for entry of the listed arrest date, arrest classification, or arrest-related information contained in the March 14, 2022 Offender Tracking Form.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 9**: Produce all records identifying:

- the prosecuting authority,
- prosecutorial reviewer,
- approving official,
- or referring agency

associated with the initial filing of Case No. 69DU-CR-22-695.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 10</u>**: Produce all communications between:

- St. Louis County Sheriff's Office,
- Midway Township Attorney,
- Duluth City Attorney's Office,
- St. Louis County Attorney's Office,
- or court administration

relating to initiation or prosecution of Case No. 69DU-CR-22-695.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 11</u>**: Produce all records reflecting what address information, contact information, identifying information, database information, or identity-verification information was obtained, relied upon, transmitted, entered, or used for:

- notice,
- service,
- charging,
- warrant processing,
- hearing notices,
- court-date assignment,
- or prosecution activities

associated with Citation No. 690088206901 and Case No. 69DU-CR-22-695.

Including records sufficient to identify:

- the source of such information,
- when such information was obtained,
- any database or records system used,
- any updates or modifications to such information,
- and any inter-agency transmission of such information.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 12**: Produce all records reflecting the basis used to identify Plaintiff prior to:

- issuance of Citation No. 690088206901,
- filing of Case No. 69DU-CR-22-695,
- issuance of the associated warrant,
- assignment of future court dates.

Including records relating to:

- SHIELD queries,
- BCA queries,
- MNCIS queries,
- NCIC/CJDN queries,
- driver's license records,
- warrant confirmations,
- photographic comparisons,
- biometric information,
- fingerprint information,
- MDT searches,
- identity-verification efforts,

- fingerprint submissions,
- fingerprint confirmations,
- and any later acquired identifying information obtained during the June 2024 Hennepin County detention and booking process.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 13</u>**: Produce all records relating to issuance, entry, transmission, confirmation, service, execution, or clearance of Warrant # 69DU-CR-22-695-1 associated with Case No. 69DU-CR-22-695.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 14</u>**: Produce all policies, procedures, training materials, supervisory guidance, charging-review materials, instructional materials, incident-review materials, or disciplinary standards in effect between 2020 and 2024 relating to:

- arrests or citations under Minn. Stat. § 609.50,
- escalation of investigative encounters into obstruction charges,
- requirements for articulable obstruction conduct,
- officer requests for identification,
- refusal-to-identify encounters,
- supervisory review of obstruction arrests,
- charging approval practices,
- and review or evaluation of obstruction-related reports or citations.

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff's Office Policy Manual that was in effect on the date of the incident at issue on the grounds that it seeks

to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 15**: Produce all records relating to:

- generation,
- filing,
- transmission,
- mailing,
- service,
- attempted service,
- reissuance,
- address verification,
- upload history,
- filing history,
- transmission history,
- and audit history of any Notice of Hearing, warrant notice, or hearing-related document in Case No. 69DU-CR-22-695.

County Defendants object to this request to the extent it is directed toward records relating to upload history, filing history, transmission history, and audit

history on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 16**: Produce all transcripts, digital audio recordings, minute entries, clerk notes, hearing logs, and related records for all hearings identified in the Register of Actions for Case No. 69DU-CR-22-695, to the extent such records exist, including:

- April 4, 2022,
- July 16, 2024,
- August 12, 2024,
- September 16, 2024.

County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 17**: Produce all versions, drafts, scans, native electronic files, uploads, exports, print logs, and reproductions of any Promise to Appear, sign-and-release, warrant release, or court date acknowledgment document associated with Plaintiff during the June 2024 Hennepin County detention and release process relating to St. Louis County Case No. 69DU-CR-22-695.

County Defendants object to this request to the extent it is directed toward uploads, exports, and print logs on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 18**: Produce all metadata, audit trails, document histories, upload logs, scan logs, fax logs, Portal XL logs, transmission logs, routing records, access logs, user logs, workstation logs, signature capture records, device identifiers, operator records, and records identifying:

- who created,
- who transmitted,
- who reviewed,
- who approved,
- who uploaded,
- who entered,
- or who electronically processed

any document responsive to Request No. 17.

County Defendants object to this request on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection.

**<u>Request for Production No. 19</u>**: Produce all communications between St. Louis County personnel and Hennepin County personnel relating to:

- Plaintiff,
- St. Louis County warrant 69DU-CR-22-695,
- any Promise to Appear,
- release authorization,
- updated contact information,
- assignment of future court dates,
- hearing scheduling,
- hearing notice generation,
- or court date processing.

County Defendants object to this request to the extent it is directed toward materials regarding incidents other than the incident at issue or cases other than

*State v. Hoel*, Case No. 69DU-CR-22-695, on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. County Defendants object to this request to the extent it is directed toward materials that fall within the attorney-client privilege and common-interest doctrine. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 20**: Produce all policies, procedures, training materials, manuals, or directives governing:

- warrant release processing,
- Promise to Appear procedures,
- release without cash bail,
- release upon updated contact information,
- and inter-county warrant processing procedures in effect during June 2024.

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff's Office Policy Manual that was in effect on the date of the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**<u>Request for Production No. 21</u>**: Produce all records identifying the authority, authorization, approval, policy basis, or operational decision permitting release of Plaintiff on St. Louis County warrant #69DU-CR-22-695-1 without payment of the referenced $1,000 warrant bail amount.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 22</u>**: Produce all communications, routing records, reassignment records, referral records, internal memoranda, jurisdictional analyses, notes, directives, or records relating to:

- dismissal,
- reopening,
- reassignment,
- prosecutorial authority,
- public defender assignment,
- jurisdictional handling,
- or transfer of responsibility

for Case No. 69DU-CR-22-695, including communications involving:

- Midway Township Attorney,
- City of Duluth Attorney's Office,
- St. Louis County Attorney's Office,

- St. Louis County Court Administration,
- and any law enforcement personnel.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 23**: Produce all policies, procedures, training materials, directives, manuals, lesson plans, supervisory guidance, or instructional materials in effect between 2020 and 2024 relating to:

- obstruction under Minn. Stat. 609.50,
- requests for identification,
- investigative detentions,
- warrant verification,
- use of force,
- vehicle extractions,
- seizure of personal property,
- property inventory,
- body-worn camera procedures,
- citizen recording of law enforcement activity,
- First Amendment recording rights,
- seizure or handling of recording devices,
- preservation of citizen recordings, and
- destruction or loss of recorded evidence.

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff's Office Policy Manual that was in effect on the date of the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or

defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 24**: Produce all disciplinary records, internal affairs records, citizen complaints, supervisory reviews, corrective action records, or misconduct investigations between 2020 and 2024 relating to Defendant Prouse concerning:

- use of force,
- unlawful detention,
- obstruction arrests,
- identification demands,
- property handling,
- missing property,
- warrant processing,
- report writing accuracy,
- citizen recording interference,
- seizure or handling of recording devices,
- evidence preservation,
- mutual aid operations,
- or interagency enforcement activity.

County Defendants object to this request to the extent it is directed toward materials other than materials regarding complaints or charges resulting in disciplinary action on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are not being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 25**: Produce all records reflecting prior complaints, investigations, lawsuits, claims, or disciplinary findings between 2020 and 2024 involving allegations against St. Louis County Sheriff's Office personnel concerning:

- obstruction arrests unsupported by articulable conduct,
- unlawful investigative detention,
- improper identification demands,
- warrant processing irregularities,
- property loss,
- missing seized property,
- failures to preserve evidence,
- retaliation for recording law enforcement activity,
- interference with citizen recordings,
- or seizure or destruction of recording devices.

County Defendants object to this request to the extent it is directed toward materials other than materials regarding complaints or charges resulting in disciplinary action on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 26**: Produce all MNCIS audit logs, case-management audit trails, document upload histories, access logs, modification histories, and electronic activity records relating to Case No. 69DU-CR-22-695 between March 14, 2022 and September 13, 2024.

County Defendants object to this request on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection.

**Request for Production No. 27**: Produce all records relating to the retention, preservation, deletion, destruction, overwrite, export, loss, transfer, audit history, or chain-of-custody of:

- body-worn camera recordings,
- dash-camera recordings,
- dispatch audio,
- MDT data,
- digital evidence,
- seized phones,

- or recordings

relating to the March 10, 2022 encounter involving Plaintiff.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 28</u>**: Produce all policies, procedures, retention schedules, deletion schedules, litigation hold notices, preservation notices, evidence preservation directives, retention holds, supervisory directives, and audit procedures governing the preservation, retention, deletion, or destruction of:

- body-worn camera recordings,
- dash-camera recordings,
- dispatch audio,
- MDT records,
- digital evidence,
- seized phones,
- and citizen recordings

between 2020 and 2024.

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff's Office Policy Manual that was in effect on the date of the incident at issue and the applicable retention schedule on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive

materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 29**: Produce all records, reports, CAD entries, incident logs, calls for service, bulletins, patrol notes, shift briefings, emails, prior incident records, or other records known to or relied upon by Defendant Prouse before contacting Plaintiff on March 10, 2022 that referenced:

- thefts,
- suspicious persons,
- suspicious vehicles,
- property crimes,
- or related criminal activity

in the area of the March 10, 2022 encounter.

County Defendants do not recall which specific materials were known to or relied upon by Prouse in connection with the incident at issue. County Defendants will produce a list of incidents that occurred at or near the site of the incident at issue from January 1, 2022, to March 10, 2022.

**Request for Production No. 30**: Produce all mutual aid agreements, memoranda of understanding, interagency cooperation agreements, operational assistance agreements, cross deputization agreements, jurisdictional assistance policies, or related directives in effect between 2020 and 2024 governing cooperation between:

- St. Louis County Sheriff's Office,
- Proctor Police Department,
- Midway Township,
- Duluth Police Department,
- or any other agency participating in the March 10, 2022 encounter involving Plaintiff.

County Defendants object to this request to the extent it is directed toward materials that were not in existence on the date of the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Request for Production No. 31**: Produce all CAD records, RMS records, event classification records, dispatch classifications, stop classifications, incident type designations, call type records, MDT event codes, traffic stop classifications, suspicious-person classifications, warrant-stop classifications, and records reflecting how the March 10, 2022 encounter involving Plaintiff was categorized, coded, or classified by dispatch, reporting personnel, supervisors, or records personnel.

County Defendants will produce all responsive materials in their possession, custody, or control.

**Request for Production No. 32**: Produce all supervisory review records, incident-review records, use-of-force reviews, supervisor notes, shift-command reviews, sergeant reviews, incident-routing records, administrative reviews, command-level communications, or post-incident evaluation records relating to the March 10, 2022 encounter involving Plaintiff.

Including records relating to:

- findings,
- corrective action decisions,
- disciplinary determinations,

- policy compliance determinations,
- exoneration decisions,
- approval determinations,
- or conclusions that involved personnel acted within policy.

County Defendants will produce all responsive materials in their possession, custody, or control.

**<u>Request for Production No. 33</u>**: Produce all records sufficient to identify all law enforcement personnel, supervisors, dispatch personnel, records personnel, investigators, prosecutors, task-force personnel, or other governmental personnel who participated in, reviewed, approved, monitored, coordinated, processed, supervised, responded to, communicated about, or otherwise had operational involvement in the March 10, 2022 encounter involving Plaintiff or the resulting Case No. 69DU-CR-22-695, including:

- dispatch assignments,
- CAD unit histories,
- MDT activity,
- AVL/GPS records,
- squad assignments,
- radio identifiers,
- unit-designation records,
- arrival and departure times,
- assisting-agency records,
- mutual-aid participation,
- supervisor-response records,
- review or approval records,
- report-review records,
- charging-review records,

- warrant-processing records,
- and interagency coordination records.

County Defendants will produce all responsive materials in their possession, custody, or control.

Dated: June 22, 2026

Respectfully submitted,

KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

s/ Nick D. Campanario
Nick D. Campanario (#0316179)
Assistant County Attorney – Civil Division Head
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802-1298
(218) 726-2323
campanarion@stlouiscountymn.gov

Attorney for Alexander Prouse and St. Louis County