# EXHIBIT C

June 24 Discovery Deficiency Audit

Plaintiff's full 102-page Identification of Discovery Deficiencies, sent June 24, 2026. The document is included in full, not excerpted.

Hoel v. Prouse, No. 0:25-cv-02342-ECT-LIB

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert Brooks Hoel,
Plaintiff,

Civil Action No. 0:25-cv-02342-ECT-LIB

v.

Alexander Prouse;
Joseph Carter; Doe #1;
St. Louis County; and
City of Proctor,
Defendants.

---

# PLAINTIFF'S IDENTIFICATION OF DEFICIENCIES IN ST. LOUIS COUNTY DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

---

Plaintiff has reviewed the documents produced in response to the St. Louis County Defendants' Responses to Plaintiff's First Requests for Production. This document identifies categories of requested discovery that Plaintiff was unable to locate within the production received, identifies responses requiring clarification, and requests supplementation where the production appears incomplete or where Defendants' objections leave it unclear whether responsive materials have been produced, withheld, or do not exist.

Because Defendants produced a combined production without identifying which documents were produced in response to each individual Request for Production, Plaintiff has been unable to determine which Bates-numbered documents Defendants contend are responsive to each request. Accordingly, throughout this document Plaintiff requests that Defendants identify the Bates

numbers corresponding to the documents they contend are responsive to each Request for Production.

**General Observation:** Defendants repeatedly responded that they would produce "all responsive materials in their possession, custody, or control." In numerous instances, however, Plaintiff was unable to determine whether responsive records were produced, whether responsive records do not exist, whether responsive records exist but are maintained by another custodian, or whether responsive records are being withheld pursuant to an objection. Many of the requests for supplementation below seek clarification of those issues rather than the creation of new records.

Nothing contained in this document should be construed as an admission that Defendants have fully complied with any request for production. Plaintiff reserves the right to identify additional deficiencies or seek further supplementation if additional responsive materials are produced or later discovered.

---

**REQUEST FOR PRODUCTION NO. 1**

**Plaintiff's Request**:

Produce all body-worn camera recordings, dash-camera recordings, squad-camera recordings, dispatch audio, officer audio, in-car recordings, rear-seat recordings, exterior-vehicle recordings, and any other video or audio recordings relating to the March 10, 2022 encounter involving Plaintiff in Midway Township.

This request includes all recordings for the continuous period beginning no later than thirty (30) minutes before the first officer arrived at the scene and ending no earlier than thirty (30) minutes after all officers departed the area or completed any return, stop, recovery, transport, or follow-up activity relating to the encounter.

Including recordings depicting or capturing:

- placement of Plaintiff's property on or near any squad vehicle,
- movement of any squad vehicle while Plaintiff's property remained unsecured,
- any return to the scene or recovery of property,
- placement or handling of the female occupant or dog,
- any seizure, detention, handcuffing, extraction, frisk, or use of force involving Plaintiff,
- officer discussions,
- radio traffic,
- warrant discussions,
- identification efforts,
- property handling,
- citation issuance,
- and release decisions.

Produce all recordings in native format together with associated metadata, audit logs, activation logs, deletion logs, interruption logs, upload histories, and chain-of-custody records.

If any recording no longer exists, identify:

- the recording,
- the reason for unavailability,
- the date of deletion/loss,

and all persons involved in deletion, overwrite, transfer, or destruction

Defendants' Response:

County Defendants object to this request to the extent it is directed toward materials regarding incidents other than the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party’s claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on 3 the basis of these objections. County Defendants object to this request to the extent it is directed toward associated metadata, audit logs, activation logs, deletion logs, interruption logs, upload histories, and chain-of-custody records on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants object to the last portion of this request regarding recordings that no longer exist on the grounds that it is not a proper request for production under

Fed. R. Civ. P. 34. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced dispatch audio.

Defendants did not produce any body-worn camera recordings, dash-camera recordings, squad-camera recordings, Mobile Video Recorder recordings, officer audio recordings, in-car recordings, rear-seat recordings, exterior-vehicle recordings, activation logs, audit logs, deletion logs, interruption logs, upload histories, chain-of-custody records, retention records, or records identifying whether such materials exist.

**Issue Requiring Clarification:**

Plaintiff did not request recordings of unrelated incidents.

Plaintiff requested recordings relating to the March 10, 2022 encounter and all actions arising directly from that encounter, including the detention, handling of Plaintiff's property, transport of Plaintiff's property, loss of Plaintiff's property, recovery efforts relating to Plaintiff's property, attempted return of Plaintiff's property, and any release decisions arising from the encounter.

To the extent recordings contain unrelated incidents, Plaintiff does not object to reasonable redaction of unrelated portions. However, Defendants' objection does not identify what recordings are being withheld or how such recordings concern incidents other than the March 10, 2022 encounter.

Defendants further objected that requests for metadata, audit logs, activation logs, deletion logs, interruption logs, upload histories, and chain-of-custody records were "unclear." Plaintiff specifically identified each of those categories by name. Defendants did not state whether such records were searched for, whether such records exist, whether such records are being withheld, or whether such records once existed but are no longer available.

**Requested Supplementation:**

1. Produce all recordings relating to the March 10, 2022 encounter, including all recordings depicting, capturing, or documenting detention, property handling, property transport, property loss, recovery efforts, attempted recovery, return, attempted return, or non-return of Plaintiff's property.
2. Identify any recordings being withheld pursuant to the "other incidents" objection and explain how such recordings concern incidents other than the March 10, 2022 encounter.
3. State whether any body-worn camera, dash-camera, squad-camera, Mobile Video Recorder, officer audio, in-car, rear-seat, or exterior-vehicle recordings existed.
4. State whether Defendants searched for responsive recordings.
5. Produce all responsive metadata, audit logs, activation logs, deletion logs, interruption logs, upload histories, chain-of-custody records, retention records, and disposition records relating to responsive recordings.
6. If Defendants contend that no such records exist, please so state.

7. Produce all records reflecting retention, deletion, overwrite, destruction, transfer, disposition, or unavailability of any responsive recordings.

---

REQUEST FOR PRODUCTION NO. 2

**Plaintiff's Request**:

Produce all records reflecting requests for identification of Plaintiff on March 10, 2022, including:

- SHIELD queries,
- BCA queries,
- NCIC queries,
- MNCIS queries,
- MDT searches,
- driver’s license searches,
- warrant checks,
- and any records reflecting identity-verification efforts.

Defendants' Response:

"County Defendants will produce all responsive materials in their possession, custody, or control."

**Production Received:**

Defendants produced a collection of materials including incident reports, citation records, CAD records, referral records, prosecution-related records, and communications concerning the criminal case.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 2 sought records relating to identification efforts, database queries, warrant inquiries, and records reflecting how Plaintiff was identified during or following the March 10, 2022 encounter.

Defendants did not object to Request No. 2 and agreed to produce all responsive materials in their possession, custody, or control.

The production contains records indicating that database queries were performed during the incident and that information concerning various individuals and vehicles was obtained through law-enforcement databases. However, Plaintiff was unable to locate records reflecting:

- SHIELD query histories;
- BCA query records;
- NCIC query records;
- CJDN query records;

- MDT activity records;
- operator transaction logs;
- user activity logs;
- warrant inquiry records;

  identity-verification records;
- audit records;
- query histories;
- search histories; or
- records identifying how Plaintiff was identified and entered into the citation, referral, and charging process.

The production establishes the existence of database activity during the incident but does not appear to contain the underlying records documenting that activity.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 2.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all records reflecting database queries, searches, identity-verification efforts, warrant inquiries, MDT activity, operator activity, transaction histories, audit records, and related records concerning Plaintiff.

4. Produce all records reflecting how Plaintiff was identified during or following the March 10, 2022 encounter.
5. If any category of responsive records does not exist, please identify that category and so state.
6. If any responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

REQUEST FOR PRODUCTION NO. 3

**Plaintiff's Request**:

Produce all records relating to any detention, search, frisk, handcuffing, use of force, vehicle extraction, or physical restraint of Plaintiff during the March 10, 2022 encounter.

**Defendants' Response:**

"County Defendants will produce all responsive materials in their possession, custody, or control."

**Production Received:**

Defendants produced a collection of materials including incident reports, citation records, CAD records, referral records, prosecution-related records, and communications concerning the criminal case.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 3 sought all records relating to Plaintiff's detention, search, frisk, handcuffing, use of force, vehicle extraction, and physical restraint during the March 10, 2022 encounter.

Defendants did not object to Request No. 3 and agreed to produce all responsive materials in their possession, custody, or control.

Although the production contains incident-report materials discussing portions of the encounter, Plaintiff was unable to locate records specifically relating to:

- detention decisions;
- frisk decisions;
- handcuffing decisions;
- use-of-force reporting;
- force review;
- supervisor review;
- extraction from vehicle;
- physical restraint;
- injury documentation;
- photographs;
- after-action review;
- administrative review;

- internal review;
- force-tracking records; or
- other records relating to the detention and restraint of Plaintiff.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 3.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all reports, reviews, memoranda, notes, photographs, administrative records, supervisory records, force-related records, restraint-related records, detention-related records, and other records relating to Plaintiff's detention, search, frisk, handcuffing, vehicle extraction, use of force, or physical restraint.
4. If no responsive records exist for any category identified above, please identify the category and so state.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

REQUEST FOR PRODUCTION NO. 4

**Plaintiff's Request:**

Produce all records relating to:

- property removed from Plaintiff;
- phones seized from Plaintiff;
- property inventory;
- damaged property;
- lost property;
- returned property; or
- unreturned property

arising from the March 10, 2022 encounter.

**Defendants' Response:**

"County Defendants will produce all responsive materials in their possession, custody, or control."

**Production Received:**

Defendants produced a collection of materials including incident reports, citation records, CAD records, referral records, prosecution-related records, and communications concerning the criminal case.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 4 sought all records relating to property removed from Plaintiff, phones seized from Plaintiff, property inventories, damaged property, lost property, returned property, and unreturned property arising from the March 10, 2022 encounter.

Defendants did not object to Request No. 4 and agreed to produce all responsive materials in their possession, custody, or control.

Plaintiff was unable to locate records specifically relating to:

- property inventories;
- property receipts;
- evidence receipts;
- evidence logs;
- chain-of-custody records;
- property disposition records;
- property return records;
- found-property records;
- lost-property records;
- damaged-property records;
- reports relating to phones taken from Plaintiff;
- reports relating to phones returned to Plaintiff;
- reports relating to phones not returned to Plaintiff; or
- supervisory or administrative records concerning Plaintiff's property.

Requested Supplementation:

1. Produce all records responsive to Request No. 4.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all records relating to property removed from Plaintiff, phones seized from Plaintiff, property inventories, damaged property, lost property, returned property, unreturned property, recovery efforts, attempted recovery efforts, and disposition of Plaintiff's property.
4. Produce all records reflecting possession, handling, transport, storage, recovery, attempted recovery, return, attempted return, loss, damage, or disposition of Plaintiff's phones or other property.
5. If no responsive records exist for any category identified above, please identify the category and so state.
6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

REQUEST FOR PRODUCTION NO. 5

**Plaintiff's Request:**

Produce all records relating to the removal, handling, detention, transport, or placement of the female occupant and dog associated with the vehicle during the March 10, 2022 encounter.

**Defendants' Response:**

"County Defendants will produce all responsive materials in their possession, custody, or control."

**Production Received:**

Defendants produced a collection of materials including incident reports, citation records, CAD records, referral records, prosecution-related records, and communications concerning the criminal case.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 5 sought records relating to the removal, handling, detention, transport, or placement of the female occupant and dog associated with the vehicle during the March 10, 2022 encounter.

Defendants did not object to Request No. 5 and agreed to produce all responsive materials in their possession, custody, or control.

Plaintiff was unable to locate records specifically relating to:

- detention of the female occupant;
- placement of the female occupant in a squad vehicle;

- transport or movement of the female occupant;
- handling or placement of the dog;
- records explaining decisions made regarding the female occupant;
- records explaining decisions made regarding the dog; or
- reports, notes, memoranda, or supplemental records concerning those actions.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 5.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all reports, notes, memoranda, supplemental reports, CAD records, dispatch records, transport records, and other records relating to the removal, detention, handling, transport, placement, release, or disposition of the female occupant and dog associated with the vehicle.
4. If no responsive records exist for any category identified above, please identify the category and so state.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 6**

**Plaintiff's Request:**

Produce all records, communications, dispatch logs, CAD records, MDT records, warrant inquiries, warrant checks, warrant confirmations, warrant hit records, teletype messages, NCIC/CJDN/BCA communications, inter-agency communications, notes, responses, or records relating to:

- Plaintiff,
- any Wright County warrant,
- warrant status,
- warrant confirmation,
- warrant execution,
- warrant clearance,
- warrant disposition,
- extradition decisions,
- transport decisions,
- sign-and-release handling,
- or any decision not to execute, transport, or detain on a Wright County warrant

during or arising from the March 10, 2022 encounter involving Plaintiff

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials regarding incidents other than the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced incident reports, CAD records, dispatch audio, citation materials, referral materials, and prosecution-related records. Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 6 sought records relating to warrant inquiries, warrant checks, warrant confirmations, warrant-hit records, NCIC/CJDN/BCA communications, inter-agency communications, extradition decisions, transport decisions, sign-and-release handling, and decisions not to execute, transport, or detain on any Wright County warrant during or arising from the March 10, 2022 encounter.

Defendants objected that the request may seek records relating to incidents other than the incident at issue and stated that responsive materials are being withheld on that basis.

However, Plaintiff's request was expressly limited to records relating to the March 10, 2022 encounter and actions arising from that encounter.

The records produced establish that:

- a warrant inquiry occurred;
- a warrant hit occurred;
- Wright County was contacted;
- Wright County confirmed warrant-related instructions;
- a PTA procedure was discussed; and
- release instructions were communicated.

Plaintiff was unable to locate records reflecting:

- warrant confirmation records;
- warrant-hit documentation;
- NCIC/CJDN communications;
- teletype messages;
- MDT communications;
- inter-agency communications;
- records memorializing the Wright County contact;
- records relating to PTA handling;
- records relating to updated-contact-information instructions;
- records relating to decisions not to transport or extradite Plaintiff; or
- records relating to warrant disposition arising from the encounter.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 6.

2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Identify what categories of records are being withheld pursuant to the "other incidents" objection.
4. Identify which requested categories Defendants contend concern incidents other than the March 10, 2022 encounter.
5. If no responsive records exist for any requested category, please so state.
6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 7**

**Plaintiff's Request:**

Produce all records, drafts, revisions, metadata, internal notes, approval records, filing records, transmission records, and communications relating to creation, drafting, revision, supplementation, amendment, approval, review, filing, transmission, or submission of Citation No. 690088206901 and St. Louis County Case No. 69DU-CR-22-695.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward metadata on the grounds that it is unclear what discovery it seeks to obtain. County 6 Defendants do not know

whether responsive materials are being withheld on the basis of this objection. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced incident reports, citation materials, referral materials, prosecution-related materials, CAD records, dispatch records, and other incident-related records.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 7 sought records relating to the creation, drafting, revision, supplementation, amendment, approval, review, filing, transmission, and submission of Citation No. 690088206901 and St. Louis County Case No. 69DU-CR-22-695.

Defendants objected only to the request insofar as it sought metadata and otherwise agreed to produce all responsive materials in their possession, custody, or control.

Plaintiff was unable to locate:

- draft citation records;
- revision records;
- internal notes;
- approval records;
- filing records;

- transmission records;
- communications relating to creation of the citation;
- communications relating to submission of the citation;
- communications relating to amendment or supplementation of the citation; or
- communications relating to creation or filing of Case No. 69DU-CR-22-695.

**Requested Supplementation:**

1. Produce all non-metadata records responsive to Request No. 7.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all drafts, revisions, internal notes, approval records, filing records, transmission records, and communications relating to the creation, review, approval, filing, transmission, amendment, supplementation, or submission of Citation No. 690088206901 and Case No. 69DU-CR-22-695.
4. If no responsive records exist within any requested category, please identify the category and so state.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 8**

**Plaintiff's Request:**

Produce all records relating to preparation, review, approval, submission, transmission, processing, or use of the March 14, 2022 Offender Tracking Form associated with Plaintiff.

Including records relating to:

- the decision to submit the form with “Fingerprints Submitted to BCA: No” indicated,
- any Rule 5.01 fingerprint-related discussions, requests, recommendations, or communications,
- any referral to a prosecuting authority or city attorney,
- any identity-verification procedures associated with the form,
- any later fingerprint submission, biometric confirmation, or identity-confirmation efforts,
- any use of information contained in the form for charging, warrant issuance, court scheduling, notice generation, or prosecution activities,
- and any records reflecting the basis for entry of the listed arrest date, arrest classification, or arrest-related information contained in the March 14, 2022 Offender Tracking Form.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced a March 14, 2022 Offender Tracking Form and other incident-related records.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 8 sought all records relating to preparation, review, approval, submission, transmission, processing, or use of the March 14, 2022 Offender Tracking Form associated with Plaintiff, including fingerprint-related records, Rule 5.01 communications, identity-verification records, prosecutor referrals, later fingerprint submissions, biometric confirmation efforts, charging-related use, warrant-related use, court-scheduling use, prosecution-related use, and records explaining the information entered on the form.

Defendants did not object to Request No. 8 and agreed to produce all responsive materials in their possession, custody, or control.

The Offender Tracking Form produced indicates that fingerprints were not submitted to the BCA and references Rule 5.01 fingerprint procedures.

**Plaintiff was unable to locate:**

- records relating to Rule 5.01 discussions or communications;
- records relating to fingerprint requests;
- records relating to identity-verification procedures;
- records relating to later fingerprint submissions;
- records relating to later biometric confirmations;

- records relating to prosecutor review of the form;
- records relating to use of the form in charging decisions;
- records relating to use of the form in warrant proceedings;
- records relating to use of the form in court scheduling;
- records relating to use of the form in prosecution activities; or
- records explaining the basis for the arrest-related information entered on the form.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 8.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all communications, notes, memoranda, referrals, requests, submissions, approvals, reviews, and records relating to the creation, processing, use, or follow-up actions associated with the March 14, 2022 Offender Tracking Form.
4. If no responsive records exist within any requested category, please identify the category and so state.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 9**

**Plaintiff's Request:**

Produce all records identifying:

- the prosecuting authority,
- prosecutorial reviewer,
- approving official,
- or referring agency

  associated with the initial filing of Case No. 69DU-CR-22-695.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control

Defendants produced incident reports, CAD records, citation materials, offender-tracking materials, criminal-case materials, and other incident-related records.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 9 sought records identifying the prosecuting authority, prosecutorial reviewer, approving official, and referring agency associated with the initial filing of Case No. 69DU-CR-22-695.

Defendants did not object to Request No. 9 and agreed to produce all responsive materials in their possession, custody, or control.

Plaintiff was unable to locate records specifically identifying:

- the prosecuting authority associated with the initial filing;
- the prosecutorial reviewer associated with the initial filing;
- the approving official associated with the initial filing;
- the referring agency associated with the initial filing; or
- the individuals responsible for reviewing or approving the matter for filing.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 9.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all records identifying the prosecuting authority, prosecutorial reviewer, approving official, referring agency, reviewing officials, approving officials, and filing participants associated with the initial filing of Case No. 69DU-CR-22-695.
4. If no responsive records exist, please so state.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 10**

**Plaintiff's Request:**

Produce all communications between:

- St. Louis County Sheriff's Office,
- Midway Township Attorney,
- Duluth City Attorney's Office,
- St. Louis County Attorney's Office,
- or court administration

  relating to initiation or prosecution of Case No. 69DU-CR-22-695.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control

**Production Received:**

Defendants produced incident reports, CAD records, citation materials, offender-tracking materials, criminal-case materials, dispatch materials, and other incident-related records.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 10 sought all communications between the St. Louis County Sheriff's Office, Midway Township Attorney, Duluth City Attorney's Office, St. Louis County Attorney's Office, and court administration relating to initiation or prosecution of Case No. 69DU-CR-22-695.

Defendants did not object to Request No. 10 and agreed to produce all responsive materials in their possession, custody, or control.

Plaintiff was unable to locate communications responsive to this request, including:

- referral communications;
- charging communications;
- prosecutor communications;
- filing communications;
- court-administration communications;
- review communications;
- approval communications; or
- inter-agency communications relating to initiation or prosecution of Case No. 69DU-CR-22-695.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 10.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.

3. Produce all communications between the entities identified in Request No. 10 relating to initiation, review, approval, filing, scheduling, prosecution, dismissal, reopening, or administration of Case No. 69DU-CR-22-695.

4. If no responsive communications exist, please so state.

5. If responsive communications exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 11**

**Plaintiff's Request:**

Produce all records reflecting what address information, contact information, identifying information, database information, or identity-verification information was obtained, relied upon, transmitted, entered, or used for:

- notice,
- service,
- charging,
- warrant processing,
- hearing notices,
- court-date assignment,
- or prosecution activities

associated with Citation No. 690088206901 and Case No. 69DU-CR-22-695.

Including records sufficient to identify:

- the source of such information,
- when such information was obtained,
- any database or records system used,
- any updates or modifications to such information,
- and any inter-agency transmission of such information.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced incident reports, CAD records, citation materials, offender-tracking materials, criminal-case materials, dispatch materials, and other incident-related records.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 11 sought records reflecting what address information, contact information, identifying information, database information, or identity-verification information was obtained, relied upon, transmitted, entered, or used for notice, service, charging, warrant processing,

hearing notices, court-date assignment, or prosecution activities associated with Citation No. 690088206901 and Case No. 69DU-CR-22-695.

The request further sought records identifying:

- the source of such information;
- when such information was obtained;
- any database or records system used;
- any updates or modifications;
- and any inter-agency transmission of such information.

Defendants did not object to Request No. 11 and agreed to produce all responsive materials in their possession, custody, or control.

The incident records indicate that identity-verification activities occurred. However, Plaintiff was unable to locate:

- identity-verification records;
- address-source records;
- contact-information-source records;
- database query records identifying the source of address information;
- transmission records;
- address-update records;
- identity-update records;
- inter-agency transmission records;
- records identifying what information was used for notice;
- records identifying what information was used for charging;

- records identifying what information was used for warrant processing; or
- records identifying what information was used for court scheduling and hearing notices.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 11.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all records identifying the source, acquisition, transmission, modification, use, and dissemination of Plaintiff's identifying information, address information, contact information, and identity-verification information associated with Citation No. 690088206901 and Case No. 69DU-CR-22-695.
4. If no responsive records exist for any requested category, please identify the category and so state.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 12**

**Plaintiff's Request:**

Produce all records reflecting the basis used to identify Plaintiff prior to:

- issuance of Citation No. 690088206901,

- filing of Case No. 69DU-CR-22-695,
- issuance of the associated warrant,
- assignment of future court dates.

Including records relating to:

- SHIELD queries,
- BCA queries,
- MNCIS queries,
- NCIC/CJDN queries,
- driver’s license records,
- warrant confirmations,
- photographic comparisons,
- biometric information,
- fingerprint information,
- MDT searches,
- identity-verification efforts,
- fingerprint submissions,
- fingerprint confirmations,
- and any later acquired identifying information obtained during the June 2024 Hennepin County detention and booking process.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced incident reports, CAD records, citation materials, offender-tracking materials, criminal-case materials, dispatch materials, and other incident-related records.

Plaintiff is unable to determine from the production which documents were produced in response to which specific requests.

**Issue Requiring Clarification:**

Request No. 12 sought records reflecting the basis used to identify Plaintiff prior to issuance of Citation No. 690088206901, filing of Case No. 69DU-CR-22-695, issuance of the associated warrant, and assignment of future court dates.

The request specifically sought records relating to:

- SHIELD queries;
- BCA queries;
- MNCIS queries;
- NCIC/CJDN queries;
- driver's-license records;

- warrant confirmations;
- photographic comparisons;
- biometric information;
- fingerprint information;
- MDT searches;
- identity-verification efforts;
- fingerprint submissions;
- fingerprint confirmations; and
- later acquired identifying information.

Defendants did not object to Request No. 12 and agreed to produce all responsive materials in their possession, custody, or control.

Incident records indicate that identity-verification efforts occurred. However, Plaintiff was unable to locate:

- SHIELD query records;
- SHIELD query results;
- BCA query records;
- MNCIS query records;
- NCIC/CJDN query records;
- MDT search records;

- photographic-comparison records;
- identity-verification records;
- warrant-confirmation records;
- fingerprint-confirmation records;
- biometric-confirmation records;
- records identifying the basis used to connect Plaintiff to the citation and criminal case; or
- records identifying later acquired identifying information used in connection with the case.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 12.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Produce all records reflecting the basis used to identify Plaintiff for purposes of citation issuance, charging, warrant issuance, court scheduling, prosecution, or related proceedings.
4. If any requested records are not within Defendants' possession, custody, or control, identify the category of records and the agency believed to possess them.
5. If no responsive records exist for any requested category, please identify the category and so state.
6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

## REQUEST FOR PRODUCTION NO. 13

**Plaintiff's Request:**

Produce all records relating to issuance, entry, transmission, confirmation, service, execution, or clearance of Warrant # 69DU-CR-22-695-1 associated with Case No. 69DU-CR-22-695.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced warrant-related records, including the April 7, 2022 warrant, CJIS/NCIC warrant records, warrant-confirmation communications, and June 2024 Promise to Appear materials.

**Issue Requiring Clarification:**

Request No. 13 sought all records relating to issuance, entry, transmission, confirmation, service, execution, or clearance of Warrant No. 69DU-CR-22-695-1.

While Defendants produced certain warrant-related records, Plaintiff was unable to locate records relating to:

- warrant-entry activity;
- warrant modification activity;
- warrant audit history;
- warrant transmission logs;
- warrant service records;
- warrant execution records;
- warrant clearance records;
- records identifying who entered the warrant;
- records identifying who modified the warrant;
- records identifying who transmitted the warrant;
- records identifying who cleared, recalled, cancelled, satisfied, or otherwise resolved the warrant;
- Portal XL audit records;
- CJIS audit records;
- NCIC audit records; or
- communications relating to modification, handling, administration, or disposition of the warrant.

**Requested Supplementation:**

1. Produce all additional records responsive to Request No. 13.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 13.

3. Identify whether audit-history, transaction-history, modification-history, clearance-history, transmission-history, or operator-history records exist for Warrant No. 69DU-CR-22-695-1.
4. If such records do not exist, please so state.
5. If such records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 14**

**Plaintiff's Request:**

Produce all policies, procedures, training materials, supervisory guidance, charging-review materials, instructional materials, incident-review materials, or disciplinary standards in effect between 2020 and 2024 relating to:

- arrests or citations under Minn. Stat. § 609.50,
- escalation of investigative encounters into obstruction charges,
- requirements for articulable obstruction conduct,
- officer requests for identification,
- refusal-to-identify encounters,
- supervisory review of obstruction arrests,
- charging approval practices,

and review or evaluation of obstruction-related reports or citations

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff’s Office Policy Manual that was in effect on the date of the incident at issue on the grounds that it seeks 10 to obtain discovery regarding matters that are not relevant to any party’s claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced a St. Louis County Sheriff's Office Policy Manual. Plaintiff did not locate separately produced training materials, supervisory guidance, charging-review materials, instructional materials, incident-review materials, disciplinary standards, obstruction-specific training materials, or obstruction-review materials.

**Issue Requiring Clarification:**

Request No. 14 sought multiple categories of records, including policies, procedures, training materials, supervisory guidance, charging-review materials, instructional materials, incident-

review materials, and disciplinary standards relating to obstruction investigations and obstruction charges.

Defendants produced a policy manual but did not identify whether additional responsive categories exist, whether such records were searched for, or whether such records are being withheld pursuant to the objection.

Plaintiff cannot determine from the production whether Defendants contend:

• no additional responsive records exist;

• additional responsive records exist but are being withheld;

• additional responsive records exist outside the policy manual;

• training materials exist;

• supervisory-review materials exist;

• charging-review materials exist;

• incident-review materials exist; or

• disciplinary standards exist outside the produced policy manual.

**Requested Supplementation:**

1. Produce all responsive records other than the policy manual, including training materials, supervisory guidance, charging-review materials, instructional materials, incident-review materials, disciplinary standards, and obstruction-related review materials.

2. Identify what categories of responsive records were withheld pursuant to Defendants' objection.

3. State whether Defendants contend any responsive training materials, supervisory materials, charging-review materials, instructional materials, incident-review materials, or disciplinary standards do not exist.
4. If responsive materials have already been produced, identify the Bates numbers corresponding to each responsive category requested in RFP No. 14.
5. If responsive records exist but are being withheld, identify the categories being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 15**

**Plaintiff's Request:**

Produce all records relating to:

- generation,
- filing,
- transmission,
- mailing,
- service,
- attempted service,
- reissuance,
- address verification,

- upload history,
- filing history,
- transmission history,
- and audit history of any Notice of Hearing, warrant notice, or hearing-related document in Case No. 69DU-CR-22-695.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward records relating to upload history, filing history, transmission history, and audit 11 history on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced court-related records, warrant-related records, and hearing-related records. Plaintiff did not locate records reflecting generation history, mailing history, service history, attempted-service records, address-verification records, transmission history, upload history, filing history, or audit history associated with hearing notices or warrant notices.

**Issue Requiring Clarification:**

Request No. 15 sought records relating not only to hearing notices and warrant notices themselves, but also the creation, filing, mailing, service, attempted service, address verification, transmission, upload, filing-history, and audit-history records associated with those documents.

Defendants objected only to upload history, filing history, transmission history, and audit history, but agreed to produce all other responsive materials.

Plaintiff was unable to locate:

- mailing records;
- service records;
- attempted-service records;
- address-verification records;
- notice-generation records;
- records identifying when hearing notices were generated;
- records identifying where hearing notices were sent;
- records identifying what address was used;
- records identifying whether notices were returned;
- records identifying whether notices were reissued;
- records identifying whether notices were retransmitted;
- records identifying whether notice addresses were updated or verified.

Plaintiff is also unable to determine whether records relating to upload history, filing history, transmission history, and audit history exist and are being withheld pursuant to Defendants' objection.

**Requested Supplementation:**

1. Produce all non-objected-to records responsive to Request No. 15, including mailing records, service records, attempted-service records, address-verification records, notice-generation records, and reissuance records.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 15.
3. State whether records relating to upload history, filing history, transmission history, and audit history exist.
4. If such records exist, identify whether they are being withheld pursuant to Defendants' objection.
5. If responsive records do not exist for any requested category, identify the category and so state.
6. If responsive records exist but are being withheld, identify the category of records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 16**

**Plaintiff's Request:**

Produce all transcripts, digital audio recordings, minute entries, clerk notes, hearing logs, and related records for all hearings identified in the Register of Actions for Case No. 69DU-CR-22-695, to the extent such records exist, including:

- April 4, 2022,
- July 16, 2024,
- August 12, 2024,
- September 16, 2024.

**Defendants' Response:**

County Defendants will produce all other responsive materials in their possession, custody, or control

**Production Received:**

Defendants produced Register of Actions materials and court-related records. Plaintiff did not locate transcripts, digital audio recordings, minute entries, clerk notes, hearing logs, or similar records for the hearings identified in Request No. 16.

**Issue Requiring Clarification:**

Request No. 16 sought transcripts, digital audio recordings, minute entries, clerk notes, hearing logs, and related records for hearings identified in the Register of Actions.

Defendants did not object to Request No. 16 and agreed to produce all responsive materials in their possession, custody, or control.

Plaintiff was unable to locate:

• hearing transcripts;

• digital audio recordings;

• minute entries;

• clerk notes;

• hearing logs;

• courtroom recordings;

• judicial-recording references;

• appearance logs;

• participant logs; or

• other hearing-related records corresponding to the hearings identified in Request No. 16.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 16.
2. If Defendants contend responsive records have already been produced, identify the Bates numbers of those records.
3. Identify whether transcripts, audio recordings, minute entries, clerk notes, hearing logs, appearance logs, or related hearing records exist for each hearing identified in Request No. 16.
4. For each hearing date, state whether responsive records exist, no longer exist, or are maintained by another entity.

5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.
6. If Defendants contend that no responsive records exist for a particular hearing, please identify the hearing date and so state.

---

**REQUEST FOR PRODUCTION NO. 17**

**Plaintiff's Request:**

Produce all versions, drafts, scans, native electronic files, uploads, exports, print logs, and reproductions of any Promise to Appear, sign-and-release, warrant release, or court date acknowledgment document associated with Plaintiff during the June 2024 Hennepin County detention and release process relating to St. Louis County Case No. 69DU-CR-22-695.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward uploads, exports, and print logs on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced a Sign & Release Warrant Court Date and Defendant Information Form, a Warrant Return of Service, a Promise to Appear, and a Portal XL transmission record associated with the June 2024 release process.

**Issue Requiring Clarification:**

Request No. 17 sought all versions, drafts, scans, native electronic files, uploads, exports, print logs, and reproductions of any Promise to Appear, sign-and-release, warrant-release, or court-date acknowledgment document associated with Plaintiff during the June 2024 detention and release process.

Defendants objected only to uploads, exports, and print logs, but agreed to produce all other responsive materials.

The production reflects multiple documents and electronic transmission activity associated with the release process. However, Plaintiff was unable to locate:

• draft versions;

• native electronic files;

• document creation records;

• document modification records;

• version-history records;

• upload records;

• export records;

• print logs;

• transmission-history records;

• filing-history records;

• scan-history records;

• records identifying the creator of each document;

• records identifying the uploader of each document; or

• records identifying the system used to create, modify, transmit, or file each document.

**Requested Supplementation:**

1. Produce all responsive records not already produced.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 17.
3. Produce all versions, drafts, scans, native electronic files, filing records, transmission records, and version-history records associated with the June 2024 warrant-release process.
4. State whether upload-history, export-history, print-history, or version-history records exist for these documents.
5. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

6. If no such records exist, please so state.

---

**REQUEST FOR PRODUCTION NO. 18**

**Plaintiff's Request:**

Produce all metadata, audit trails, document histories, upload logs, scan logs, fax logs, Portal XL logs, transmission logs, routing records, access logs, user logs, workstation logs, signature capture records, device identifiers, operator records, and records identifying:

- who created,
- who transmitted,
- who reviewed,
- who approved,
- who uploaded,
- who entered,
- or who electronically processed

any document responsive to Request No. 17.

**Defendants' Response:**

County Defendants object to this request on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection

**Production Received:**

Defendants produced June 2024 release-related documents, including a Sign & Release Warrant Court Date and Defendant Information Form, a Promise to Appear, a Warrant Return of Service, and a Portal XL transmission record.

**Issue Requiring Clarification:**

Request No. 18 seeks records sufficient to identify the electronic processing history of the June 2024 warrant-release documents produced in response to Request No. 17.

To avoid any confusion, Plaintiff seeks records sufficient to identify:

- who created each document;
- who completed each document;
- who entered information into each document;
- who signed or witnessed each document;
- who scanned each document;
- who uploaded each document;
- who transmitted each document;
- who received each document;

- who reviewed each document;
- who approved each document for filing;
- what system was used to create each document;
- what system was used to transmit each document;
- what system was used to file each document;
- when each document was created;
- when each document was scanned;
- when each document was uploaded;
- when each document was transmitted;
- when each document was filed; and
- the identity of the operator associated with each action.

Plaintiff further seeks any records reflecting:

- Portal XL transaction history;
- Portal XL routing history;
- Portal XL operator history;
- fax transmission records;
- scan-history records;
- upload-history records;
- signature-capture records;
- document version history;
- document modification history;
- audit-trail records; and

- records identifying the device, workstation, user account, operator, deputy, clerk, or employee associated with processing the documents.

Requested Supplementation:

1. Produce all records responsive to Request No. 18.
2. Identify whether audit-history, transmission-history, upload-history, scan-history, routing-history, operator-history, or Portal XL history records exist for the June 2024 release documents.
3. If such records exist, produce them.
4. If such records are maintained by another agency, identify the agency maintaining them.
5. If such records do not exist, please so state.
6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 19**

**Plaintiff's Request:**

Produce all communications between St. Louis County personnel and Hennepin County personnel relating to:

- Plaintiff,
- St. Louis County warrant 69DU-CR-22-695,

- any Promise to Appear,
- release authorization,
- updated contact information,
- assignment of future court dates,
- hearing scheduling,
- hearing notice generation,
- or court date processing.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials regarding incidents other than the incident at issue or cases other than 13 State v. Hoel, Case No. 69DU-CR-22-695, on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party’s claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. County Defendants object to this request to the extent it is directed toward materials that fall within the attorney-client privilege and common-interest doctrine. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced certain communications relating to warrant confirmation, release authorization, court-date assignment, and transmission of contact information between Hennepin County and St. Louis County personnel.

**Issue Requiring Clarification:**

Request No. 19 was expressly limited to communications concerning Plaintiff and Case No. 69DU-CR-22-695.

Plaintiff is unable to determine:

- what communications were produced in response to this request;
- what communications were withheld pursuant to Defendants' objections;
- whether additional Portal XL communications exist;
- whether email communications exist;
- whether telephone or dispatch communications exist;
- whether court-date scheduling communications exist;
- whether hearing-notice communications exist;
- whether contact-information update communications exist; or
- whether release-processing communications exist beyond those produced.

**Requested Supplementation:**

1. Produce all non-privileged communications responsive to Request No. 19.

2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 19.
3. Identify what categories of communications are being withheld pursuant to the "other incidents" objection.
4. Identify what categories of communications are being withheld pursuant to claims of attorney-client privilege or common-interest doctrine.
5. Produce a privilege log identifying any responsive communications withheld on the basis of privilege.
6. State whether additional Portal XL messages, emails, transmission records, routing records, scheduling communications, notice-related communications, or release-processing communications exist concerning Plaintiff and Case No. 69DU-CR-22-695.

---

**REQUEST FOR PRODUCTION NO. 20**

**Plaintiff's Request:**

Produce all policies, procedures, training materials, manuals, or directives governing:

- warrant release processing,
- Promise to Appear procedures,
- release without cash bail,
- release upon updated contact information,
- and inter-county warrant processing procedures in effect during June 2024.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff’s Office Policy Manual that was in effect on the date of the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party’s claims or defenses and not proportional to the needs of the case, considering the importance of 14 the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced a St. Louis County Sheriff's Office Policy Manual. Plaintiff did not locate separately produced policies, procedures, training materials, manuals, directives, instructional materials, or guidance documents specifically relating to June 2024 warrant-release processing, Promise to Appear procedures, release without cash bail, release upon updated contact information, or inter-county warrant processing.

**Issue Requiring Clarification:**

Request No. 20 concerns the June 2024 warrant-release process reflected in the records produced by Defendants, including communications concerning release authorization, Promise to Appear procedures, court-date assignment, and transmission of updated contact information.

Defendants produced a policy manual but did not identify:

- what sections of the manual are responsive to Request No. 20;
- whether additional responsive policies exist;
- whether training materials exist;
- whether procedural directives exist;
- whether inter-county warrant-processing procedures exist;
- whether Promise to Appear procedures exist; or
- what categories of responsive materials are being withheld pursuant to the objection.

**Requested Supplementation:**

1. Produce all responsive policies, procedures, training materials, manuals, directives, instructional materials, and guidance documents relating to warrant-release processing, Promise to Appear procedures, release without cash bail, release upon updated contact information, and inter-county warrant processing.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 20.
3. Identify what categories of responsive materials are being withheld pursuant to Defendants' objection.

4. State whether separate policies, procedures, training materials, directives, manuals, or guidance documents exist concerning June 2024 warrant-release processing and Promise to Appear procedures.
5. If no responsive records exist outside the produced policy manual, please so state.
6. If responsive records exist but are being withheld, identify the categories being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 21**

**Plaintiff's Request:**

Produce all records identifying the authority, authorization, approval, policy basis, or operational decision permitting release of Plaintiff on St. Louis County warrant #69DU-CR-22-695-1 without payment of the referenced $1,000 warrant bail amount.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced warrant-related records, Promise to Appear records, release-related records, and communications reflecting that Plaintiff could be released upon completion of a Promise to Appear form and provision of current contact information.

**Issue Requiring Clarification:**

Request No. 21 sought records identifying the authority, authorization, approval, policy basis, or operational decision permitting Plaintiff's release without payment of the referenced $1,000 warrant bail amount.

Defendants did not object to Request No. 21 and agreed to produce all responsive materials in their possession, custody, or control.

The records produced reflect that release upon execution of a Promise to Appear and provision of updated contact information was authorized. However, Plaintiff was unable to locate records identifying:

- the source of that authority;
- the person authorizing the release;
- the agency authorizing the release;
- the policy permitting the release;
- the procedure permitting the release;
- the operational decision permitting the release;
- any court order authorizing the release;
- any standing order authorizing the release;
- any warrant-entry instruction authorizing the release;
- any judicial authorization associated with the release condition; or
- any record identifying who determined that payment of the referenced $1,000 bail amount would not be required.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 21.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 21.
3. Produce all records identifying the authority, policy, procedure, instruction, order, authorization, approval, or decision permitting release without payment of the referenced warrant bail amount.
4. Identify the individual, office, agency, court, or authority responsible for establishing or approving the release condition reflected in the warrant records.
5. If no responsive records exist, please so state.
6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 22**

**Plaintiff's Request:**

Produce all communications, routing records, reassignment records, referral records, internal memoranda, jurisdictional analyses, notes, directives, or records relating to:

- dismissal,
- reopening,

- reassignment,
- prosecutorial authority,
- public defender assignment,
- jurisdictional handling,
- or transfer of responsibility

for Case No. 69DU-CR-22-695, including communications involving:

- Midway Township Attorney,
- City of Duluth Attorney's Office,
- St. Louis County Attorney's Office,
- St. Louis County Court Administration,
- and any law enforcement personnel.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced certain communications and records relating to dismissal, reopening, referral, and prosecutorial handling of Case No. 69DU-CR-22-695, including communications regarding an erroneous dismissal, reopening of the case, referral materials, and prosecutorial review.

**Issue Requiring Clarification:**

Request No. 22 sought all communications, routing records, reassignment records, referral records, jurisdictional analyses, notes, directives, and transfer-of-responsibility records relating to dismissal, reopening, reassignment, prosecutorial authority, public defender assignment, jurisdictional handling, and transfer of responsibility.

Although Defendants produced certain responsive communications, Plaintiff is unable to determine whether all responsive records were produced.

Plaintiff was unable to identify:

- routing-history records;
- reassignment records;
- transfer-of-responsibility records;
- records reflecting movement of the case between agencies;
- records concerning public-defender assignment;
- records concerning prosecutorial reassignment;
- records concerning jurisdictional determinations;
- internal memoranda concerning dismissal or reopening;
- records identifying who assumed responsibility for the case following dismissal; or
- records identifying all agencies and personnel involved in reopening the case.

Requested Supplementation:

1. Produce all additional records responsive to Request No. 22.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 22.
3. Produce all routing, reassignment, referral, jurisdictional, transfer-of-responsibility, and prosecutorial-authority records relating to Case No. 69DU-CR-22-695.
4. Produce all records relating to assignment of counsel, public-defender appointment, prosecutorial reassignment, or transfer of responsibility for prosecution of the case.
5. If no additional responsive records exist, please so state.
6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 23**

**Plaintiff's Request:**

Produce all policies, procedures, training materials, directives, manuals, lesson plans, supervisory guidance, or instructional materials in effect between 2020 and 2024 relating to:

- obstruction under Minn. Stat. 609.50,
- requests for identification,
- investigative detentions,
- warrant verification,
- use of force,

- vehicle extractions,
- seizure of personal property,
- property inventory,
- body-worn camera procedures,
- citizen recording of law enforcement activity,
- First Amendment recording rights,
- seizure or handling of recording devices,
- preservation of citizen recordings, and
- destruction or loss of recorded evidence.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff's Office Policy Manual that was in effect on the date of the incident at issue on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or 16 defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control

**Production Received:**

Defendants produced a St. Louis County Sheriff's Office Policy Manual. Plaintiff did not locate separately produced training materials, lesson plans, supervisory guidance, instructional materials, directives, or other records responsive to the remaining categories identified in Request No. 23.

**Issue Requiring Clarification:**

Request No. 23 sought numerous categories of records relating to officer training, investigative procedures, supervisory guidance, and evidence preservation. Defendants objected only to materials outside the Policy Manual and expressly stated that responsive materials were being withheld pursuant to that objection.

Plaintiff is unable to determine whether Defendants searched for or possess responsive records including:

- training materials;
- lesson plans;
- PowerPoint presentations;
- academy or in-service instructional materials;
- supervisory guidance;
- roll-call training materials;
- field training materials;
- directives or memoranda;
- body-worn camera instructional materials;

- investigative detention training;
- identification-request training;
- warrant verification procedures;
- property handling procedures;
- citizen-recording policies;
- First Amendment recording guidance;
- recording-device seizure guidance;
- evidence-preservation guidance; or
- guidance concerning loss or destruction of recorded evidence.

Defendants also did not identify what portions of the produced Policy Manual they contend are responsive to Request No. 23.

**Requested Supplementation:**

1. Produce all responsive training materials, lesson plans, directives, manuals, supervisory guidance, instructional materials, memoranda, and related records responsive to Request No. 23.
2. Identify the Bates numbers of all documents Defendants contend are responsive to Request No. 23.
3. Identify what categories of responsive records are being withheld pursuant to Defendants' objection.

4. State whether responsive training materials, lesson plans, supervisory guidance, directives, instructional materials, or memoranda exist for each subject identified in Request No. 23.
5. Identify the sections of the produced Policy Manual that Defendants contend are responsive to Request No. 23.
6. If no responsive records exist outside the produced Policy Manual, please so state.
7. If responsive records exist but are being withheld, identify the categories being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 24**

**Plaintiff's Request:**

Produce all disciplinary records, internal affairs records, citizen complaints, supervisory reviews, corrective action records, or misconduct investigations between 2020 and 2024 relating to Defendant Prouse concerning:

- use of force,
- unlawful detention,
- obstruction arrests,
- identification demands,
- property handling,
- missing property,

- warrant processing,
- report writing accuracy,
- citizen recording interference,
- seizure or handling of recording devices,
- evidence preservation,
- mutual aid operations,

or interagency enforcement activity.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials other than materials regarding complaints or charges resulting in disciplinary action on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are not being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Plaintiff did not locate disciplinary records, internal affairs records, citizen complaints, supervisory reviews, corrective-action records, misconduct-investigation records, or other records specifically responsive to Request No. 24.

**Issue Requiring Clarification:**

Request No. 24 sought disciplinary records, internal affairs records, citizen complaints, supervisory reviews, corrective-action records, and misconduct investigations concerning Defendant Prouse.

Defendants objected to producing materials other than complaints or charges resulting in disciplinary action but stated that responsive materials are **not** being withheld on the basis of that objection.

Plaintiff is therefore unable to determine:

- whether Defendant Prouse has no responsive disciplinary history;
- whether no responsive citizen complaints exist;
- whether no internal affairs investigations exist;
- whether no supervisory reviews exist;
- whether no corrective-action records exist;
- whether no misconduct investigations exist; or
- whether Defendants contend all responsive records have already been produced.

**Requested Supplementation:**

1. Produce all additional records responsive to Request No. 24.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 24.
3. State whether any citizen complaints, internal affairs investigations, supervisory reviews, corrective-action records, misconduct investigations, or disciplinary records concerning Defendant Prouse exist for the categories identified in Request No. 24.
4. If Defendants contend no responsive records exist for one or more requested categories, please identify those categories and so state.
5. If Defendants contend all responsive records have already been produced, please so state.

---

**REQUEST FOR PRODUCTION NO. 25**

**Plaintiff's Request:**

Produce all records reflecting prior complaints, investigations, lawsuits, claims, or disciplinary findings between 2020 and 2024 involving allegations against St. Louis County Sheriff's Office personnel concerning:

- obstruction arrests unsupported by articulable conduct,
- unlawful investigative detention,
- improper identification demands,
- warrant processing irregularities,

- property loss,
- missing seized property,
- failures to preserve evidence,
- retaliation for recording law enforcement activity,
- interference with citizen recordings,
- or seizure or destruction of recording devices.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials other than materials regarding complaints or charges resulting in disciplinary action on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party’s claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties’ relative access to relevant information, the parties’ resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Plaintiff did not locate records responsive to Request No. 25, including prior complaints, investigations, lawsuits, claims, disciplinary findings, supervisory investigations, or similar records concerning the categories identified in the request.

**Issue Requiring Clarification:**

Request No. 25 sought records concerning prior complaints, investigations, lawsuits, claims, and disciplinary findings involving St. Louis County Sheriff's Office personnel relating to the categories identified above.

Defendants expressly state that responsive materials are being withheld on the basis of their objection.

**Plaintiff is unable to determine:**

- what responsive records are being withheld;
- what categories of records are being withheld;
- whether complaints exist that did not result in discipline;
- whether internal investigations exist that did not result in discipline;
- whether civil claims or lawsuits exist;
- whether supervisory investigations exist;
- whether corrective-action records exist; or
- whether responsive records have been withheld solely because they did not result in formal disciplinary action.

**Requested Supplementation:**

1. Produce all additional responsive records not subject to a valid claim of privilege.

2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 25.
3. Identify each category of responsive records being withheld pursuant to Defendants' objection.
4. State whether responsive complaints, investigations, lawsuits, claims, supervisory reviews, corrective-action records, or disciplinary records exist for each category identified in Request No. 25.
5. If Defendants contend that responsive records exist but are withheld because they did not result in formal disciplinary action, please so state.
6. If no responsive records exist for one or more requested categories, identify the category and so state.

---

**REQUEST FOR PRODUCTION NO. 26**

**Plaintiff's Request:**

Produce all MNCIS audit logs, case-management audit trails, document upload histories, access logs, modification histories, and electronic activity records relating to Case No. 69DU-CR-22-695 between March 14, 2022 and September 13, 2024.

**Defendants' Response:**

County Defendants object to this request on the grounds that it is unclear what discovery it seeks to obtain. County Defendants do not know whether responsive materials are being withheld on the basis of this objection.

**Production Received:**

Defendants produced Register of Actions materials, warrant records, court filings, referral materials, and other case-related documents. Plaintiff did not locate any MNCIS audit logs, case-management audit trails, document upload histories, access logs, modification histories, or electronic activity records responsive to Request No. 26.

**Issue Requiring Clarification:**

Request No. 26 sought electronic case-management records relating to Case No. 69DU-CR-22-695, including MNCIS audit logs, case-management audit trails, document upload histories, access logs, modification histories, and other electronic records reflecting the creation, modification, upload, transmission, access, or processing of case documents.

Defendants objected that the request was "unclear," but also stated they do not know whether responsive materials are being withheld on the basis of that objection.

Accordingly, Plaintiff cannot determine whether:

- MNCIS audit logs exist;
- case-management audit trails exist;
- document upload histories exist;
- access logs exist;

- modification histories exist;
- electronic activity records exist;
- responsive records are being withheld; or
- Defendants contend that no such records exist.

Requested Supplementation:

1. Produce all records responsive to Request No. 26.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 26.
3. State whether MNCIS audit logs, case-management audit trails, document upload histories, access logs, modification histories, electronic activity records, or similar electronic case-history records exist for Case No. 69DU-CR-22-695.
4. If responsive records are maintained by another department, agency, custodian, court administrator, or the Minnesota Judicial Branch rather than the County Defendants, identify the custodian maintaining those records.
5. If no responsive records exist, expressly state whether:

    a) no responsive records were ever created;

    b) responsive records once existed but no longer exist; or

    c) responsive records exist but are not within Defendants' possession, custody, or control.

6. If responsive records exist but are being withheld, identify the categories of records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 27**

**Plaintiff's Request:**

Produce all records relating to the retention, preservation, deletion, destruction, overwrite, export, loss, transfer, audit history, or chain-of-custody of:

- body-worn camera recordings;
- dash-camera recordings;
- dispatch audio;
- MDT data;
- digital evidence;
- seized phones; or
- recordings

relating to the March 10, 2022 encounter involving Plaintiff.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Plaintiff located policy materials, retention schedule materials, and certain incident-related records, but did not locate case-specific records concerning the retention, preservation, deletion, destruction, overwrite, export, transfer, audit history, or chain of custody of the evidence identified in Request No. 27.

**Issue Requiring Clarification:**

Request No. 27 sought records relating to the handling and disposition of evidence generated during Plaintiff's March 10, 2022 encounter, including body-worn camera recordings, dash-camera recordings, dispatch audio, MDT data, digital evidence, seized phones, and other recordings.

Defendants did not object to Request No. 27 and agreed to produce all responsive materials in their possession, custody, or control.

**Plaintiff was unable to locate:**

- retention logs;
- preservation records;
- deletion records;
- overwrite records;
- export records;
- transfer records;

- audit-history records;
- chain-of-custody records;
- evidence-preservation records;
- destruction records;
- records identifying whether responsive evidence was retained, deleted, overwritten, transferred, destroyed, or otherwise became unavailable; or
- records explaining the disposition of the requested evidence.

**Requested Supplementation:**

1. Produce all case-specific records responsive to Request No. 27.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 27.
3. State whether retention logs, preservation records, deletion records, overwrite records, export records, transfer records, audit-history records, chain-of-custody records, or destruction records exist for each category of evidence identified in Request No. 27.
4. If responsive records are maintained by another custodian, identify the custodian maintaining those records.
5. If no responsive records exist, expressly state whether:

   (a) no responsive records were ever created;

   (b) responsive records once existed but no longer exist; or

(c) responsive records exist but are not within Defendants' possession, custody, or control.

6. If any responsive evidence was deleted, overwritten, transferred, destroyed, or otherwise became unavailable, produce all records reflecting when, how, under whose authority, and pursuant to what policy or retention schedule that action occurred.

---

**REQUEST FOR PRODUCTION NO. 28**

**Plaintiff's Request:**

Produce all policies, procedures, retention schedules, deletion schedules, litigation hold notices, preservation notices, evidence preservation directives, retention holds, supervisory directives, and audit procedures governing the preservation, retention, deletion, or destruction of:

- body-worn camera recordings,
- dash-camera recordings,
- dispatch audio,
- MDT records,
- digital evidence,
- seized phones,
- and citizen recordings

  between 2020 and 2024.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials other than the version of the St. Louis County Sheriff's Office Policy Manual that was in effect on the date of the incident at issue and the applicable retention schedule on the grounds that it seeks to obtain discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive 20 materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced a Policy Manual and an applicable records retention schedule. Plaintiff did not locate separately produced deletion schedules, litigation hold notices, preservation notices, evidence preservation directives, retention holds, supervisory directives, audit procedures, or other responsive records requested in Request No. 28.

**Issue Requiring Clarification:**

Request No. 28 sought multiple categories of records governing preservation, retention, deletion, destruction, and audit of digital evidence and recordings.

Defendants produced a Policy Manual and a retention schedule but expressly stated that responsive materials are being withheld pursuant to their objection.

**Plaintiff is unable to determine whether Defendants possess or are withholding:**

- deletion schedules;
- litigation hold notices;
- preservation notices;
- evidence-preservation directives;
- retention holds;
- supervisory directives;
- audit procedures;
- digital-evidence preservation procedures;
- body-worn camera preservation procedures;
- dash-camera preservation procedures;
- MDT preservation procedures;
- dispatch-audio preservation procedures;
- seized-phone preservation procedures; or
- citizen-recording preservation procedures.

Requested Supplementation:

1. Produce all responsive records requested in Request No. 28, including policies, procedures, schedules, directives, notices, audit procedures, and preservation records.

2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 28.
3. Identify each category of responsive records being withheld pursuant to Defendants' objection.
4. State whether litigation hold notices, preservation notices, evidence-preservation directives, retention holds, supervisory directives, audit procedures, or deletion schedules exist for the categories identified in Request No. 28.
5. If Defendants contend no responsive records exist for any requested category, identify the category and so state.
6. If responsive records exist but are being withheld, identify the category of records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 29**

**Plaintiff's Request:**

Produce all records, reports, CAD entries, incident logs, calls for service, bulletins, patrol notes, shift briefings, emails, prior incident records, or other records known to or relied upon by Defendant Prouse before contacting Plaintiff on March 10, 2022 that referenced:

- thefts,
- suspicious persons,
- suspicious vehicles,

- property crimes,
- or related criminal activity

in the area of the March 10, 2022 encounter.

**Defendants' Response:**

County Defendants do not recall which specific materials were known to or relied upon by Prouse in connection with the incident at issue. County Defendants will produce a list of incidents that occurred at or near the site of the incident at issue from January 1, 2022, to March 10, 2022.

**Production Received:**

Defendants produced a list of incidents occurring at or near the location between January 1, 2022 and March 10, 2022. Plaintiff did not locate the underlying incident reports, CAD records, calls for service, patrol notes, bulletins, shift briefings, emails, dispatch records, or other records associated with those listed incidents.

**Issue Requiring Clarification:**

Request No. 29 sought the records known to or relied upon by Defendant Prouse before contacting Plaintiff, including reports, CAD entries, calls for service, patrol notes, bulletins, shift briefings, emails, and prior incident records.

Defendants responded that they do not recall which materials were known to or relied upon by Defendant Prouse but produced only a list of incident numbers occurring near the location.

**The production does not identify:**

- what information Defendant Prouse actually reviewed;
- what information was available to Defendant Prouse before the encounter;
- whether Defendant Prouse reviewed any of the listed incidents;
- whether patrol bulletins or shift briefings referenced those incidents;
- whether CAD entries or incident reports existed for the listed incidents; or
- whether any other records were relied upon before Plaintiff was contacted.

**Requested Supplementation:**

1. Produce the complete incident reports, CAD records, calls for service, dispatch records, patrol notes, bulletins, shift briefings, emails, and other records associated with each incident identified in Defendants' production.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 29.
3. State whether Defendant Prouse reviewed, relied upon, or had access to any of the listed incidents before contacting Plaintiff.

4. If Defendants contend they cannot determine what Defendant Prouse reviewed or relied upon, identify all records that were available to deputies assigned to that patrol area concerning those incidents.
5. If no additional responsive records exist, please so state.

---

**REQUEST FOR PRODUCTION NO. 30**

**Plaintiff's Request:**

Produce all mutual aid agreements, memoranda of understanding, interagency cooperation agreements, operational assistance agreements, cross deputization agreements, jurisdictional assistance policies, or related directives in effect between 2020 and 2024 governing cooperation between:

- St. Louis County Sheriff’s Office,
- Proctor Police Department,
- Midway Township,
- Duluth Police Department,
- or any other agency participating in the March 10, 2022 encounter involving Plaintiff.

**Defendants' Response:**

County Defendants object to this request to the extent it is directed toward materials that were not in existence on the date of the incident at issue on the grounds that it seeks to obtain

discovery regarding matters that are not relevant to any party's claims or defenses and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Responsive materials are being withheld on the basis of these objections. County Defendants will produce all other responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced various criminal justice information-sharing agreements, dispatch communication agreements, and related system agreements involving St. Louis County, Proctor Police Department, Duluth Police Department, and other agencies. Plaintiff did not locate operational agreements governing joint law enforcement authority, investigative cooperation, cross-deputization, or joint field operations applicable to the March 10, 2022 encounter.

**Issue Requiring Clarification:**

Request No. 30 sought agreements governing operational cooperation between the participating law enforcement agencies during the March 10, 2022 encounter.

The agreements produced primarily concern dispatch communications, criminal justice information sharing, and records-management systems.

Plaintiff is unable to determine whether Defendants contend that no operational mutual-aid, joint-powers, cross-deputization, investigative cooperation, or jurisdictional assistance agreements existed on March 10, 2022.

**Requested Supplementation:**

1. Produce all operational agreements responsive to Request No. 30 that were in effect on March 10, 2022.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 30.
3. State whether any joint-powers agreements, mutual-aid agreements, cross-deputization agreements, operational assistance agreements, or investigative cooperation agreements existed between the participating agencies on March 10, 2022.
4. If Defendants contend no additional responsive agreements existed, please so state.
5. If responsive agreements exist but are being withheld, identify each agreement being withheld and the basis for withholding it.

---

**REQUEST FOR PRODUCTION NO. 31**

**Plaintiff's Request:**

Produce all CAD records, RMS records, event classification records, dispatch classifications, stop classifications, incident type designations, call type records, MDT event codes, traffic stop

classifications, suspicious-person classifications, warrant-stop classifications, and records reflecting how the March 10, 2022 encounter involving Plaintiff was categorized, coded, or classified by dispatch, reporting personnel, supervisors, or records personnel.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Plaintiff located CAD records, dispatch materials, and incident-related reports but did not locate records identifying the event classifications, dispatch classifications, RMS classifications, MDT event codes, stop classifications, incident type designations, or other records reflecting how the March 10, 2022 encounter was categorized or coded.

**Issue Requiring Clarification:**

Request No. 31 sought records identifying how the March 10, 2022 encounter was classified or coded within Defendants' dispatch, records-management, and reporting systems.

Although Defendants agreed to produce all responsive materials, Plaintiff was unable to locate:

- RMS event classifications;
- dispatch classifications;

- CAD event classifications;
- incident type designations;
- call type records;
- MDT event codes;
- stop classifications;
- suspicious-person classifications;
- warrant-stop classifications;
- supervisor classification records; or
- other records reflecting how the encounter was categorized by dispatch, reporting personnel, supervisors, or records personnel.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 31.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 31.
3. State whether RMS classifications, dispatch classifications, event classifications, incident type records, MDT event codes, stop classifications, or similar coding records exist for the March 10, 2022 encounter.
4. If such records are maintained by another custodian or records-management system, identify the custodian maintaining those records.
5. If no responsive records exist, please so state.

6. If responsive records exist but are being withheld, identify the records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 32**

**Plaintiff's Request:**

Produce all supervisory review records, incident-review records, use-of-force reviews, supervisor notes, shift-command reviews, sergeant reviews, incident-routing records, administrative reviews, command-level communications, or post-incident evaluation records relating to the March 10, 2022 encounter involving Plaintiff.

Including records relating to:

- findings,
- corrective action decisions,
- disciplinary determinations,
- policy compliance determinations,
- exoneration decisions,
- approval determinations,
- or conclusions that involved personnel acted within policy.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Plaintiff located incident reports, CAD records, dispatch materials, and other incident-related records but did not locate supervisory review records, incident-review records, use-of-force reviews, supervisor notes, shift-command reviews, sergeant reviews, incident-routing records, administrative reviews, command-level communications, or post-incident evaluation records responsive to Request No. 32.

**Issue Requiring Clarification:**

Request No. 32 sought records reflecting supervisory, administrative, or command-level review of the March 10, 2022 encounter.

Defendants did not object to Request No. 32 and agreed to produce all responsive materials in their possession, custody, or control.

**Plaintiff was unable to locate:**

- supervisory review records;
- incident-review records;
- use-of-force reviews;
- supervisor notes;
- shift-command reviews;

- sergeant reviews;
- incident-routing records;
- administrative reviews;
- command-level communications;
- post-incident evaluation records;
- policy-compliance determinations;
- approval determinations;
- corrective-action decisions;
- disciplinary determinations;
- exoneration decisions; or
- records reflecting conclusions that involved personnel acted within policy.

**Requested Supplementation:**

1. Produce all records responsive to Request No. 32.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 32.
3. State whether any supervisory review, administrative review, incident review, command review, use-of-force review, or policy-compliance review was conducted regarding the March 10, 2022 encounter.
4. If such records are maintained by another division or custodian, identify the custodian maintaining those records.

5. If no responsive records exist, expressly state whether:
    (a) no supervisory or administrative review was ever conducted;
    (b) responsive records once existed but no longer exist; or
    (c) responsive records exist but are not within Defendants' possession, custody, or control.
6. If responsive records exist but are being withheld, identify the categories of records being withheld and the basis for withholding them.

---

**REQUEST FOR PRODUCTION NO. 33**

**Plaintiff's Request:**

Produce all records sufficient to identify all law enforcement personnel, supervisors, dispatch personnel, records personnel, investigators, prosecutors, task-force personnel, or other governmental personnel who participated in, reviewed, approved, monitored, coordinated, processed, supervised, responded to, communicated about, or otherwise had operational involvement in the March 10, 2022 encounter involving Plaintiff or the resulting Case No. 69DU-CR-22-695, including:

- dispatch assignments,
- CAD unit histories,
- MDT activity,
- AVL/GPS records,

- squad assignments,
- radio identifiers,
- unit-designation records,
- arrival and departure times,
- assisting-agency records,
- mutual-aid participation,
- supervisor-response records,
- review or approval records,
- report-review records,
- charging-review records,
- warrant-processing records,
- and interagency coordination records.

**Defendants' Response:**

County Defendants will produce all responsive materials in their possession, custody, or control.

**Production Received:**

Defendants produced incident reports, CAD materials, dispatch records, prosecutor communications, and other incident-related records. Plaintiff did not locate records sufficient to identify every individual who participated in, reviewed, approved, supervised, processed,

coordinated, or otherwise had operational involvement in the March 10, 2022 encounter or the resulting prosecution.

**Issue Requiring Clarification:**

Request No. 33 sought records sufficient to identify every governmental employee or official who participated in, reviewed, approved, monitored, supervised, coordinated, processed, or otherwise had operational involvement in Plaintiff's encounter or the resulting criminal case.

Defendants did not object to Request No. 33 and agreed to produce all responsive materials in their possession, custody, or control.

**Plaintiff is unable to determine the identity or involvement of:**

- all dispatch personnel;
- all CAD operators;
- all MDT users;
- all records personnel;
- all supervisory personnel;
- all report reviewers;
- all report approvers;
- all charging reviewers;
- all warrant-processing personnel;
- all court-processing personnel;

- all interagency coordinators;
- all assisting-agency personnel;
- all personnel involved in reopening the case;
- all personnel involved in processing the June 2024 warrant release;
- all personnel involved in assigning future court dates; or
- all personnel involved in communications concerning Case No. 69DU-CR-22-695.

Requested Supplementation:

1. Produce all records responsive to Request No. 33.
2. Identify the Bates numbers of records Defendants contend are responsive to Request No. 33.
3. Produce records sufficient to identify every governmental employee or official who participated in, reviewed, approved, supervised, coordinated, processed, or otherwise had operational involvement in Plaintiff's March 10, 2022 encounter or the resulting criminal case.
4. State whether CAD unit histories, MDT activity logs, AVL/GPS records, dispatch assignment records, supervisor-response records, report-review records, charging-review records, warrant-processing records, or interagency coordination records exist.
5. If such records are maintained by another custodian, identify the custodian maintaining those records.
6. If no additional responsive records exist, please so state.

7. If responsive records exist but are being withheld, identify the categories of records being withheld and the basis for withholding them.

**Conclusion**

Plaintiff has reviewed Defendants' production in good faith and has identified the foregoing deficiencies and requests for clarification in an effort to resolve these discovery issues without court intervention. Plaintiff respectfully requests that Defendants supplement their production and responses as set forth above.

For any category of requested records, if Defendants contend that responsive records do not exist, are maintained by another custodian, or are being withheld pursuant to an objection, Plaintiff requests that Defendants expressly identify that position so the parties may determine whether any remaining disputes require judicial intervention.

Plaintiff requests that Defendants supplement their responses within a reasonable time or otherwise advise whether they intend to stand on their existing responses.

Dated: June 24, 2026

Respectfully submitted,

s/ Robert Brooks Hoel

Robert Brooks Hoel

Plaintiff, Pro Se

General Delivery

Duluth, MN 55806

bobhoel@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on June24, 2026, I served PLAINTIFF'S IDENTIFICATION OF DEFICIENCIES IN ST. LOUIS COUNTY DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION to Defendants St. Louis County and Alexander Prouse by electronic mail upon counsel for Defendants.

Nick D. Campanario campanarion@stlouiscountymn.gov

s/ Robert Brooks Hoel

Robert Brooks Hoel

Plaintiff, Pro Se