# EXHIBIT E

August 9 Focused Completion Request

Plaintiff's focused discovery-completion request narrowing and seeking completion of existing RFPs.

Hoel v. Prouse, No. 0:25-cv-02342-ECT-LIB

# FOCUSED DISCOVERY COMPLETION REQUEST

Fleet-camera, warrant-release, and municipal-liability completion | Existing First RFPs

| | |
|---|---|
| **To:** | Nick D. Campanario, counsel for St. Louis County and Alexander Prouse |
| **Date:** | August 9, 2026 |
| **Case:** | Hoel v. Prouse et al., No. 0:25-cv-02342-ECT-LIB |
| **Response:** | August 14, 2026 |

Nick:

This is a focused written follow-up to my June 24, 2026 identification of deficiencies and to the County Defendants' August 7, 2026 supplemental production, SLC 985-988. It does not serve new requests for production. It asks the County Defendants to complete, identify, or expressly disclaim records already requested in RFP Nos. 1, 10-29, and 32-33, as narrowed below.

For identification, the central records are County production SLC 330-331: (1) the St. Louis County Promise to Appear dated June 8, 2024 and bearing a handwritten deputy entry ending in '550'; and (2) the Hennepin-to-St. Louis transmission stating that the July 16, 2024 court date had been assigned and that the Promise to Appear would be sent when signed. The same materials appear in or are associated with Index No. 7 in State v. Hoel, No. 69DU-CR-22-695. I am not asking Defendants to adopt my characterization of those records. I am asking Defendants to produce the records that establish their provenance and use.

**August 7 supplemental production**

SLC 985-988 establish that two squad-camera recordings existed: Prouse's recording titled '22032259' and Phaneuf's recording titled 'Artesion Well Onview.' The audit trails show four retention-level updates by Jesse Evjen in August 2022, system queueing on March 9, 2025, and deletion on March 16, 2025. This production partially responds to RFP Nos. 1 and 27 but does not complete the June 24 deficiencies or RFP Nos. 28 and 33.

**Retention-level history.** Produce the underlying audit and configuration records showing the before-and-after retention level or category for each update attributed to Jesse Evjen on August 13 (two entries), August 17, and August 23, 2022, together with the reason, authorizing person or rule, and any associated comment, ticket, directive, or case-status event.

**Deletion rule and configuration.** Produce the policy, retention schedule, Axon Evidence retention category, category-to-duration mapping, delete-trigger configuration, and queue or grace-period setting that caused the two recordings to be queued on March 9, 2025 and deleted on March 16, 2025. Include records sufficient to interpret the UTC trigger values shown in SLC 985-988.

**Preservation and remaining copies.** Produce any litigation hold, preservation notice, case hold, export, download, backup, derivative, proxy, thumbnail, screenshot, snapshot, or recovery record concerning either recording. State separately whether any copy or recoverable component remains in Axon Evidence, an archive, a backup, a user export, or another repository, and identify that custodian.

**Phaneuf participation.** Complete RFP No. 33 by producing the records showing why Deputy Wyatt Phaneuf responded, what he was told, what he observed or did, his arrival and departure, and his communications concerning Plaintiff, the dog, the vehicle, property, identification, warrants, force, or release. Include responsive CAD, AVL, radio, report, note, message, and supervisory records.

**Recording-operation records.** Produce the available event, activation, interruption, error, and device records concerning Prouse's recording being stopped by an event-button hold and Phaneuf's recording being stopped through Axon View XL, including records identifying the user action and whether any additional segment was created.

**June 2024 warrant-release and court-file completion**

## Required completion

**Production organization.** Your August 7 email invokes Rule 34(b)(2)(E)(i). If Defendants rely on production as kept in the usual course of business, identify the original custodian, source system, folder or repository structure, and organization that was preserved in the production, and confirm that associated filenames and metadata were maintained. If responsive materials were instead collected, exported, reordered, or assembled for production, identify the Bates number or native production filename for the records Defendants contend respond to the requests addressed below.

**County-held source files.** Produce every County-held version of SLC 330-331 and the Index No. 6 and Index No. 7 materials, including native files, scans, drafts, attachments, filenames, and any version or replacement history.

**Incoming transmission.** Produce the complete incoming Hennepin communication and the attachment actually received after HODGES stated that the Promise to Appear would be sent when signed, including Portal XL/CJIS transaction data, message identifiers, complete routing information, receipt confirmation, and any email, fax, or other duplicate transmission.

**People and systems.** Produce records identifying each person, user account, workstation, terminal, mailbox, or filing account that received, opened, printed, saved, scanned, routed, reviewed, approved, attached, transmitted, or filed the June release records.

**Court filing.** Produce the complete County-side eFS, eFiling, email, portal, or other submission package by which Index Nos. 6 and 7 or their contents reached Court Administration, including the submitter, account, filing code, native attachment, timestamps, acceptance or rejection record, and confirmation.

**Warrant lifecycle.** Produce the warrant-status and audit history showing how warrant 69DU-CR-22-695-1 changed from active to served or cleared, including the user, time, source record, release instruction, court-date source, and every County communication with Hennepin and Court Administration concerning that change.

**Court date and notice.** Produce records showing who supplied the July 16, 2024 at 9:00 a.m. setting, when the County first received or transmitted it, what address or contact information was used, and every County-held notice, service, mailing, delivery, or returned-mail record.

**Hearing records.** Complete RFP No. 16 by producing any County-held audio, transcript, minutes, clerk notes, hearing logs, or appearance records for April 4, 2022, July 16, 2024, August 12, 2024, and any September 16, 2024 setting. If none are in Defendants' possession, custody, or control, say so by date and identify the known custodian.

**Dismissal and reopening.** Complete RFP Nos. 10 and 22 by producing the nonprivileged communications and routing records concerning the July 15 dismissal, the conclusion that the City dismissed a County case outside its jurisdiction, reopening, reassignment, public-defender appointment, and transfer of prosecutorial responsibility.

**Audit records.** Complete RFP Nos. 15, 18, and 26 by producing the available audit, upload, scan, access, modification, routing, and filing histories. If Defendants contend a particular system does not retain a requested history, identify the system, custodian, retention period, and basis for that statement.

**No-record or withholding response.** For each item not produced, state separately whether it never existed, existed but is no longer available, is held by an identified other custodian, or is being withheld. For withheld material, provide a privilege log or the specific objection and category withheld. For unavailable material, identify the retention or disposition record.

**Policy, training, prior complaints, and comparator completion**

**RFP Nos. 14 and 23 — operative policies and training.** The County objected and expressly withheld material beyond the incident-date policy manual. Produce the policies, lesson plans, legal updates, training bulletins, supervisory guidance, and training materials that were in force or actually used to train Prouse as of March 10, 2022 concerning: Minn. Stat. § 609.50; demands for identification and refusal to identify; investigative detention and handcuffing; use-of-force reporting and supervisory review; the public's recording of police; seizure, inventory, safeguarding, and return of personal property; and warrant-hit handling. If no responsive material exists beyond the policy manual already produced, say so separately by topic. If material remains withheld, identify each withheld category and the objection asserted.

**RFP No. 24 — Prouse complaints, investigations, corrective action, and discipline.** The response states that no responsive material is being withheld based on the objection, but it does not identify a production or give a definite no-record response. State separately whether responsive citizen complaints, internal-affairs files, supervisory reviews, misconduct investigations, corrective actions, or disciplinary records exist for the requested period. Produce the nonprivileged responsive material or identify its Bates range; if none exists in a category, state that expressly.

**RFP No. 25 — comparable complaints, claims, investigations, and lawsuits.** The County's response expressly states that responsive material is being withheld. To narrow the request and make the burden measurable, produce any existing index for January 1, 2020 through December 31, 2024 of complaints, claims, lawsuits, and internal investigations involving St. Louis County law-enforcement personnel that alleged: obstruction based on refusal to identify, speech, or passive conduct; detention, handcuffing, or force without an identified suspected offense; interference with recording or seizure of a recording device; seized, lost, or unreturned personal property; or warrant-processing or warrant-clearance irregularities. For each responsive matter, identify the date, involved personnel, incident, claim, or case number, allegation, and disposition or final finding, and produce the initiating complaint, claim, or pleading and the final disposition or finding. If no index exists, Plaintiff proposes the same information in a list as a practical alternative to production of every full file; if the County declines that alternative, Plaintiff maintains the original request for the responsive records. Appropriate personal-data redactions are acceptable. If the County maintains its objection, identify

the searches performed, the number of responsive matters located, the categories withheld, and the specific burden or proportionality basis for withholding them.

**RFP No. 29 — Old Highway 61 source records.** The County produced a one-page incident list at SLC 326 rather than the source records requested. Produce the CAD records, incident reports, call notes, unit-activity records, and related nonduplicative records for every incident number listed on SLC 326 that was known to or relied upon by Prouse before his contact with Plaintiff on March 10, 2022, together with records sufficient to show that knowledge or reliance. Identify each production by incident number and Bates range, or state that no additional responsive record exists or is being withheld.

**RFP No. 32 — supervisory and policy-compliance review.** Produce every supervisory review, use-of-force review, policy-compliance review, corrective-action record, or other after-action review concerning the March 10, 2022 incident. If no such responsive review record exists or if responsive material is being withheld, state that expressly.

**Case-specific no-record confirmation.** Your August 7 email states that all documents concerning the incident and resulting criminal case have been produced. For each unproduced category identified in the June 24 letter-including use-of-force, property inventory or loss, dog handling, Carter or Phaneuf participation, supervisory review, identity or warrant queries, citation service or notice, and nonprivileged court or prosecutor communications-state whether no responsive record was ever created, the record once existed but is unavailable, another identified custodian holds it, or it is being withheld. This requested confirmation does not limit the separate policy, training, complaint, discipline, comparable-incident, and municipal-liability deficiencies.

## Requested response

Please provide the production-organization information, supplemental production, and itemized written response by August 14, 2026. A response that merely says 'previously produced' without identifying the preserved usual-course organization or the responsive records, or that repeats a general objection without stating what is being withheld, will not resolve the existing deficiency.

I am attempting to narrow and resolve these issues without motion practice. Please respond in writing. If Defendants believe a real-time conference is necessary to resolve a specific remaining item, identify that item and propose two dates and times.

Respectfully,
**Robert Brooks Hoel**
Plaintiff Pro Se
General Delivery, Duluth, MN 55806
bobhoel@gmail.com