# EXHIBIT I

August 24 and August 27 County Correspondence

County counsel's correspondence culminating in the County's final substantive position after review of the August 23 letter.

Hoel v. Prouse, No. 0:25-cv-02342-ECT-LIB

# August 24 and August 27, 2026 County Counsel Correspondence

**From:** Nick Campanario

**To:** Bob Hoel

**Cc:** Stephanie Angolkar

**Date:** August 24, 2026, 8:09 p.m.

**Subject:** RE: Hoel v. Prouse -- Proposed Scheduling Modification and September 11 Depositions

Bob, I'm still digging through the e-mails that piled up while I was on vacation and haven't had the chance to review in detail your letter of August 23. I will get to that in the next few days.

I continue to see no reason to change the scheduling order, with the possible limited exception of allowing additional time for the deposition of Phaneuf if he's not available before the existing discovery deadline. I'm working on getting that information as soon as possible.

As for September 11, yes it will be the same room we used for your deposition. I or someone else from my office will attend in person. I propose a 1:30 p.m. start for Prouse.

Best regards,

Nick D. Campanario

Assistant County Attorney - Civil Division Head

**From:** Nick Campanario

**To:** Bob Hoel

**Cc:** Stephanie Angolkar

**Date:** August 27, 2026, 12:34 p.m.

**Subject:** RE: Hoel v. Prouse -- Proposed Scheduling Modification and September 11 Depositions

Bob, I have now reviewed and considered your letter of August 23 and am left with the feeling that we're running in circles at this point.

The claims you've asserted in this lawsuit are that your constitutional rights were violated during the incident on March 10, 2022, and that the resulting criminal case against you amounted to malicious prosecution. To repeat what I've said before, we have produced everything we have about the incident and the case. To the extent you want more on these subjects, there's nothing more for us to give.

We have also produced requested documents about other subjects, including, for example, document retention (SLC 135-SLC 325, SLC 989), other incidents that took place at or near the same location as the incident at issue (SLC 326, SLC 990-SLC 1004), the policies of the sheriff's office as they relate to search and seizure, use of force, retaliation, training, and other matters (SLC 338-SLC 984), and agreements between the county and other government entities (SLC 81-SLC 128). To the extent you're seeking more on non-incident, non-case subjects, we're sticking with the relevance and proportionality objections in our initial responses.

Best regards,

Nick D. Campanario

Assistant County Attorney - Civil Division Head