# EXHIBIT Q

## Force / Recording / Supervisory Policy Excerpts

Selected St. Louis County force-reporting provision and Proctor MVR activation, continuation, download, inspection, confrontation/use-of-force recording, supervisory, and record-handling provisions.

Hoel v. Prouse, No. 0:25-cv-02342-ECT-LIB

Shots fired at or from a moving vehicle involve additional considerations and risks, and are rarely effective.

When feasible, deputies should take reasonable steps to move out of the path of an approaching vehicle instead of discharging their firearm at the vehicle or any of its occupants.

A deputy should only discharge a firearm at a moving vehicle or its occupants when the deputy reasonably believes there are no other reasonable means available to avert the imminent threat of the vehicle, or if deadly force other than the vehicle is directed at the deputy or others.

Deputies should not shoot at any part of a vehicle in an attempt to disable the vehicle.

## 300.6 REPORTING THE USE OF FORCE

Any use of force by a member of this office shall be documented promptly, completely, and accurately in an appropriate report, depending on the nature of the incident. The deputy should articulate the factors perceived and why he/she believed the use of force was reasonable under the circumstances.

To collect data for purposes of training, resource allocation, analysis, and related purposes, the Office may require the completion of additional report forms, as specified in office policy, procedure, or law. See the Report Preparation Policy for additional circumstances that may require documentation.

### 300.6.1 NOTIFICATIONS TO SUPERVISORS

Supervisory notification shall be made as soon as practicable following the application of force in any of the following circumstances:

(a) The application caused a visible injury.

(b) The application would lead a reasonable deputy to conclude that the individual may have experienced more than momentary discomfort.

(c) The individual subjected to the force complained of injury or continuing pain.

(d) The individual indicates intent to pursue litigation.

(e) Any application of the Conducted Energy Device (CED) or control device.

(f) Any application of a restraint device other than handcuffs, shackles, or belly chains.

(g) The individual subjected to the force was rendered unconscious.

(h) An individual was struck or kicked.

(i) An individual alleges unreasonable force was used or that any of the above has occurred.

### 300.6.2 STATE REPORTING REQUIREMENTS

The Sheriff shall provide for the filing of a report with the Bureau of Criminal Apprehension (BCA) on a monthly basis and in the form required by BCA (Minn. Stat. § 626.5534).

Copyright Lexipol, LLC 2022/01/10, All Rights Reserved.
Published with permission by St Louis County Sheriff's Office

shift and will be used as the activity log and posted on the activity log board. If the MCT is down then a hand written activity sheet will be completed and posted at the end of the shift.

**79.4 MCT Incident Response**

Rapid response to mobile device related incidents can significantly mitigate the risks associated with illicit data access on the device itself or withing online data resources associated with the device. Special reporting procedures for mobile devices shall apply in any of the following situations:

1. Loss of device control. For example:
    a. Device known to be locked, minimal duration of loss.
    b. Device lock state unknown, minimal duration of loss.
    c. Device lock state unknown, extended duration o loss.
    d. Device known to be unlocked, more than momentary duration of loss.
2. Total loss of device.
3. Device compromise.
4. Device loss or compromise outside the United States.

# GENERAL ORDER 79.5
## In-Car Camera System/Mobile Video Recorder

Effective Date: April 5, 2006
Revised Date: October 6, 2014
Annual Review Date: March
Issuing Authority: Kent M. Gaidis, Chief of Police

**PURPOSE**

The purpose of this policy is to provide the Proctor Police Department with guidelines for the use, management, access, retention, handling of evidence, degaussing, storage, and retrieval of audio-visual media recorded by in-car video systems.

### 79.5.0 Definitions

1. **Recorded Media**—Means audio-video signals recorded on any of several storage devices, including, but not limited to, analog tape (VHS, SVHS, Hi 8mm), digital tape (DV),or other portable digital storage devices (CD, DVD, hard drive, flash card, etc.).

2. **In-Car Camera System/Mobile Video Recorder (MVR)**—These are synonymous terms and refer to any system that captures audio and video signals, that is capable of installation in a vehicle, and that includes at minimum, a camera, microphone, recorder, and monitor.
3. **Supervisor**—Licensed peace officers appointed with responsibility to serve as a supervisor.
4. **MVR Technician**—Personnel, licensed or civilian, that are trained in the operational use and repair of MVRs, duplicating methods, storage and retrieval methods and procedures, and who possess a working knowledge of video forensics and evidentiary procedures.
5. **Degaussing**—Electronic cleansing by overwriting, erasing, and/or destruction of electronic storage media of analog and digital recording media that returns the media to its original state so it is ready for the imprinting of new images.
6. **Activate**—Any process which causes the MVR system to transmit or store video or audio data.
7. **Law Enforcement Operator (LEO)**—Primarily, a licensed peace officer, but on occasion may be a non sworn representative of the agency, who would be authorized and assigned to operate MVR equipped vehicles to the extent consistent with Minnesota Statute 169.98.
8. **MGDPA**—The Minnesota Government Data Practices Act, Minnesota Statutes Chapter 13.

# Policy

The use of the Mobile Video Recording (MVR) system provides documentation of law enforcement interaction with the public by providing evidence for the judicial system, internal review, or review by the public through formal request by agency specific method. The primary function of the MVR is for officer safety and not to initiate disciplinary action against the officer, but the data collected on the MVR may be used as evidence relating to a complaint of misconduct made against an LEO by any person present at the scene of the incident when such complaint could result in additional training, counseling or disciplinary action in accordance with agency policy.

**79.5.1 Procedures**

1. **Operational Objectives**

   The agency has adopted the use of MVRs to accomplish the following objectives:

   a. To enhance officer safety
   b. To accurately document statements and events during the course of an incident
   c. To enhance the officer's ability to document and review statements and actions for both internal reporting requirements and for courtroom preparation/presentation
   d. To provide an impartial measurement for self-critique and field evaluation during recruitment and new officer training
   e. To preserve visual and audio information for use in current and future investigations
   f. To enhance the public trust by preserving objective factual representations of officer-citizen interactions in the form of video and audio recordings made via an in-car camera system, and
   g. To identify training needs

2. **General Procedures**

   It is the responsibility of this agency to ensure that the audio-video recording equipment is properly installed according to the manufacturer's recommendations.

   a. MVR vehicle equipment shall automatically activate when emergency equipment (lights, sirens) is operating or an LEO can start recording when they are outside their vehicle via a wireless transmitter. The system may also be activated manually from the control panel

affixed to the interior of the vehicle or by activating the system manually on the portable MVR.

b. Placement and operation of system components within the vehicle or on a LEO shall be based on officer safety requirements and manufacturers recommendations.
c. All staff shall successfully complete an approved course of instruction prior to being deployed with MVR systems in operational settings.
d. The agency will establish and maintain a method for the public to view recorded events to the extent that such data is classified as public under the MGDPA.
e. The agency will ensure officers, investigators, and prosecutors have access to the recorded events according to agency specific method for making the recordings accessible within the criminal justice system.
f. The MVR Vehicle System shall be configured to minimally record for 30 seconds, prior to an event (IF MVR is designed for such function). An agency has the discretion to increase the pre event record time.
g. The MVR System may not be configured to record audio data occurring prior to activation.

**3. Officers' Responsibilities**

Inspection and general maintenance of MVR equipment installed in agency vehicles and mobile personal systems shall be the responsibility of the LEO assigned to the vehicle and mobile unit.

a. MVR equipment shall be operated in accordance with the manufacturer's recommended guidelines and agency training and policies.
b. Prior to beginning each shift, the assigned LEO shall perform an inspection to ensure that the MVR is performing in accordance with the manufacturer's recommendations covering the following matters:
    - Remote audio transmitter is functional and has an adequate power source
    - Connected to the recording equipment
    - The transmitter can remotely activate the system
    - The view of all cameras shall be free of obstruction
    - All camera lenses shall be operational
    - Camera facing intended direction
    - Recording mechanism capturing both audio and video information
    - System plays back both audio and video tracks

Malfunctions, damage or theft of in-car camera or mobile equipment shall be reported to the immediate supervisor prior to placing the unit into service.

1. An agency specific report shall be completed documenting the suspected cause(s) of equipment failure or any recommendations for corrective actions. The supervisor shall determine if the vehicle shall be placed in service without an operating MVR and the emergency communications center shall be so informed.

**4. Mandatory MVR Recording**

To the extent practical without compromising officer safety, the MVR systems shall be activated and/or operated under the following circumstances and conditions:

a. Traffic stops (to include, but not limited to traffic violations, stranded motorist assistance and all crime interdiction stops)
b. Priority responses
c. Vehicle pursuits
d. Arrests

e. Vehicle searches
f. Physical or verbal confrontations, or use of force
g. Prisoner transports
h. Crimes in progress
i. Any situation where a non-prisoner is in the vehicle and being transported; e.g., a child, an elderly person, someone having a medical event
j. Any situation or incident that the officer, through training and experience, believes should be audibly and visually recorded
k. Law enforcement operators are encouraged to narrate events using the audio recording, so as to provide the best documentation for pretrial and courtroom presentation
l. When the MVR is activated, law enforcement officers shall ensure that the audio portion is also activated so all events are properly documented
m. And others at agency discretion

**5. Operational Protocols**

a. To prevent bleed over and/or noise from other MVRs in systems using low band transmitters (analog), only the primary LEO initiating the contact shall activate his or her audio recorder.
b. Law enforcement operators using digital transmitters that are individually synchronized to their individual MVR shall activate both audio and video recordings when responding in a support capacity in order to obtain additional perspectives of the incident scene.
c. Law enforcement operators may have access to review the recordings when preparing written reports or statements of events to help ensure accuracy and consistency of accounts.
d. With the exception of law enforcement radios or other emergency equipment, law enforcement operators shall not use other electronic devices within the law enforcement vehicle in order to intentionally interfere with the capability of the MVR System to record audio data.
e. Law enforcement operators shall not erase, alter, reuse, modify or tamper with MVR recordings. Only a supervisor, MVR technician (City I.T.), or CLEO approved designee may erase and reissue previously recorded recordings and may only do so pursuant to the provisions of this policy.
f. To prevent damage, original recordings shall not be viewed in any equipment other than the equipment issued or authorized by the MVR technician
g. MVR recordings shall be considered evidence, designated by the LEO for the appropriate retention and be submitted to the agency approved designee to ensure that the recording is retained in accordance with the agency's policy.
h. Any other activities when in the LEO's judgment it would be beneficial to do so.
i. When the MVRs are activated to document an event, it shall not be deactivated until the event has been concluded unless:
    1. The incident or event is of such duration that the MVR may be deactivated to conserve recording times
    2. The LEO does not reasonably believe that deactivation will result in the loss of critical documentary information
    3. The intention to stop the tape has been noted by the LEO either verbally or in a written notation
j. The recording media shall be automatically down loaded by the wireless remote drive or by the officer in the assigned hard drive computer at the completion of an incident for

preservation of evidence. Proper digital replacement drives will be installed before unit goes back in service.

6. **Supervisor's Responsibilities**
   a. Supervisors will ensure that the squad car audio/video equipment is used in accordance with this policy. They will assist operators to become proficient in the operation of the equipment.
   b. When an incident arises that requires the immediate retrieval of the recorded media (e.g., serious crime scenes, agency shootings, agency involved crashes, a supervisor shall respond to the scene and ensure that the appropriate supervisor, MVR technician, or crime scene investigator removes the recorded media. The technician or investigator shall then:
      1. Place the media into evidence and provide copies to authorized investigative personnel
      2. Ensure the appropriate notation is made in the chain of custody log
   c. The supervisor shall periodically review the chain of custody log to ensure that issued media is surrendered in a timely manner. The supervisor is responsible for determining causes for such problems (e.g., unreported problems with the MVR equipment or equipment not being used in accordance with agency policy).
   d. Supervisors who are informed or otherwise become aware of malfunctioning equipment shall ensure that authorized personnel make repairs in a timely manner.
   e. Supervisors shall conduct periodic reviews of officer assigned media in order to periodically:
      1. Assess officer performance
      2. Assure proper functioning of MVR equipment
      3. Determine if MVR equipment is being operated properly
      4. Identify recordings that may be appropriate for training
   f. Supervisors shall conduct bi-weekly reviews of personnel who are newly assigned MVR equipment in order to ensure compliance with agency policy. These reviews shall continue until such time as the supervisor believes new operator is competent. Supervisors shall thereafter conduct agency designated reviews.
   g. Ensure recordings that have been tagged for extended retention are tagged properly.

      Supervisors may activate the MVR system remotely to monitor a developing situation such as a chase, riot, or other event threatening public safety, officer safety, or both when the purpose is to obtain tactical information to assist in managing the event. Supervisors shall not remotely activate the MVR system for the purpose of surveillance regarding the conversations or actions of an officer.

7. **Technician's Responsibilities**
   a. The MVR technician is responsible for the ordering, issuance, retrieval, storage, degaussing, and duplication of all recorded media.
   b. The MVR technician shall be responsible for collecting all completed media or for over sight and verification of wireless downloaded media.
   c. Once the media is surrendered, the technician shall:
      1. Ensure it is stored in a secured location with authorized controlled access; and
      2. Make appropriate entries in the chain of custody log
   d. Recorded media may only be degaussed:
      1. Pursuant to a court order
      2. In accordance with established retention policies