**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Robert Brooks Hoel,**
Plaintiff,

v.

Alexander Prouse; Joseph Carter; Doe #1;
St. Louis County; and City of Proctor,
Defendants.

**Case No. 0:25-cv-02342-ECT-LIB (ECT/LIB)**

**PLAINTIFF'S MEET-AND-CONFER STATEMENT**

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and D. Minn. LR 7.1(a) and 37.1(a), Plaintiff Robert Brooks Hoel states:

Plaintiff conferred in writing with counsel for St. Louis County and Alexander Prouse in a good-faith effort to resolve the discovery disputes without court action.

After the County Defendants served their June 22, 2026 responses and made their production available, Plaintiff sent a request-by-request deficiency notice on June 24 identifying the records he could not locate and asking whether the records had been produced, did not exist, were held elsewhere, or were being withheld.

County counsel later supplemented on August 7 by disclosing that two incident squad-camera recordings had existed and were deleted in March 2025. Plaintiff responded on August 9 with a focused completion request expressly narrowing existing RFP issues in light of that production.

On August 12, County counsel stated that he would look further into squad-camera retention material and reports for incidents on SLC 326, and stated that aside from those subjects he was standing by the June 22 responses and August 7 email. On August 14, the County supplemented those two subjects. Plaintiff credits that supplementation.

On August 23, Plaintiff sent a final Rule 37 conference letter identifying the remaining unresolved categories, crediting completed supplementation, requesting categorical answers where appropriate, and proposing a conference. On August 24, County counsel advised that he had not yet reviewed that letter in detail.

On August 27, after reviewing the August 23 letter, County counsel stated that the County had produced everything it had concerning the March 10 incident and resulting criminal case and that, for remaining non-incident subjects, it was standing on its relevance and proportionality objections. That response did not resolve the remaining relief identified in Exhibits H and J. The motion does not seek relief on portions cured by supplementation and does not seek spoliation sanctions, fees, or an authenticity ruling. It seeks only the narrowed completion relief stated in the motion and proposed order. If the parties resolve any portion after filing, Plaintiff will promptly notify the Court as required by LR 7.1(a)(2).

Dated: August 28, 2026

/s/ Robert Brooks Hoel
Robert Brooks Hoel
Plaintiff, In Propria Persona
General Delivery
Duluth, Minnesota
bobhoel@gmail.com