**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Robert Brooks Hoel,**
Plaintiff,

v.

Alexander Prouse; Joseph Carter; Doe #1;
St. Louis County; and City of Proctor,
Defendants.

**Case No. 0:25-cv-02342-ECT-LIB**
**(ECT/LIB)**

**PROPOSED ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Robert Brooks Hoel's Motion to Compel Discovery from Defendants St. Louis County and Alexander Prouse came before the Court. Based on the motion, memorandum, declaration and exhibits, meet-and-confer statement, and the record, IT IS HEREBY ORDERED:

1. RFP Nos. 1, 27, 28, 31, and 33 - incident recordings, Fleet systems, and County-hosted Carter/Proctor records. Within ten days of this Order, County Defendants shall conduct a reasonable search for all March 10, 2022 recordings and recording segments associated with the Prouse and Wyatt Phaneuf vehicle systems; produce records sufficient to identify each installed or available camera/audio channel and whether it generated an evidence record; produce any additional responsive recording, activation, audit, retention, deletion, export, preservation, or recovery record located; and make a reasonable inquiry whether deleted or missing responsive recordings can be restored or replaced from reasonably accessible sources. County Defendants shall also reasonably search St. Louis County 911/CAD, County-hosted RMS/NEMESIS-DAMION SHIELD/MIS systems, and other reasonably accessible County-hosted repositories for responsive Carter/S483 unit, CAD/MDT/AVL/radio, media-index/link, transfer/storage, and equipment-mapping records, including records sufficient to map S483, 1PR121, and 1prp0005 to the assigned officer, vehicle, and recording equipment.
2. RFP Nos. 3, 23, 32, and 33 - force reporting and supervisory review. County Defendants shall produce existing force, restraint, supervisor-notification, use-of-force review, incident-

review, policy-compliance, report-review, and approval records concerning the March 10 encounter; records sufficient to identify the responsible supervisor or reviewer; and narrowed nonduplicative operative training or guidance concerning use-of-force reporting and review. If no responsive report, notification, or review record was created or maintained, the supplemental response required below shall so state.

3. RFP Nos. 4, 5, and 33 - Phaneuf, Gargano, Sophea Chhit, Jax, and property. County Defendants shall produce existing records concerning Wyatt Phaneuf's participation, Jacob Gargano's role if any, Sophea Chhit, Jax, the vehicle search, property or phones removed/damaged/lost/returned, alleged marijuana or paraphernalia, inventory, chain of custody, destruction, and unit/CAD/MDT/AVL/assignment records sufficient to identify participating County personnel.
4. RFP No. 6 - Wright County warrant. County Defendants shall produce the County-side March 10, 2022 Wright County warrant-confirmation, interagency, Promise-to-Appear/sign-and-release, dispatch/MDT/CJDN/NCIC, form-transmission, court-date, decision, supervisor, and review records responsive to RFP No. 6 that have not already been produced.
5. RFP Nos. 12, 13, 15, 17-21, 26, and 33 - June 2024 St. Louis County warrant/Promise-to-Appear chain. County Defendants shall produce responsive County-held source, version, transmission, receipt, routing, user, audit, notice, warrant-status, warrant-service/clearance, and court-filing records concerning warrant 69DU-CR-22-695-1, SLC 328-331, court Index Nos. 6 and 7, and the related Promise to Appear, including records showing the form sent to Hennepin County, receipt and processing of any completed form, the source of the July 16, 2024 court date, users/custodians involved, and the audit basis for treating the warrant as served or cleared.
6. RFP Nos. 2, 7-12, 22, 26, 31, and 33 - identity, citation, referral, reopening, routing, and dismissal. County Defendants shall produce remaining responsive nonprivileged County-held

identity-query/access records; citation and Offender Tracking Form review/approval records; CAD/RMS/event-classification records; original prosecutorial/referral routing records; records sufficient to identify the July 15-17, 2024 City-to-County handoff/referral user, system, destination, recipient/acceptance, and assignment; and nonprivileged factual/routing records concerning dismissal, reopening, reassignment, continued prosecution, and final dismissal.

7. RFP Nos. 14, 23-25, and 29 - training, Prouse complaints, comparators, and source incidents. County Defendants shall produce: (a) narrowed nonduplicative operative training or guidance responsive to RFP Nos. 14 and 23; (b) responsive nonprivileged Prouse complaint, internal-affairs, supervisory-review, corrective-action, investigation, or discipline records responsive to RFP No. 24, or state by category that none exist; (c) any existing index, log, database report, spreadsheet, claim list, lawsuit list, or complaint register for January 1, 2020 through December 31, 2024 capable of identifying the narrowed comparable allegations described in Plaintiff's August 23 Rule 37 letter and responsive to RFP No. 25; and (d) available source CAD/call/unit records for incidents responsive to RFP No. 29 that Prouse actually knew of or relied upon before the March 10 contact.
8. RFP Nos. 16 and 30 - limited remaining issues. County Defendants shall produce any responsive RFP No. 16 hearing record within their possession, custody, or control. After crediting SLC 81-128, County Defendants shall state whether that range is the complete incident-date operative agreement set and produce any additional responsive incident-date agreement that remains unproduced, if any.
9. Supplemental responses. For each category ordered above for which no additional responsive material is produced, County Defendants shall serve a supplemental Rule 34 response stating, after reasonable inquiry, whether: (a) no responsive record was created or maintained; (b) a responsive record existed but is no longer available, with the known disposition or retention

basis; (c) the responsive record is held only by an identified outside custodian and is outside County Defendants' possession, custody, or control; or (d) responsive material is being withheld under an identified objection or privilege. Any privilege withholding shall be supported by an appropriate privilege log or description complying with Fed. R. Civ. P. 26(b)(5)(A).

10. Scope of Order. Nothing in this Order constitutes a finding that County counsel intentionally withheld evidence, a finding of spoliation, a determination concerning the authenticity of the June 2024 Promise to Appear or related warrant records, or a requirement that County Defendants create substantive records that never existed.

Dated: ____________________

___________________________________
LEO I. BRISBOIS
United States Magistrate Judge