**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Prouse; Joseph Carter; Doe #1; City of Proctor; and St. Louis County,<br><br>Defendants. | **Case No. 0:25-cv-02342-ECT-LIB**<br><br>**PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 6(b)(1)(B) TO ACCEPT LATE-FILED MOTION PAPERS** |

Plaintiff Robert Brooks Hoel, appearing In Propria Persona, moves under Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 6.1 for an order accepting as timely the motion papers filed on August 27 and August 28, 2026, in connection with the September 9, 2026 hearing before Magistrate Judge Leo I. Brisbois.

The papers at issue are: (1) ECF Nos. 47-52 and 60, concerning Plaintiff's motion to modify the Pretrial Scheduling Order, with the motion and corrected supporting papers filed on August 27, 2026 and the separate Notice of Hearing filed on August 28, 2026; and (2) ECF Nos. 53-59, concerning Plaintiff's motion to compel St. Louis County and Alexander Prouse, filed on August 28, 2026. Under the applicable motion schedule, the papers were due August 26, 2026. The scheduling-order motion package was therefore filed one day late, with its separate Notice of Hearing filed two days late, and the motion-to-compel package was filed two days late.

Under Rule 6(b)(1)(B), the Court may extend an expired deadline where the failure to act resulted from excusable neglect. Local Rule 6.1(b)(1) directs that the excusable-neglect showing be set forth in the motion itself.

The delay was brief and inadvertent. Plaintiff, appearing without counsel, was assembling and electronically filing multiple interrelated motion papers and did not complete the two filing packages by August 26. Plaintiff filed the scheduling-order motion and corrected supporting papers on August 27, then completed the County/Prouse motion-to-compel package and the separate Notice of Hearing on the scheduling-order motion on August 28. Plaintiff acted promptly to address the lateness once it was recognized. The delay was not for tactical advantage or to gain additional response time.

The short delay creates little or no prejudice. All papers were fully filed well before the September 9 hearing; the hearing date has not been moved; Defendants have notice of the motions and their supporting papers; and the one- and two-day delays do not materially impair Defendants' ability to respond. Accepting the papers will permit the Court to resolve the motions on their merits rather than on a minimal filing delay.

## MEET-AND-CONFER STATEMENT

On August 28, 2026, Plaintiff emailed counsel for both defense groups asking whether they opposed a limited Rule 6(b)(1)(B) motion seeking acceptance of the August 27 and August 28 filings and whether either wished to respond.

Counsel for the City of Proctor and Joseph Carter responded that she was "fine with the later filings" as to the motion concerning amendment of the deadlines and stated that she did not believe her input was needed on the motion to compel St. Louis County. Plaintiff therefore understands the Proctor/Carter Defendants not to oppose acceptance of the late-filed scheduling-order papers and to take no position on the County/Prouse compel papers.

As of the time of this filing, counsel for St. Louis County and Alexander Prouse has not responded to Plaintiff's August 28 request for a position. Because this motion concerns an already-expired filing deadline and it is late Friday afternoon, Plaintiff is proceeding without waiting through the weekend. If County counsel later indicates a position, Plaintiff will promptly advise the Court.

## RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests that the Court extend the August 26, 2026 filing deadline nunc pro tunc and deem ECF Nos. 47-60 timely filed as of August 26, 2026, or otherwise accept those papers as timely filed.

Dated: August 28, 2026

**/s/ Robert Brooks Hoel**
Robert Brooks Hoel
Plaintiff, In Propria Persona
General Delivery
Duluth, Minnesota
bobhoel@gmail.com