UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Deputy Alexander Prouse, Officer Joseph Carter, Doe #1, the City of Proctor, and St. Louis County,<br><br>Defendants. | Case No.: 0:25-cv-02342 (ECT/LIB) |

**PROCTOR DEFENDANTS' MEMORANDUM IN OPPOSITION IN PART TO PLAINTIFF'S MOTION TO MODIFY PRETRIAL SCHEDULING ORDER**

## INTRODUCTION

On August 27, 2026, Plaintiff Robert Brooks Hoel filed a motion seeking an order from the Court to modify the Pretrial Scheduling Order. Hoel is a pro se individual who initiated a § 1983 suit against former Officer Joseph Carter, the City of Proctor, Deputy Alexander Prouse, and St. Louis County. The Proctor Defendants oppose this motion in part as it pertains to amending the deadline to amend the pleadings, expand the scope of discovery, or extending discovery for any other purpose than rescheduling depositions as a courtesy to St. Louis County

counsel, because Plaintiff has not acted diligently in his attempt to follow the Scheduling Order, nor shown good cause for modification.

**BACKGROUND**

The original Complaint in this case was filed on June 4, 2025. (ECF No. 1). After Defendants filed Motions to Dismiss, on October 30, 2025, the Court granted in part and denied in part the Motions. (ECF No. 31). The Proctor Defendants filed an Answer to the original Complaint on November 12, 2025. (ECF No. 33). On November 14, 2025, Hoel filed an Amended Complaint. (ECF No. 35). The Proctor Defendants filed an Answer to the Amended Complaint on November 24, 2025. (ECF No. 36). The Pretrial Scheduling Order was issued on January 7, 2026. (ECF No. 44). Pursuant to that scheduling order, all motions which seek to amend the pleadings or add parties were due on March 15, 2026. (ECF No. 44). All discovery (fact & expert) is due on September 15, all non-dispositive motions are due by October 15, and all dispositive motions are due on November 15, 2026. *Id*.

Hoel served his Initial Disclosures on December 29, 2025, listing John Doe #1 as a witness. *Declaration of Stephanie Angolkar, ¶ 2, Ex. 1: Plaintiff's Initial Disclosures, at p. 2*. St. Louis County Defendants served their Initial Disclosures on December 31, 2025. *Decl. Angolkar, ¶ 3.* The Proctor Defendants served their Initial Disclosures on January 2, 2026. *Decl. Angolkar, ¶ 4.* The Proctor Defendants served Hoel with discovery requests on January 13, 2026. *Decl. Angolkar, ¶ 5.*

Hoel did not serve written discovery requests until May 22, 2026, serving his first set of Requests for Production of Documents. *Decl. Angolkar, ¶ 6.* On June 2, 2026, Proctor Defendants served Hoel with a Notice of Deposition for June 22, 2026. *Decl. Angolkar, ¶ 7.* Proctor served written discovery responses and documents on June 11, 2026. *Decl. Angolkar, ¶ 8.* Hoel promptly corresponded within two days regarding alleged discovery deficiencies, with a 13-page letter. *Decl. Angolkar, ¶ 9.* After Hoel notified the parties of a scheduling conflict, on June 16, 2026, the Proctor Defendants served an Amended Notice of Deposition for July 22, 2026. *Decl. Angolkar, ¶ 10.* On July 8, 2026, the Proctor Defendants responded to Hoel's discovery letter and supplemented production. *Decl. Angolkar, ¶ 11.* Hoel's deposition proceeded on July 22, 2026. *Decl. Angolkar, ¶ 12.*

On July 27, 2026, Hoel served Proctor Defendants with Requests for Admissions, Interrogatories to both former Officer Carter and the City of Proctor, and a second set of Requests for Production of Documents. *Decl. Angolkar, ¶ 13.* He also provided a discovery reconciliation regarding the first set of Requests for Production of Documents. *Decl. Angolkar, ¶ 14.* He also raised the question of extending deadlines. *Dec. Angolkar, ¶ 15.* He e-mailed on July 31, 2026 regarding the first Set of Requests for Production of Documents. *Decl. Angolkar, ¶ 16.* Proctor Defendants supplemented production on July 31, August 5, and August 15. *Decl. Angolkar, ¶ 17.* On August 26, 2026, the Proctor Defendants served Responses to

Requests for Admission, Answers to Interrogatories, and Responses to the Second Set of Requests for Production of Documents. *Decl. Angolkar, ¶ 18.* In response to Hoel's inquiry about scheduling depositions, on August 24, 2026, counsel confirmed former Officer Carter was available for a deposition on September 11, 2026. *Decl. Angolkar, ¶ 19.* Then on August 28, 2026, Hoel inquired about scheduling a Rule 30(b)(6) deposition of the City of Proctor on September 11. *Decl. Angolkar, ¶ 20.* To date, despite repeated requests for confirmation of scheduling with a qualified court reporter, Hoel has not provided contact information or served deposition notices. *Decl. Angolkar, ¶ 21.*

Hoel now requests the following relief: 1) Extend the deadline to complete fact discovery from September 15, 2026 to October 30, 2026, without extending expert-discovery deadlines; 2) Reopen the expired deadline for motions seeking leave to amend the pleadings or add parties, with any such motion filed and the hearing thereon completed on or before November 20, 2026; 3) Extend the deadline by which nondispositive motions must be heard and completed through November 20, 2026; 4) Extend the dispositive-motion deadline through January 15, 2027; and 5) Permit Plaintiff to serve no more than ten additional interrogatories and ten additional requests for admission per defense group, limited to matters first disclosed or materially clarified through later

supplementation, compelled production, or deposition testimony, with no additional allotment of requests for production. (ECF No. 47).

After Hoel filed his motion, on August 31, 2026, the undersigned learned counsel for St. Louis County is out of the office indefinitely on an extended leave and new counsel has not yet been assigned. *Decl. Angolkar, ¶ 22.* Proctor counsel reached out to Plaintiff to request the September 9 hearing be rescheduled and briefing be extended for Defendants, in light of the absence of counsel for the County. *Decl. Angolkar, ¶ 23, Exhibit 2.* In light of new counsel being assigned to represent St. Louis County and Deputy Prouse, Proctor counsel also expressed willingness to extend deadlines. *Id*. The Proctor Defendants do not agree to extend the deadline to amend the pleadings or to expand the scope of discovery, however. *Id*.

In response, Hoel refused to reschedule the September 9 hearing (including his Motion to Compel Discovery against St. Louis County) and confirmed he still intended to proceed with his motion to amend the deadline to amend the pleadings. *Decl. Angolkar, Ex. 3.* Deputy St. Louis County Attorney Jon Holets also confirmed with Hoel the pending reassignment of the file. *Decl. Angolkar, Ex. 4*.

These Defendants respectfully request this Court deny the motion as it pertains to extending the deadline to amend the pleadings and maintain the original deadlines and discovery limits in the Pretrial Scheduling Order (ECF No.

44). However, these Defendants agree to extend the discovery deadline, for the limited purpose of completion of depositions previously anticipated (though not yet noticed or confirmed with a qualified court reporter, with contact information provided to counsel) for September 11, based on good cause, due to St. Louis County and Deputy Prouse obtaining new counsel. These Defendants further agree that good cause only exists to extend the non-dispositive and dispositive motion deadlines due to St. Louis County and Deputy Prouse obtaining new counsel.

## LEGAL STANDARD

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The primary measure of Rule 16's good-cause standard is the moving party's diligence in attempting to meet the case management order's requirements. *Bradford v. DANA Corp*., 249 F.3d 807 (8th Cir. 2001). When a litigant has a reasonable opportunity to develop an issue within the deadlines established by the pretrial scheduling order, the litigant's failure to do so demonstrates a lack of diligence regardless of whether the failure resulted from a tactical decision or neglect. *Goyette v. City of Minneapolis*, No. 20-CV-1302 (WMW/DTS), 2022 WL 1963722 (D. Minn. June 6, 2022).

Pursuant to Local Rule 16.3, a party that moves to modify a scheduling order must: (1) establish good cause, and (2) explain the proposed modifications.

Furthermore, if a party moves to modify the discovery deadlines, a party must also: (1) describe what discovery remains to be completed; (2) describe the discovery that has been completed; (3) explain why not all discovery has been completed; and (4) state how long it will take to complete discovery. D. Minn. L.R. 16.3(c). And when a party seeks to amend a deadline that has expired (here, the motion to amend the pleadings), the party must also establish extraordinary circumstances justifying extending the deadline. D. Minn. L.R. 16.3(d); *3M Innovative Props. Co. v. Dupont Dow Elastometers, LLC*, No. 03-cv-3364, 2005 WL 6007042, at *1 (D. Minn. Aug. 29, 2005). Extraordinary circumstances are circumstances outside of the moving party's control. *See Shukh v. Seagate Tech., LLC*, NO. 10-cv-404, 2013 WL 53835, at *3-4 (D. Minn. Jan. 3, 2013). And even then, whether to amend the deadlines remains within the sound discretion of the court. *3M Innovative Props. Co.*, 2005 WL 6007042, at *1; Fed. R. Civ. P. 16(b)(4).

## ARGUMENT

### I. When Hoel waited nearly six months to conduct any discovery, his eleventh-hour scramble to conduct discovery immediately prior to the discovery deadline does not demonstrate good cause to amend the deadlines.

Hoel first appears to assert that good cause is supported by newly discovered facts, specifically that he was not aware of the identity of the third officer at the scene until receiving supplementation from the County on August 7. (ECF No. 47-1). When evaluating the moving party's diligence and whether good

cause was shown, the Court in *Sherman* considered whether a change in the law, newly discovered facts, or any other changed circumstance. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 718 (8th Cir. 2008). Deputy Wyatt Phaneuf was identified as being the third officer on the scene, "Doe #1", in St. Louis County's discovery responses which were made available to Hoel on June 22, 2026. *Decl. Angolkar, ¶ Ex. 5.* Hoel simultaneously claims that he "does not intend to add Phaneuf as Doe #1" and intends to use him as a "fact witness", yet he asks the Court to reopen the amendment/add-party motion deadline through November 20 to "preserve a latter Rule 15 motion". (ECF No. 47-1). Notably, Hoel has yet to notice a deposition of Phaneuf (or anyone). Defendants Carter and City of Proctor take no position on the merits of the claims against the County, but disagree with Hoel's argument that he has diligently pursued the evidence or that newly discovered evidence necessitates modifying the scheduling order.

Additionally, Hoel's use of the placeholder "Doe 1" in his Complaint and Amended Complaint shows Hoel knew of the existence of Deputy Phaneuf. He was not a newly-disclosed witness or newly-discovered fact. "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an action may proceed against a party whose name is unknown if the complainant makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th

Cir. 2019) (quoting *Est. of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). "Even under this limited exception to the general prohibition against naming fictitious parties as defendants, Plaintiffs must still comply with the Federal Rules of Civil Procedure." *Nat'l Legal & Pol'y Ctr. v. Berkshire Hathaway, Inc.*, 774 F.Supp.3d 1105, 1125 (D. Neb. 2024). Federal Rule of Civil Procedure 4(m) requires a plaintiff effect service on both named and unnamed defendants within 90 days after filing their complaint. Fed. R. Civ. P. 4(m). Hoel has not served a summons and complaint on John Doe #1, despite filing his initial Complaint on June 4, 2025. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224-25 (8th Cir. 1994) (upholding denial of amendment "some fourteen months after filing the original complaint, six days after the discovery cutoff date"); *Heglund v. Aitkin County*, 871 F.3d 572, 580 (8th Cir. 2017) (holding use of John Doe defendant not a mistake under Rule 15(c)).

Hoel had nearly six months to pursue discovery after filing his Amended Complaint and the Court issued a Scheduling Order, yet he did not proceed with written discovery until late May. He did not make efforts to schedule depositions until August, and even still, has yet to provide contact information for a qualified court reporter[1] or serve deposition notices. Instead, he has flooded the parties with nearly-instantaneous, lengthy discovery deficiency letters.

---

[1] Hoel is proceeding In Forma Pauperis.

Hoel also states if he later seeks leave to amend, he intends to correct the conversion count that was pled in his initial complaint but missing from his Amended Complaint filed on November 14, 2025. While dropping the conversion claim may have been a mistake on the part of the plaintiff, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 582 (D. Minn. 1999) (citation omitted).

Furthermore, Hoel identifies the "compressed calendar" leading up to September 15 as a basis of his request, yet it was his choice to wait and potentially depose Officer Carter, Deputy Prouse, and Deputy Phaneuf in the final days before the discovery deadline. (ECF No. 47-1). Hoel has known the identity of Prouse and Carter since the inception of this lawsuit, but he has only asked defense counsel to hold September 11 for depositions without any formal notice. Strategy choices do not establish good cause.

Hoel lastly points to an August 2024 email from Beck to Prouse concerning the obstruction charge, which was produced by the County after the March 15 amendment deadline, as evidence of newly discovered facts. However, Hoel has known that his citation for obstruction was dropped by prosecutors since the beginning of this suit and maintains a claim for malicious prosecution in both his initial and amended complaint. (ECF No. 1) (ECF No. 35). An email confirming

that the charge was dropped does not establish good cause to extend the amendment deadline and allow a possible Rule 15 motion.

In sum, Hoel appears to point to "new evidence" without a sufficient explanation as to why he has been slow to act upon it or how it is material to the case. For these reasons, Hoel has failed to show diligence in following the scheduling order or good cause for its modification.

## II. Hoel's purported discovery concerns do not establish good cause to broadly extend the deadlines.

Hoel's claim there are unresolved Proctor recording and review-system questions also does not establish good cause to extend the deadlines. There is no pending discovery motion before the Court regarding Proctor Defendants' answers pertaining to squad video no longer retained, after Hoel commenced the litigation beyond expiration of the video retention period. The October 15 deadline is more than sufficient for any dispute Hoel believes needs to be addressed by the Court.

## III. Proctor Defendants will be prejudiced by amending the deadlines.

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (citation and internal quotation marks omitted). If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant. *See id.* at 717. Therefore, even if the Court

finds that Plaintiff was diligent, it must still consider the potential prejudice to the Defendants.

The parties have navigated the entirety of the discovery process under the operative Amended Complaint, including Hoel's July 22 deposition. Hoel has also served the parties with extensive discovery requests. Subjecting Defendants to ten additional Interrogatories, ten additional Requests for Admission, and likely re-opening the Plaintiff's deposition will add unnecessary expense and delay. Concern for prejudice also exists because Hoel waited until after his deposition and written discovery responses were complete to bring this motion.

Accordingly, there is only good cause to extend discovery for the limited purpose of the completion of previously scheduled depositions (though not yet noticed or confirmed with a qualified court reporter) to accommodate new counsel for St. Louis County and Deputy Prouse. No other discovery should be expanded or permitted.

## CONCLUSION

For the foregoing reasons, these Defendants respectfully request the Court deny in part Plaintiff's motion seeking an order from the Court to modify the Pretrial Scheduling Order, as it pertains to the amendment deadline and expanding the scope of discovery permitted, and grant in part the following amendments:

1) Amending the discovery deadline to October 30, 2026 for the limited purpose of noticing and completing the depositions of Deputy Prouse, Deputy Phaneuf, former Officer Carter, and Rule 30(b)(6) deposition of City of Proctor, before a qualified court reporter;
2) Non-dispositive motion deadline amended to November 20, 2026; and
3) Dispositive motion deadline amended to January 15, 2027.

Dated: September 2, 2026

s/Stephanie A. Angolkar
Stephanie A. Angolkar #388336
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200
stephanie@iversonlaw.com
*Attorney for the City of Proctor and Officer Joseph Carter*