**Stephanie Angolkar**

---

**From:** Bob Hoel <bobhoel@gmail.com>
**Sent:** Monday, December 29, 2025 12:05 PM
**To:** Nick Campanario; Stephanie Angolkar; Carlos Soto-Quezada
**Subject:** Hoel v. Prouse et al., No. 0:25-cv-02342-ECT-LIB — Plaintiff's Rule 26(a)(1) Initial Disclosures
**Attachments:** PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES.pdf

**Categories:** Filed to ND

Counsel,

Attached please find Plaintiff Robert Brooks Hoel's Rule 26(a)(1) Initial Disclosures in the above-referenced matter.

Please confirm receipt.

Regards,
Robert Brooks Hoel
Plaintiff, Pro Se



Exhibit 1

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Robert Brooks Hoel,
Plaintiff,

Civil Action No. 0:25-cv-02342-ECT-LIB

v.

Alexander Prouse,
Joseph Carter,
Doe 1,
City of Proctor, and
St. Louis County,
Defendants.

# PLAINTIFF’S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Robert Brooks Hoel makes the following Initial Disclosures based on information presently known. Plaintiff reserves the right to supplement these disclosures in accordance with Rule 26(e).

**I. Individuals Likely to Have Discoverable Information**

(Fed. R. Civ. P. 26(a)(1)(A)(i))

Plaintiff identifies the following individuals who are likely to have discoverable information that Plaintiff may use to support his claims:

1. Robert Brooks Hoel (Plaintiff)

   Knowledge regarding the events of March 10, 2022; Plaintiff’s detention; use of force; seizure and damage of personal property; presence of Plaintiff’s dog during the

encounter; recording of police activity; subsequent charging and record entries; and damages suffered.

2. Alexander Prouse (Defendant)

   Knowledge regarding Plaintiff's detention, use of force, seizure of property, warrant queries and reliance on law-enforcement record systems, charging decisions, and related actions on March 10, 2022.

3. Joseph Carter (Defendant)

   Knowledge regarding participation in Plaintiff's detention, use of force, seizure of property, observation of Plaintiff recording police activity, and related actions.

4. Doe #1 (identity unknown)

   Individual present at the scene on March 10, 2022, whose identity and role are currently unknown, and who may have knowledge regarding the vehicle search, scene control, and actions taken by law enforcement personnel during the encounter.

5. Law-Enforcement Records Custodians (St. Louis County / City of Proctor)

   Knowledge regarding creation, modification, storage, and dissemination of police reports, citations, warrant information, offender-tracking forms, sign-and-release documentation, ROA entries, and associated metadata.

6. Property / Evidence Custodians

   Knowledge regarding seizure, handling, damage, loss, or disposition of Plaintiff's personal property.

7. Robert McGivney, Assistant Public Defender

   Knowledge regarding appointment as counsel in Case No. 69DU-CR-22-695, filing of a continuance request, and related court record entries concerning the obstruction citation.

## II. Documents, Electronically Stored Information, and Tangible Things

(Fed. R. Civ. P. 26(a)(1)(A)(ii))

Plaintiff may use the following categories of documents, ESI, and tangible items to support his claims:

- Police reports, incident reports, and narratives
- Body-worn camera, squad-car video, and audio recordings
- Dispatch and CAD logs
- Citation records, charging documents, offender-tracking forms, and sign-and-release / promise-to-appear documents
- Warrant query results, warrant issuance records, warrant status and clearance records, and related system outputs
- Register of Actions entries and associated metadata or audit logs
- Property and chain-of-custody records
- Training materials, policies, and procedures
- Records, policies, training materials, and recordings concerning the presence, handling, placement, or transport of animals during law-enforcement encounters, including during Plaintiff's detention on March 10, 2022

- Plaintiff's recordings, photographs, and personal notes
- Internal communications (MDT / messaging)
- Court filings and correspondence.

Many responsive materials are believed to be in the possession, custody, or control of Defendants or third parties.

**III. Damages**

(Fed. R. Civ. P. 26(a)(1)(A)(iii))

Plaintiff seeks damages including, but not limited to:

- Loss and destruction of personal property
- Out-of-pocket expenses
- Emotional distress
- Loss of liberty
- Violations of constitutional rights.

Plaintiff's computation of damages is ongoing and will be supplemented as discovery proceeds.

**IV. Insurance**

(Fed. R. Civ. P. 26(a)(1)(A)(iv))

Based on information provided by Defendants, St. Louis County is self-insured and is defending and indemnifying Defendant Alexander Prouse in this action. The City of Proctor and its employees are participating members of the League of Minnesota Cities Insurance Trust

(LMCIT), which provides liability coverage reportedly in the amount of $2 million. Plaintiff reserves the right to supplement this disclosure as additional information becomes available.