**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Robert Brooks Hoel,<br><br>Plaintiff,<br><br>v.<br><br>Alexander Prouse, et al.,<br><br>Defendants. | Case No. 25-cv-02342 (ECT/LIB) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY STAY AND AMENDED SCHEDULING ORDER**

## INTRODUCTION

Defendant St. Louis County and Alexander Prouse (the "County Defendants") respectfully move for a temporary 30-day stay of these proceedings and an amended scheduling order pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rule 16.3.

## FACTUAL BACKGROUND

On August 28, 2026, counsel of record for the County Defendants sought medical treatment that required an unexpected extended medical leave. On the same date, given the above, the Deputy St. Louis County Attorney reviewed the pending litigation files assigned to counsel of record for the County Defendants, including the above captioned case, and became aware of an upcoming hearing scheduled for September 9, 2026, on Plaintiff Robert Hoel's

Motion to Modify Scheduling Order [Docket No. 64] and Motion to Compel [Docket No. 53].

The County Defendants filed an emergency motion to continue the above-referenced motion hearing and all related briefing deadlines on September 2, 2026. The Court granted the County Defendants' emergency motion that same date, noting a replacement Briefing Order regarding Plaintiff's motion hearing and an Amended Pretrial Scheduling Order will be issued by the Court [Docket No. 67].

On September 20, 2026, Plaintiff e-mailed the Deputy St. Louis County Attorney seeking to schedule depositions and referenced Defendants' allegedly past-due responses to Plaintiff's Interrogatories and Requests for Admission. After Plaintiff rejected the County Defendants' initial request for a stipulated stay of proceedings, the undersigned began further reviewing available docket information and the County Defendants' litigation files in attempt to locate copies and/or service information relating to Plaintiff's Interrogatories, Requests for Admission, and any deposition subpoenas and/or scheduling information.

Finding none, and upon identifying the September 15, 2026, close of discovery date in the Court's Pretrial Scheduling Order, the undersigned obtained access to County Defendants' counsel of record's Microsoft Outlook account to review correspondence exchanged with Plaintiff in August 2026,

locating (1) an unresolved scheduling discussion for two depositions requested by Plaintiff, and (2) an August 13, 2026, email attaching Plaintiff's First Joint Interrogatories and Requests for Admission to the County Defendants. The undersigned met and conferred with Plaintiff immediately thereafter by phone on September 30, 2026, explaining the undersigned had no knowledge of any outstanding discovery or deposition requests until Plaintiff's correspondence prompted the above-described search.

The undersigned was subsequently reassigned to this matter as substitute counsel for the County Defendants. [*See* Docket No. 68, *Notice of Appearance,* dated Oct. 9, 2026]. Given the undersigned's need to address several short-term priorities associated with existing full-time assignments, conduct a thorough review of discovery and case-filings to date, and limited prior involvement with County civil litigation matters, the County Defendants request: (1) a short-term 30-day stay to provide the undersigned adequate time to prepare prior to proceeding with any remaining discovery, pending motions, and any future dispositive motions and/or trial, (2) an order requiring service of answers to Plaintiff's Interrogatories and Requests for Admission within 30 days after the above-referenced stay is lifted, and (3) an amended scheduling order that includes a 30-day supplemental discovery period, allowing Plaintiff to take any depositions that Plaintiff—absent counsel of record's above-

referenced medical leave—would have otherwise been entitled to complete prior to the close of the original discovery period.

## STANDARD OF REVIEW

Under Local Rule 16.3 (b), "party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification: and (2) explain the proposed modification's effect on any deadlines." Any request for discovery-related modifications "must also: (1) describe what discovery remains to be completed; (2) describe the discovery that has been completed; (3) explain why not all discovery has been completed; and (4) state how long it will take to complete discovery." Local Rule 16.3 (c). While ordinarily a party seeking to modify a scheduling order must obtain a hearing date prior to the passing of a deadline the party is moving to modify, the Court may excuse that requirement in "extraordinary circumstances." Local Rule 16.3 (d).

"The primary measure of good cause [under F.R.C.P. 16(b)(4) and related Local Rules] is the movant's diligence in attempting to meet the order's requirements." *IBEW Loc. 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 522 (D. Minn. 2018). Once the movant has made a satisfactory showing of diligence, any prejudice or lack thereof "to the nonmovant resulting from modification of the scheduling order may also be a relevant factor . . ." in deciding whether to grant a requested modification. *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 717 (8th Cir. 2008).

## ARGUMENT

The County Defendants believe the sudden circumstances surrounding the County Defendants' previous counsel of record's medical leave—which began approximately two weeks before the original discovery window in the Court's Pretrial Scheduling Order was set to close—provide ample cause to modify the existing schedule in this matter and satisfy the "extraordinary circumstances" threshold required under Local Rule 16.3 (d) for an after-the-fact modification. Indeed, by the time the undersigned had an opportunity to review this matter, the initial discovery window in the Court's Pretrial Scheduling Order had already closed, and more than 30 days had passed since Plaintiff first attempted e-mail service of his pending Interrogatories and Requests for Admission to the County Defendants. As such, no additional diligence could have prevented the need for the scheduling modifications requested herein.

Further, the modifications proposed by the County Defendants do not have any prejudicial impact on the remaining parties to this litigation. On the contrary, one of the primary motivating factors underlying the County Defendants' request is ensuring Plaintiff has a reasonable opportunity to complete the depositions that he otherwise would have been entitled to take before the Court's initial discovery period closed, and that Plaintiff receives complete answers from the County Defendants to all pending written

discovery. Beyond the above-referenced unresolved deposition and discovery requests, and the existing scheduling order and document request objections detailed in Plaintiff's pending motions, the undersigned's understanding is that all remaining discovery between Plaintiff and the County Defendants is otherwise complete.

Put simply, the County Defendants believe the modifications requested in the proposed order filed contemporaneously with this motion are a reasonable and appropriate means of dealing with the unexpected circumstances of the above-described medical situation and subsequent reassignment of counsel. Thus, the County Defendants respectfully request that the Court grant the relief requested herein, as detailed more specifically in the County Defendants' proposed order.

Dated: October 23, 2026

Respectfully submitted,
KIMBERLY J. MAKI
ST. LOUIS COUNTY ATTORNEY

s/ Nicholas W. Anderson
Nicholas W. Anderson (#0398274)
Assistant St. Louis County Attorney
St. Louis County Attorney's Office
St. Louis County Courthouse
100 North Fifth Avenue West, Room 501
Duluth, Minnesota 55802
(218) 726-2548
Andersonn4@stlouiscountymn.gov

Attorney for Defendants St. Louis County
and Alexander Prouse