UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Brooks Hoel,
Plaintiff,

Case No. 0:25-cv-02342 (ECT/LIB)

v.

Alexander Prouse; Joseph Carter;
Doe #1; City of Proctor; and
St. Louis County,
Defendants.

# PLAINTIFF'S MEMORANDUM IN RESPONSE AND LIMITED OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR TEMPORARY STAY AND AMENDED SCHEDULING ORDER (ECF No. 76)

## I. REASONABLE PREPARATION TIME IS NOT DISPUTED

Plaintiff does not oppose reasonable preparation time for substitute County counsel. He has repeatedly offered that accommodation and remains willing to do so.

Plaintiff does oppose the broader restrictions contained in the County's proposed order, ECF No. 78.

Plaintiff filed his motions to modify the scheduling order and compel County discovery, ECF Nos. 47 and 53, before the original discovery cutoff. The Court subsequently continued their September 9 hearing and expressly provided that a replacement briefing

order, amended pretrial schedule, and hearing date arranged in consultation with the parties would follow. ECF No. 67.

Plaintiff relied on that direction, deferred further deposition arrangements and discovery motions, and awaited the revised schedule. The original deadlines have since passed.

Rather than impose another blanket interruption, Plaintiff respectfully requests that substitute counsel receive reasonable time to respond to the pending motions and that the Court then establish the schedule necessary to complete discovery.

Plaintiff does not request a ruling granting ECF Nos. 47 or 53 before substitute counsel has had an opportunity to respond.

## II. THE COUNTY'S PROPOSED ORDER WOULD RESTRICT DISCOVERY BEFORE THE EXISTING DISPUTES ARE RESOLVED

Plaintiff has already presented the County's outstanding production deficiencies and requested relief in ECF No. 53. He does not repeat those arguments here.

The practical problem is that Plaintiff must obtain and review the outstanding records—including the incident recordings and associated electronic evidence—before he can determine which witnesses require depositions and conduct those examinations meaningfully.

Paragraph 3 of ECF No. 78 would permit the County to serve written discovery responses within 30 days after the proposed stay while requiring Plaintiff to complete qualifying County depositions during that same period.

Thus, the County could provide essential information on the final day Plaintiff is authorized to use it in depositions.

The proposed schedule gives the County additional time to produce information while denying Plaintiff corresponding time to examine that information before questioning witnesses.

There is also a separate problem with the proposed response deadline.

Plaintiff maintains that his First Joint Interrogatories and Requests for Admission were served August 13, 2026, and that the applicable response deadline expired September 14 without answers or objections. The County acknowledges locating the August 13 email and attachments in former counsel's account. ECF No. 72, at 3.

Subject to the effectiveness of service and any applicable extension, Plaintiff maintains that the unanswered requests for admission became admitted under Fed. R. Civ. P. 36(a)(3), and that untimely interrogatory objections implicate Rule 33(b)(4).

The County's request for a new response deadline does not expressly seek or justify relief from the consequences of the original deadline.

If the County seeks such relief, the issue should be presented and determined expressly, with an opportunity for Plaintiff to respond—not resolved implicitly through a scheduling provision.

Plaintiff reserves those positions and does not request an immediate admissions ruling in this memorandum.

## III. THE REMAINING DISCOVERY IS NOT LIMITED TO PREVIOUSLY ANTICIPATED DEPOSITIONS

The County's proposed order would restrict depositions by reference to those Plaintiff hypothetically could have completed before the original discovery cutoff.

That restriction fails to account for the unresolved production and the scheduling interruption that followed ECF No. 67.

Plaintiff must still complete the Proctor/Carter discovery conference process and, if necessary, seek an order compelling the remaining discovery. He must also pursue outstanding Rule 45 subpoena compliance and enforcement matters, serve additional appropriate nonparty subpoenas, and review the resulting records before determining which witnesses require examination.

The Proctor Defendants' own filings demonstrate the need for a more comprehensive schedule.

In ECF No. 62, they supported an extension for depositions of Prouse, Phaneuf, Carter, and the City of Proctor's Rule 30(b)(6) representative. Their supporting declaration attached Plaintiff's correspondence agreeing to reschedule those depositions and extend the discovery deadlines while preserving his pending motions. ECF No. 63-3.

Yet ECF No. 80 now endorses the County's proposed order, which stays all proceedings but provides a supplemental deposition period specifically concerning the County Defendants, with no equivalent express provision for outstanding Proctor/Carter discovery.

Plaintiff requests that the separate Proctor discovery issues be accounted for rather than suspended without a workable means of completion.

The First Amended Complaint also already pleads municipal liability against St. Louis County and Proctor. Plaintiff intends to continue developing evidence concerning the pleaded policies, customs, supervision, training, and related institutional practices, including relevant comparable incidents.

Plaintiff further seeks to preserve the opportunity to request appropriate pleading amendments to clarify or restore claims previously presented and address additional parties or claims supported by discovery.

Those matters remain subject to the Court's determination of ECF No. 47 and any later motion for leave to amend. Plaintiff seeks no advance ruling on a proposed amendment through this response.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court decline to enter ECF No. 78 as drafted and instead:

1. Allow substitute County counsel reasonable preparation time and establish prompt briefing deadlines for responses to ECF Nos. 47 and 53, with any authorized replies and subsequent judicial consideration;

2. Establish a comprehensive amended discovery schedule accommodating outstanding County and Proctor discovery, properly presented Rule 37 motions, Rule 45 subpoena compliance and enforcement, and additional appropriate nonparty discovery;

3. Provide a reasonable deposition period following substantial completion and review of the relevant discovery, without limiting Plaintiff to hypothetical pre-continuance deposition entitlements;

4. Preserve Plaintiff's pending amendment/add-party and supplemental written-discovery requests for determination after the parties have been heard, rather than resolving them indirectly through the proposed order; and

5. Preserve disputed discovery-response consequences and confirm that all applicable evidence-preservation obligations remain effective during any scheduling interruption.

Plaintiff does not oppose reasonable accommodation for substitute counsel. He requests only that the accommodation preserve meaningful discovery, allow the pending motions to be decided on their merits, and produce a workable schedule for completing this litigation.

Dated: October 28, 2026

Respectfully submitted,

/s/ Robert Brooks Hoel
Robert Brooks Hoel
Plaintiff, In Propria Persona
General Delivery
Duluth, Minnesota
bobhoel@gmail.com